**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1050-ADA |
|     Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, | |
|     Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1051-ADA |
|     Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| CHARLES SCHWAB BANK, | |
|     Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1052-ADA |
|     Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| COMERICA BANK, | |
|     Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1053-ADA |
|     Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| FROST BANK, | |
|     Defendant. | |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1054-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| INDEPENDENT BANK, | |
| Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1055-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| INTERNATIONAL BANK OF COMMERCE, | |
| Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1056-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SOUTHSIDE BANK, | |
| Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1057-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| TEXAS CAPITAL BANK, | |
| Defendant. | |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> VANTAGE BANK TEXAS, <br><br>     Defendant. | CIVIL ACTION NO. 6:21-cv-1058-ADA <br><br> **<u>JURY TRIAL DEMANDED</u>** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> WOODFOREST FINANCIAL GROUP, INC., WOODFOREST FINANCIAL SERVICES, INC., and WOODFOREST NATIONAL BANK, <br><br>     Defendants. | CIVIL ACTION NO. 6:21-cv-1059-ADA <br><br> **<u>JURY TRIAL DEMANDED</u>** |

## ORDER

Plaintiff requested that all Defendants be ordered to provide the basis of any section 101 defense with their preliminary invalidity contentions.  Having considered the parties' positions on this dispute, the Court finds that Plaintiff's request should be granted.

It is, therefore, **ORDERED** as follows:

Each party alleging that any asserted claim does not qualify as patent-eligible subject matter ("Challenged Claim") shall serve on all parties its "Eligibility Contentions," which must contain the following information:

    (1) The class of exception to eligibility (abstract idea, law of nature, or natural phenomenon) to which each Challenged Claim is directed to and the specific abstract idea, law of nature, or natural phenomenon.

    (2) The elements of the Challenged Claims that are alleged to be well understood, routine, and conventional.

(3) If not duplicative of other prior-art based invalidity contentions, any factual basis for the contention in (2) above.

**SIGNED** on this 8th day of February, 2022.

Honorable Judge Alan D Albright
UNITED STATES DISTRICT COURT JUDGE