IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BROADWAY NATIONAL BANK<br>D/B/A BROADWAY BANK,<br><br>Defendant. | Civil Action No. 6:21-cv-1050-ADA<br><br>**JURY TRIAL DEMANDED** |

### ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Broadway National Bank's ("Broadway") Motion to Dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). ECF No. 20. Plaintiff Textile Computer Systems, Inc. ("Textile") filed an Opposition. ECF No. 28. Broadway then filed its Reply. ECF No. 31. After careful consideration of the parties' briefs and the applicable law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Broadway's Motion to Dismiss for Failure to State a Claim.

### I. FACTUAL BACKGROUND

Plaintiff Textile filed this lawsuit accusing Defendant Broadway of infringing on U.S. Patent Nos. 8,505,079 ("the '079 patent"), 8,533,802 ("the '802 patent"), 9,584,499 ("the '499 patent"), 10,148,659 ("the '659 patent") and 10,560,454 ("the '454 patent") (collectively, the "Asserted Patents"). ECF No. 1 ¶ 14. The Asserted Patents "generally pertain to payment

1

authorization technology used in payment networks" that process transactions, such as debit or credit card transactions. *Id.* ¶ 11. Textile alleges that Broadway uses a card authentication system (the "Accused Instrumentality") for its debit and/or credit cards that verifies the identity of a Broadway cardholder. *Id.* ¶ 23.

## II. LEGAL STANDARD

A 12(b)(6) motion asserts a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 547 (2007). This standard does not require "detailed factual allegations;" however, this standard does not permit accusations that are completely devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The plausibility standard requires the plaintiff to plead "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 500 U.S. at 545. Therefore, a patentee must only "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1356; *see also* 13B Fed. Proc. Forms § 52.351 (updated June 2022) (modeling a sample complaint for patent infringement that only contains: (1) an allegation of jurisdiction; (2) the plaintiff's statement of patent ownership; (3) the assertion that the defendant has infringed on the patent "by making, selling, and using" the patented product; (4) the plaintiff's statement that he notified defendant of such infringement; and (5) a demand for relief).

## III. ANALYSIS

Broadway moves to dismiss Textile's direct, indirect, and willful infringement claims in its Complaint. The Court considers those arguments below.

### A. Direct Infringement

Broadway first moves to dismiss Textile's direct infringement claims. Direct infringement occurs when "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a). The Federal Circuit's latest guidance on pleading standards for direct infringement comes from *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342 (Fed. Cir. 2021). The *Bot M8* Court affirmed-in-part and reversed-in-part an order dismissing direct infringement claims on four patents for failure to sufficiently plead. *See id.* at 1358. Critically, the opinion denounced a "blanket element-by-element pleading standard for patent infringement," favoring instead a flexible inquiry into "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id.* at 1352. The level of detail required to meet that standard depends on multiple factors, not limited to "the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353. Under any standard, however, the complaint must support its entitlement to relief with "factual content," not just conclusory allegations that the accused product(s) meet every claim limitation. *Id.*

1. ***Textile sufficiently states a claim for direct infringement.***

The product at issue in this dispute is an advanced electronic payment processing system. ECF No. 20 at 4. Textile accuses Broadway of directly infringing Claim 1 of '079 Patent, Claim 1 of the '802 Patent, Claim 3 of the '499 Patent, Claim 9 of the '659 Patent, and Claim 8 of the '454 Patent. ECF No. 1 ¶¶ 31–33, 35, 58–60, 62, 86–88, 90, 110–112, 114, 134–136, 138, 147. Broadway argues that the direct infringement allegations fail "because they require acts performed by third parties." ECF No. 20 at 4. For instance, Broadway contends that third-party credit card companies perform many of the acts underlying Textile's claims. *Id.* These credit card companies act as Token Service Providers. *Id.* at 6. From the Complaint, it appears that Broadway uses tokens to facilitate electronic transactions. ECF No. 1 at 8–9.

In response, Textile points out that the Complaint pleads that the electronic payment processing system is "hosted directly by Broadway." ECF No. 1 ¶¶ 25–27, 51–53, 78–83, 103–08, 127–32 (identifying the accused authentication/authorization system that is implemented with EMVCo compliant tokens and enables Broadway to offer services like the Apple Pay®, Samsung Pay®, and the Google Pay® service as specific instrumentalities that were used by Broadway to infringe Claim). In the alternative, Textile's Complaint asserts that these third-party credit card agents act as agents under contract to act as Token Service Providers on behalf of Broadway. ECF No. 1 ¶¶ 25–27, 51–53, 78–83, 103–08, 127–32; ECF No. 20 at 6.

The Court finds that Textile adequately pleads direct infringement. First, Textile's Complaint plausibly alleges that Broadway itself infringes on the Asserted Patents through use of its own equipment. Contrary to Broadway's argument, the claim elements likely do not require that anyone other than Broadway to practice the limitations. Textile pleads that each of the claim

4

elements may be hosted by Broadway directly. ECF No. 1 ¶¶ 25, 26, 27, 51, 52, 53, 78, 79, 80, 81, 82, 83, 103, 104, 105, 106, 107, 108, 127, 128, 129, 130, 131, 132. The U.S. Payments Forum document in the Complaint gives the inference that Broadway itself implements and/or uses the payment authorization system itself. ECF No. 28 at 5. Even so, because the Court has not construed the claims and because the parties have not engaged in discovery, it is premature for this Court to hold that the claims in the Asserted Patents require acts of third parties that Textile is incapable of performing. *See BillJCo, LLC v. Cisco Systems, Inc.*, No. 2:21-CV-181, 2021 WL 6618529, at *4 (E.D. Tex. Nov. 30, 2021) ("At the 12(b)(6) stage, the parties have neither completed claim construction discovery nor briefed claim construction related issues. The Court therefore declines to determine at this juncture whether asserted method claims require multiple steps or which actors must perform those steps.").

Even if the claims do require the acts of third parties, Textile adequately pleads joint infringement. To successfully plead joint infringement, plaintiffs must present factual allegations leading to a "reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction or control" over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016). First, Textile adequately pleads the "direction or control" by Broadway through its use of its agents' equipment. While "direct infringement by use of a system claim requires a party to use each and every element of the claimed system," the claim "does not require a party to 'exercise physical or direct control over each individual element of the system." *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011) (internal quotation marks and brackets omitted); *Georgetown*

5

*Rail Equipment Co. v. Holland L.P.*, 867 F.3d 1229, 1239 (Fed. Cir. 2017). Since Textile's Complaint shows that Broadway offers "digital wallet" products that are alleged to utilize token service providers, it is plausible that Broadway contracted with such a provider. Due to the complexity and interconnectivity of these systems, it is also plausible that these providers are Broadway's agents who provide their services at the direction and control of Broadway.

Alternatively, Textile also likely satisfies the "joint enterprise" prong from *Lyda*. Textile alleges that Broadway infringes through joint enterprise with its agents, affiliates, retailers, and business partners. ECF No. 28 at 8. These allegations appear in paragraph 3, 4, and 6 of its Complaint. Specifically, Textile alleges that Broadway and its affiliates "are part of an interrelated group of companies which together comprise one of the country's largest banking and financial service entities," that are "part of the same corporate structure for the making, offering, and using of the accused instrumentalities," and that Broadway and its affiliates "regularly contract with customers and other financial institutions and payment networks regarding equipment or services that will be provided by their affiliates on their behalf." ECF No. 1 ¶ 3, 4, 6. Textile also alleges that Broadway "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentality in a manner that infringes[.]" *Id.* ¶ 148. Accepting hese facts as true and viewing them in the light most favorable to Textile, the Court finds that Textile has adequately pleaded joint infringement. By alleging that Broadway regularly contracts with customers and other financial institutions to infringe on the Asserted Patents, Textile has adequately pleaded that the actors form a joint enterprise such that every step is attributable to Broadway. Although Textile does not use the magic words "joint

infringement," its Complaint nevertheless gives rise to the inference that infringement by the joint enterprise is attributable to Broadway.

In sum, Textile has satisfied the *Twobly/Iqbal* standard for pleading direct infringement. First, Textile alleged infringing products by specifically identifying Broadway products and services. ECF No. 1 ¶¶ 23, 24, 31, 32, 49, 50, 58, 59, 76, 77, 86, 87, 101, 102, 110, 111, 125, 126, 134, 135. Second, it alleged that Broadway infringed each element of the claims with the accused payment authorization systems. *Id.* ¶¶ 24–30, 50–57, 77–85, 102–109, 126–133. Third, it supported those accusations with screenshots to show Broadway the accused payment authorization system involved in Broadway's infringement. *Id.* ¶¶ 23, 49, 76, 101, and 125. Fourth, Textile specifically identified the features in the payment authorization system that were involved. *Id.* ¶¶ 23, 49, 76, 101, 125. Courts have held that satisfying those requirements is sufficient to plead direct infringement. *See Dynocom Indus. v. Mainline Automotive Equip. Pty. Ltd.*, No. 2:16-cv-00553, 2017 U.S. Dist. LEXIS 40350 (E.D. Tex. Feb. 14, 2017). At the pleading stage, Textile is not required to prove its case. Rather, it must make sufficient factual assertions to state a claim for relief that is plausible on its face. It has done so here.

2. **Textile sufficiently states a claim that Broadway put its invention into service.**

Broadway insists that the central issue is whether the party "put the invention into service." ECF No. 31 at 4 (quoting *George Town Rail*, 867 F.3d at 1239). The central theory is that the customer, not Broadway, uses the system with "Apple Pay®, Google Pay®, and Samsung Pay®." ECF No. 31 at 3–4 (quoting ECF No. 1 ¶ 23). Broadway's website does not state that these third parties must use the system. *See* ECF No. 1 ¶ 23 ("[The customer] *can* use [the digital wallet] with Apple Pay®, Google Pay®, and Samsung Pay®.") (emphasis added). There are sufficient

7

allegations within the Complaint that Broadway put a system for processing electronic payments into service. *See Id.* ¶ 51–53, 78–83, 103–08, 127–32. Discovery on this issue, especially evidence relating to the program itself, should reveal whether Broadway put the invention into service. The Court's Broadway's arguments unpersuasive.

### B. Induced Infringement

Broadway also moves to dismiss Textile's induced infringement claims. To state a claim for induced infringement, Textile must first identify an act of direct infringement. *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304–05 (Fed. Cir. 2002). Further, the complaint must plausibly plead that the defendant (1) knew of the patent; (2) knowingly induced the infringing acts; and (3) possessed a specific intent to encourage another's infringement of the patent. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Circumstantial evidence may suffice to prove specific intent. *MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). Broadway argues that the Complaint does not adequately plead both knowledge of the asserted patents and a specific intent to encourage infringement. ECF No. 20 at 9.

Textile has not adequately pleaded induced infringement. The basis for pre-suit knowledge of the asserted patents are letters sent to the then Chief Executive Officer of Broadway and then Executive Vice President. The letters purportedly "described certain implementations of the patented technology" and "specifically identified" both the '079 Patent and the '802 Patent. ECF No. 1. ¶¶ 40–42, 67–69. The Court finds that those letters are sufficient to satisfy the knowledge requirement of the '079 and the '802 Patents. But they entirely fail to mention the '499 Patent, '659 Patent, or '454 Patent. Because it did not even plead knowledge of those patents, Textile did not properly allege inducement for those three patents.

As for the '079 and the '802 Patents, the Court finds that Textile adequately alleges specific intent. Broadway complains that Textile neither identifies the specific third parties nor specific acts taken by Broadway. But the Complaint describes several specific acts. For example, Textile alleges that Broadway was "among other things, advising or directing customers and end users to use the Accused Instrumentality in an infringing manner; advertising and promoting the use of the Accused Instrumentality in an infringing manner; and/or distributing instructions that guide users to use the Accused Instrumentality in an infringing manner." *Id.* ¶ 149. Textile also included screenshots of instructions on how to use Broadway's debit card services, how to pay using a mobile phone, and a direction to use Apply Pay, Google Pay, and Samsung Pay. *Id.* ¶¶ 23, 49, 76, 101, 125. An allegation that a party, upon having knowledge of the patent and the alleged infringing acts, provided instructions on how to use a product in an infringing manner is sufficient to show a specific intent to induce infringement. *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014) ("Providing instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement.").

Accordingly, the Court finds that Textile has adequately pleaded induced infringement for the '079 and the '802 Patents. Textile has not, however, adequately pleaded induced infringement for the '499 Patent, '659 Patent, and '454 Patent. The Court agrees will follow its "usual practice" of dismissing without prejudice the inducement claims for the '499 Patent, '659 Patent, or '454 Patent while allowing Textile to amend its Complaint after beginning fact discovery to re-add those claims. *See BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *9 (W.D. Tex. Feb. 1, 2022) (noting that "it may be impossible for [plaintiffs] to allege any pre-suit knowledge without fact discovery").

9

C. Contributory Infringement

Broadway also moves to dismiss Textile's contributory infringement claims. To state a claim for contributory infringement, a complaint must plead (1) knowledge of the patent, (2) knowledge of the acts alleged to be infringement, and (3) that the item provided by the defendant is not suitable for substantial non-infringing use. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1356-57 (Fed. Cir. 2018); *Lifetime Indus. v. Trim-Look, Inc.*, 869 F.3d 1372, 1381 (Fed. Cir. 2017). This Court in *Modern Font Applications LLC v. Red Lobster Hospitality LLC* added a fourth requirement that the plaintiff must plead (4) that the accused product is a material part of the invention. No. 6:21-cv-4702022, U.S. Dist. LEXIS 120759 (W.D. Tex. Jan. 28, 2022). Broadway moves to dismiss Textile's contributory infringement claims as to the '499 Patent, '659 Patent, and '454 Patent. It argues that Textile has failed to adequately plead knowledge of those patents and that Textile cannot allege facts showing the debit and/or credit cards have no substantial non-infringing uses.

Textile responds first by incorporating its discussion of induced infringement to argue that it adequately pleaded knowledge of the Asserted Patents. But as explained above, Textile did not adequately plead knowledge of the '499 Patent, '659 Patent, and '454 Patent. Thus, Textile has failed to even satisfy the first requirement. For the substantial non-infringing use prong, Textile highlights that the Complaint contains allegations that Broadway's product has "special features . . . that have no substantial uses other than [to] infringe" on the '079, '802, '499, '659, and '454 Patents. ECF No. 1 ¶ 157; ECF No. 28 at 14. These special features appear to secure authorization of specific transactions without the need to provide a credit or debit card number to the merchant. *Id.* ¶ 158. However, Broadway asserts that the Complaint fails to assert that the card's allegedly

10

infringing uses are the defining features of the card. *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327–28 (Fed. Cir. 2009) (affirming summary judgment of no contributory infringement because "no reasonable jury could find [the accused product's noninfringing use] is an insubstantial use"). ECF No. 20 at 13.

The Court agrees with Broadway. The Complaint fails to show how the accused products have no substantial non-infringing use or are specially made or adapted for infringing use outside of a threadbare statement that the cards authorize transactions that infringe. For this reason, the Court finds that the Complaint does not contain sufficient factual allegations to support Textile's contributory infringement claim. But as it did above, the Court will follow its "usual practice" of dismissing without prejudice the contributory infringement claims, while allowing Textile to amend its Complaint after beginning fact discovery to re-add those claims. *BillJCo, LLC*, 2022 WL 299733, at *9.

### D. Willful Infringement

Lastly, Broadway moves to dismiss Textile's willful infringement claims. To allege willful infringement, the plaintiff must plausibly allege "subjective willfulness of a patent infringer." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). This standard requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019); *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017). This Court has rejected the contention that plaintiffs must also allege how a defendant's

conduct was "egregious." *BillJCo, LLC*, 2022 WL 299733, at *14–15. Rote recitations of the elements of a willfulness claim are insufficient. *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-1001-ADA, 2022 U.S. Dist. LEXIS 76297, at *13 (W.D. Tex. Feb. 4, 2022) ("This merely recites the elements of a willfulness claim."). Broad legal conclusions cannot support a willful infringement claim. *Inhale, Inc. v. Gravitron, LLC,* Case No. 1-18-cv-762-LY, 2018 WL 7324886, at *3 (W.D. Tex. Dec. 10, 2018) (granting dismissal where plaintiff only asserted "'legal conclusion[s] couched as … factual allegation[s]' that the court need not accept as true.") (alterations in original) (quoting *Twombly,* 550 U.S. at 555).

This Court has made a distinction between pre- and post-suit willfulness and has held that the filing of the complaint establishes the notice needed to render a plaintiff's post-suit willfulness claim plausible. *BillJCo*, 2022 U.S. Dist. LEXIS 17605, at *13–14. To show pre-suit willful infringement, the Court will typically require that the defendant receives a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents. *Parity Networks,* 6:19-CV-00207-ADA, 2019 WL 3940952, at *8.

### 1. Pre-suit Willfulness

Textile alleges that Broadway has had actual knowledge of the '079 Patent since Broadway was notified of the Patent when Textile filed its action. ECF No. 1 ¶ 43. The Court determines the existence of pre-suit knowledge for willfulness under the totality of the circumstances. *WCM Indus., Inc. v. IPS Corp.*, 721 Fed. App'x 959, 970 (Fed. Cir. 2018). Here, Textile alleges in its Complaint that on November 10, 2014, Textile sent two letters to Broadway. *Id.* ¶ 42. Textile sent one letter to then Chief Executive Officer of Broadway. *Id.* The second one was to the then Executive Vice President of Broadway. *Id.* The Complaint alleges that Broadway had actual

knowledge of the '802 Patent as of October 18, 2013, since Textile sent a letter to the CEO. *Id.* ¶ 67. Furthermore, Textile alleges that it sent additional letters to Broadway which highlighted the '079 and '802 Patents on October 18, 2013, and October 25, 2013, respectively. *Id.* ¶¶ 40–41, 68.

This Court has held similar allegations of knowledge to be sufficient when pleading willfulness. These facts are similar to those of *Parity Networks*. In that case, the plaintiffs alleged that the defendant received a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents. *See Parity Networks,* 6:19-CV-00207-ADA, 2019 WL 3940952, at *8. The same is true here. Textile alleged that it sent two notice letters concerning the '079 Patent and the '802 Patent, both of which identified those patents, the accused products, and the possibility of infringement.

Concerning the '079 Patent and the '802 Patent, this Court finds, after viewing the allegations in the light most favorable to the plaintiff, Textile has sufficiently alleged knowledge for pre-suit willfulness. With respect to any claims of pre-suit willfulness for the remaining patents, those claims must fail. But as it did above, the Court will follow its "usual practice" of dismissing without prejudice the willful infringement claims for the '499 Patent, '659 Patent, and '454 Patent, while allowing Textile to amend its Complaint after beginning fact discovery to re-add those claims. *BillJCo, LLC*, 2022 WL 299733, at *9.

### 2. Post-suit Willfulness

Broadway insists that Textile must allege "egregious infringement behavior . . . or conduct that could even charitably be viewed as characteristic of a pirate." ECF No. 20 at 15 (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016)) (internal quotations omitted). This Court does not require such a showing at the pleading stage. The Federal Circuit has clarified that

13

"under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323 (Fed. Cir. 2021). Instead, "egregiousness" is something for the court to consider in exercising its discretion to enhance damages after the jury finds willfulness. *See SRI Int'l, Inc*, 14 F.4th at 1329–30 ("To eliminate the confusion created by our reference to the language 'wanton, malicious, and bad-faith' in *Halo*, we clarify that it was not our intent to create a heightened requirement for willful infringement. Indeed, that sentence from *Halo* refers to 'conduct warranting enhanced damages,' not conduct warranting a finding of willfulness.").

As for Broadway's argument that Textile failed to allege that Broadway "had notice that its conduct amounted to any alleged infringement of the Asserted Patents," the Court disagrees. ECF No. 20 at 15. Instead, the Court finds, when viewing the allegations in a light most favorable to Textile, that the filing of the Complaint establishes the notice required for a plausible inference of willfulness. *BillJCo, LLC*, 2022 WL 299733, at *9–10 ("Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim.). Broadway's motion to dismiss post-suit willful infringement claims is therefore denied.

## IV. CONCLUSION

For those reasons, the Court rules as follows:

- The Court **DENIES** Defendant's Motion to Dismiss Textile's direct infringement claims as to all the Asserted Patents.

- The Court **DENIES** Defendant's Motion to Dismiss Textile's pre-suit induced infringement and willful infringement claims for the '079 Patent and the '802 Patent.

- The Court **DISMISSES WITHOUT PREJUDICE** Textile's pre-suit induced infringement and willful infringement claims for the '499 Patent, '659 Patent, and the '454 Patent. However, Textile is allowed to amend its Complaint and re-plead pre-suit induced infringement and willful infringement claims if it can elicit sufficient facts during fact discovery to support such allegations.

- The Court **DENIES** Defendant's Motion to Dismiss post-suit willful infringement claims as to all the Asserted Patents.

- The Court **DISMISSES WITHOUT PREJUDICE** Textile's contributory infringement claims as to all the Asserted Patents. However, Textile is allowed to amend its Complaint and re-plead contributory infringement claims if it can elicit sufficient facts during fact discovery to support such allegations.

SIGNED this 5th day of August, 2022.

                                            ALAN D ALBRIGHT
                                            UNITED STATES DISTRICT JUDGE