# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>BROADWAY NATIONAL BANK D/B/A BROADWAY BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1050-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES SCHWAB BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1051-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>COMERICA BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1052-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>FROST BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1053-ADA<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INDEPENDENT BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1054-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BANK OF COMMERCE, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1055-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHSIDE BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1056-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEXAS CAPITAL BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1057-ADA <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VANTAGE BANK TEXAS, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1058-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WOODFOREST FINANCIAL GROUP, INC., WOODFOREST FINANCIAL SERVICES, INC., and WOODFOREST NATIONAL BANK, <br><br> Defendants. | CIVIL ACTION NO. 6:21-cv-1059-ADA <br><br> **JURY TRIAL DEMANDED** |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted to the Court by email.

**Textile's Position:**

Textile previously asked the Court to require defendants to identify each third party with whom they entered contracts under which digital wallet services are made available to their account holders before Markman. Although the Court denied that request, Defendants were expressly put on notice (during the hearing on this issue before Judge Gilliland) that their initial disclosures should include this information: "THE COURT:  . . . But I will point out that the OGP requires initial disclosures to be made one day after Markman.  And I do expect these third parties and at least a description of their involvement in the instrumentalities at issue to be included in those initial disclosures provided one day after Markman. And if, Mr. Antonelli, you don't see

those in there, reach out to us, and we'll accommodate any problems to make sure you get that information as quickly as possible at the beginning of the discovery period." Dkt. 43 at 25:12-21 [4/23/22 Transcript of Hearing before Judge Gilliland].

Defendants primarily argued during meet and confer that they were not required to provide this information in their initial disclosures because Judge Gilliland recused, and his statements quoted above were not part of the Court's order. But that does not change the fact that defendants were expressly put on notice of what their initial disclosures should include and that they chose not to meet their obligations.

The relief sought by Textile is the right result because an identification of the key third parties is especially important in this case. Defendants themselves have said that they are unable to provide technical and other crucial discovery. Textile thus needs to promptly serve subpoenas on relevant third parties (who may in turn identify other relevant third parties from whom discovery will need to be obtained.) During meet and confer, some defendants also defended their initial disclosures on the ground that they did identify some third parties. But those "identifications" are vague and fail to specify the third parties with whom defendants have entered contracts under which digital wallet services are made available to their account holders. Moreover, Textile explained to defendants that there would be no dispute if they would simply identify those third parties clearly. No defendant agreed to do so.

**Requested Relief:**

Within one week, defendants must identify each third party with whom they entered contracts under which digital wallet services are made available to their account holders.

**Defendants' Position:**

As Plaintiff admits, Defendants identified third-parties Apple, Google, and Samsung in

their initial disclosures, including that they may have discoverable information about their third-party digital wallets. Defendants also identified third-party Visa. There is nothing vague or unclear about these disclosures, which comply with Rule 26(a), and no deficiency.

Further, there is no order or rule requiring the additional disclosures Plaintiff seeks, and such information is not required in initial disclosures under Rule 26(a). Moreover, Plaintiff already asked for this information in interrogatories served the day after the Markman hearing, and served notices of subpoenas to third-parties Apple, Google, Samsung, Visa, Mastercard, Fiserv, and Unified Patents before filing this motion.

Nothing in the Court's rules requires the detailed disclosures Plaintiff seeks and, indeed, Plaintiff's request plainly exceeds the scope of Rule 26(a). (Order Governing Proceedings 4.1 ("OGP"); Fed. R. Civ. P. 26(a)). As Textile admits, it made a similar request for third-party information prior to Markman, which the Court expressly denied. (April 14, 2022 W. Melsheimer Email ("The Court denies the requested relief.")). That request was initially heard by Judge Gilliland and, after learning that "plaintiff's counsel may have provided Judge Gilliland with information pertaining to this case," the Court cancelled both its Order of Limited Referral and "any Orders issued on the record at the April 11, 2022 hearing" before Judge Gilliland. (April 13, 2022 W. Melsheimer Email).

Yet, now, Plaintiff relies on dicta from Judge Gilliland stating that he would expect initial disclosures to include the identification of third-parties and a description of their involvement. (Dkt. 43 in 21-cv-1050, April 11, 2022 Tr. at 25:12-21). Judge Gilliland instructed Plaintiff to prepare a proposed Order for his consideration. (Id. at 25:23-25). Plaintiff never submitted a proposed order, and the Court denied Plaintiff's request in its entirety. (See April 14, 2022 W. Melsheimer Email).

Importantly, the OGP and the controlling Amended Scheduling Orders provide only that initial disclosures must be made pursuant to Rule 26(a).  (See Dkt. 64 in 21-cv-1050 at 4).  That Rule requires the provision of only "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subject of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." (Fed. R. Civ. P. 26(a)).  Rule 26(a) is limited to information that the defendants may use to support their claims or defenses, not the detailed identifications Plaintiff seeks for its own purposes.

There is no basis to grant Plaintiff's request.  Moreover, on August 30, 2022, Plaintiff propounded interrogatories on Defendants seeking, inter alia, the identification of "any contract that you entered with any Accused Instrumentality provider" and "each contract that you entered relating to any Accused Instrumentality."  Asking the Court to misinterpret Rule 26(a) to exceed its plain scope is not a proper means to obtain such discovery.

**Requested Relief:**

Plaintiff's request for additional disclosures exceeds the requirements of Rule 26(a) and its motion is denied.

## Decision

The requested scope of discovery appears to be reasonable to the Court. Thus, the Court adopts Textile's proposal.

The Court **ORDERS** Defendants to, within one week, identify each third party with whom they entered contracts under which digital wallet services are made available to their account holders.

**SIGNED** this 15th day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE