# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1050-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMERICA BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1052-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FROST BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1053-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

The affirmative defenses alleged by Defendants Broadway National Bank ("Broadway"), Comerica Bank ("Comerica"), and Frost Bank ("Frost") (collectively, "Defendants") fully comply with the fair notice requirement of Federal Rule of Civil Procedure 8(c). And, although Plaintiff Textile Computer Systems, Inc. ("Plaintiff") characterizes those waiver, acquiescence, and equitable estoppel affirmative defenses as "boilerplate," Plaintiff is well aware that each defense arises from and is supported by Plaintiff's own allegations against Defendants regarding notice letters Plaintiff claims to have sent in 2013.

Defendants are permitted to rely on Plaintiff's factual allegations to support their affirmative defenses. Both Plaintiff's Complaints and its arguments in response to Defendants' Motions to Dismiss rely, in part, upon express allegations that Defendants failed to act upon Plaintiff's actual notice of its claims of infringement, yet Plaintiff failed to act upon such notices and allegations for a period of over eight years. *See*, *e.g.*, ECF 1 in Case No. 21-cv-1050, Complaint against Broadway at ¶¶ 40-41 and 67-68 (alleging multiple letters sent in October 2013); ECF 1 in Case No. 21-cv-1052, Complaint against Comerica at ¶¶ 40 and 66 (alleging a letter sent in October 2013); ECF 1 in Case No. 21-cv-1053, Complaint against Frost at ¶¶ 40 and 66 (alleging a letter sent in October 2013). Plaintiff's counsel confirmed its allegations at the August 5, 2022 hearing on Defendants' Motion to Dismiss, stating:

> MR. ANTONELLI: So the only allegations that we made -- they were limited, and *the only time we alleged pre-suit indirect infringement*, either contributory or inducement *and, for that matter, the only time we alleged pre-suit willfulness was if we sent a letter. And the only allegations that we sent letters were to Broadway, Comerica, Frost and IBC.*

ECF 61 in Case No. 21-cv-1050, Aug. 5, 2022 Hearing Tr. at 41:21-42:2 (emphasis added). Based upon Plaintiff's allegations, the Court declined to strike Plaintiff's pre-filing induced infringement and willful infringement claims. ECF 58 in Case No. 21-cv-1050, Order at pp. 8, 12-13; ECF 58 in Case No. 21-cv-1052; ECF 49 in Case No. 21-cv-1053. Plaintiff's statements alone provide a

basis not to strike Defendants' waiver, acquiescence, and equitable estoppel defenses.

It would be unfairly prejudicial for Plaintiff to be permitted to use its 2013 letter allegations as a sword to allege infringement (and retain its infringement allegations) while, at the same time, precluding Defendants from relying upon the very same allegations in support of the affirmative defenses of waiver, acquiescence, and equitable estoppel. Just as Plaintiff relies upon its allegations of its 2013 letters to provide factual support for its claim that Defendants had actual notice, purportedly induced others to infringe, and allegedly willfully infringed, Defendants properly rely upon the very same 2013 letter allegations to support their defenses. Plaintiff knew of Defendants' alleged infringement and failed to pursue those claims for over eight years, from when Plaintiff allegedly sent the letters in October 2013 to when it filed suit in October 2021, giving rise to the asserted defenses of waiver, acquiescence, and equitable estoppel.[1] *See, e.g., Radio Sys. Corp. v. Tom Lalor & Bumper Boy, Inc.*, 709 F.3d 1124, 1130, 1133 (Fed. Cir. 2013) (affirming equitable estoppel where "[plaintiff] unquestionably misled [defendant] through its 2005 demand letter and subsequent silence for over four and a half years.").

Plaintiff's Motion to Strike should be denied.

## I. Legal Standard.

A plaintiff is entitled to "fair notice" of the defenses that a defendant intends to raise. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of

---

[1] Plaintiff misleadingly argues that "[o]ther defendants in the related cases agreed to dismiss these and similar equitable defenses." ECF 73 in Case No. 21-cv-1050, Motion to Strike at p. 2. However, unlike Defendants here, Textile does not allege that it sent notice letters to any of those other defendants. *Compare* ECF 72 in Case No. 21-cv-1050, Joint Notice at 2 (withdrawals of certain affirmative defenses by each of Independent Bank, Southside Bank, Texas Capital Bank, & Vantage Bank Texas) *with* ECF 61 in Case No. 21-cv-1050, Aug. 5, 2022 Hearing Tr. at 42:1-2 ("…the only allegations that we sent letters were to Broadway, Comerica, Frost…").

unfair surprise." *Id.*  As acknowledged by this District, "'merely pleading the name of the affirmative defense' may be sufficient." *Dyson v. Stuart Petroleum Testers, Inc.*, Case No. 1:15-cv-282 RP, 2015 WL 4935527, at *2 (W.D. Tex. Aug. 18, 2015) (citing *Woodfield*, 193 F.3d at 362).  As set forth herein, Plaintiff Textile is fully aware of the facts supporting Defendants' affirmative defenses and cannot legitimately allege unfair surprise.

### II. Plaintiff Has Fair Notice that Defendants' Affirmative Defenses Arise from Plaintiff's Own Allegations – Including its Admitted Eight-Year Delay.

Plaintiff's Motion to Strike effectively seeks to impose a *Twombly/Iqbal* heightened pleading standard to affirmative defenses, which is neither the rule in the Fifth Circuit nor in this District.  *See*, *e.g.*, *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014); *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 546 Fed. App'x 458, 465 (5th Cir. 2013); *Patai v. Marquez Constr. & Maint.,* Case. No. MO:19-cv-281-DC, 2021 WL 1432698, at *2 (W.D. Tex. Mar. 2, 2021) ("[P]recedent from this District has relied on these Fifth Circuit decisions and concluded that the fair notice standard is the applicable pleading standard for affirmative defenses." (citing cases, including, *Dyson*, 2015 WL 4935527, at *3)).

As counsel for the Parties discussed during their meet and confer in advance of Plaintiff's Motion to Strike, and as reiterated here, Defendants' affirmative defenses are founded upon Plaintiff's own allegations of actual notice.  Plaintiff cannot feign surprise as it unquestionably has fair notice of its own allegations and how they relate to the affirmative defenses being challenged here.[2]

---

[2]  *See also, Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (quoting CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1274 (3d ed. 2008)) ("As numerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense.").

Further, in the event the Court finds that it is preferable for Defendants to expressly reference their reliance upon Plaintiff's factual allegations from its Complaint in the affirmative defenses, Defendants seek leave to amend the affirmative defenses as follows:[3]

Broadway, as its Fourth Affirmative Defense:

Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, and/or acquiescence. Plaintiff alleges that it sent Defendant letters regarding certain of the Asserted Patents in October 2013, yet did not pursue any claims for alleged infringement of those Asserted Patents until eight years later when it ultimately filed its Complaint in October 2021. Plaintiff's act, delaying eight years before pursuing any claims for alleged infringement, constitutes a waiver of its allegations for those Asserted Patents, demonstrates Plaintiff's acquiescence to Defendant's alleged infringement, and/or results in Plaintiff being estopped from alleging such infringement now.

Comerica, as its Third Affirmative Defense:

Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, and/or acquiescence. Plaintiff alleges that it sent Defendant a letter regarding certain of the Asserted Patents in October 2013, yet did not pursue any claims for alleged infringement of those Asserted Patents until eight years later when it ultimately filed its Complaint in October 2021. Plaintiff's act, delaying eight years before pursuing any claims for alleged infringement, constitutes a waiver of its allegations for those Asserted Patents, demonstrates Plaintiff's acquiescence to Defendant's alleged infringement, and/or results in Plaintiff being estopped from alleging such infringement now.

Frost, as its Sixth Affirmative Defense:

Plaintiff is barred from recovery in whole or in part by the doctrines of equitable estoppel or waiver. Plaintiff alleges that it sent Defendant a letter regarding certain of the Asserted Patents in October 2013, yet did not pursue any claims for alleged infringement of those Asserted Patents until eight years later when it ultimately filed its Complaint in October 2021. Plaintiff's act, delaying eight years before pursuing any claims for alleged infringement, constitutes a waiver of its allegations for those Asserted Patents, demonstrates Plaintiff's acquiescence to Defendant's alleged infringement, and/or results in Plaintiff being estopped from alleging such

---

[3]   During the meet and confer, Plaintiff was not amenable to considering any amendment to the subject affirmative defenses. Plaintiff instead insisted upon Defendants' withdrawal of their defenses without prejudice.

infringement now.

### III. Plaintiff's Attempted Reliance on *Castlemorton* is Misplaced.

Plaintiff's Motion to Strike cites to, and appends a portion of, a hearing transcript from two unrelated cases brought by Castlemorton Wireless, LLC. *See* ECF 73-3 in Case No. 21-cv-1050, Aug. 11, 2020 Hearing Tr. in Case Nos. 6:20-cv-24-ADA and 6:20-cv-35-ADA.

The *Castlemorton* cases do not support Plaintiff's Motion to Strike as each was decided on materially different facts from those at issue here. In particular, neither *Castlemorton* case involved any allegations regarding pre-filing notice or alleged prior knowledge – as Plaintiff Textile alleges in its Complaints. *See, e.g.*, ECF 1 in Case No. 6:20-cv-24-ADA, Complaint at ¶ 87 ("Charter has had knowledge of the '421 patent since at least service of this Complaint…"); July 25, 2020 Docket Entry Order in Case No. 6:20-cv-35-ADA (no facts to support pre-suit knowledge); *see also* ECF 73-3 in Case No. 21-cv-1050.

Here, not only does Plaintiff allege pre-filing notice, but the Court also accepted those allegations when permitting Plaintiff's claims of pre-filing inducement and willful infringement to proceed. ECF 58 in Case No. 21-cv-1050, Order at pp. 8, 12-13. The *Castlemorton* reasoning does not fit the facts here.

### IV. Defendants Are Entitled to Rely Upon Plaintiff's Own Allegations.

Contrary to Plaintiff's argument, Defendants' answers simply provided that Defendants were unable to confirm receipt of the letters that Plaintiff contends it sent to the Defendants some eight years earlier. For example, Broadway responded to the allegations by noting that it conducted an investigation, it was unable to ascertain sufficient knowledge or information regarding the two letters Plaintiff purportedly sent over eight years ago (to two persons no longer employed by Broadway), and it therefore denied Plaintiff's 2013 letter allegations.

> 41. Defendant, having conducted a reasonable investigation in response to Plaintiff's allegations set forth in 41 of the Complaint, including allegations regarding an alleged "a letter to Jeff Foote," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 41 of the Complaint.

ECF 67 in Case No. 21-cv-1050, Broadway Answer at ¶ 41; *see also id.* at ¶¶ 40 and 67-68. Defendant Comerica, similarly, stated that it "is without sufficient knowledge or information to form a belief as to the truth of" Plaintiff's 2013 letter allegations, and therefore denied those allegations. ECF 64 in Case No. 21-cv-1052, Comerica Answer at ¶¶ 40 and 66.[4]  Defendants would likely have not encountered such challenges ascertaining facts related to Plaintiff's 2013 letter allegations had Plaintiff not waited and delayed for eight years before filing suit.

Moreover, for the purposes of Defendants' challenged affirmative defenses, Defendants are entitled to rely upon Plaintiff's 2013 letter allegations to support their waiver, acquiescence, and equitable estoppel affirmative defenses.

## V.  Conclusion.

For the foregoing reasons, Defendants respectfully submit that the Court should deny Plaintiff's Motion to Strike or, in the alternative, grant Defendants leave to amend their waiver, acquiescence, and equitable estoppel affirmative defenses as set forth above.

Additionally, in the event that the Court grants Plaintiff's Motion, Defendants respectfully request that the Court: (i) instruct the Parties that fact discovery is permitted on those defenses during the three months after the Court's Order; and (ii) grant Defendants leave to re-plead those

---

[4]  Frost denied Plaintiff's 2013 letter allegations without qualification. ECF 54 in Case No. 21-cv-1053, Frost Answer at ¶¶ 40 and 66.

defenses no later than three months after the Court's Order.[5]

| | |
|---|---|
| Dated: September 20, 2022 | Respectfully submitted, |
| | /s/ *Nick E. Williamson* |
| | Michael C. Smith |
| | Walker Steven Young (*pro hac vice*) |
| | SCHEEF & STONE, LLP |
| | 113 East Austin St. |
| | Marshall, TX  75670 |
| | Telephone: (903) 938-8900 |
| | michael.smith@solidcounsel.com |
| | |
| | Paige Stradley (*pro hac vice*) |
| | Rachel Zimmerman Scobie (*pro hac vice*) |
| | Jeffrey Blake (*pro hac vice*) |
| | MERCHANT & GOULD P.C. |
| | 150 S. Fifth Street, Suite 2200 |
| | Minneapolis, MN 55402 |
| | pstradley@merchantgould.com |
| | rscobie@merchantgould.com |
| | jblake@merchantgould.com |
| | |
| | David A. Roodman (*pro hac vice*) |
| | Nick E. Williamson (*pro hac vice*) |
| | George G. Brell (*pro hac vice*) |
| | BRYAN CAVE LEIGHTON PAISNER LLP |
| | One Metropolitan Square |
| | 211 North Broadway, Suite 3600 |
| | St. Louis, MO 63102 |
| | Telephone: (314) 259-2000 |
| | daroodman@bclplaw.com |
| | nick.williamson@bclplaw.com |
| | George.Brell@bclplaw.com |
| | |
| | *Attorneys for Defendant Broadway National Bank in connection with allegations in Case No. 21-1050* |

---

[5]   Defendants note that, under the Court's Amended Scheduling Orders, their current deadline to amend pleadings without seeking leave is December 20, 2022.  *See*, *e.g.*, ECF 64 in Case No. 6:21-cv-1050 at p.4.

/s/ *Jeffrey Blake*
Michael C. Smith
Walker Steven Young (*pro hac vice*)
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Paige Stradley (*pro hac vice*)
Rachel Zimmerman Scobie (*pro hac vice*)
Jeffrey Blake (*pro hac vice*)
MERCHANT & GOULD P.C.
150 S. Fifth Street, Suite 2200
Minneapolis, MN 55402
pstradley@merchantgould.com
rscobie@merchantgould.com
jblake@merchantgould.com

Richard L. Brophy (*pro hac vice*)
Marc Vander Tuig (*pro hac vice*)
Wenkai Tzeng (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Tel: (314) 621-5070
Fax: (314) 621-5065
rbrophy@atllp.com
mvandertuig@atllp.com
wtzeng@atllp.com

*Attorneys for Defendant Comerica Bank in connection with allegations in Case No. 21-1052*


/s/ *Morgan G. Mayne*
Christa Brown-Sanford
Texas Bar No. 24045574
Morgan G. Mayne
Texas Bar No. 24084387
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201

9

Telephone: (214) 953-6500
Facsimile: (214) 953-6503
christa.sanford@bakerbotts.com
morgan.mayne@bakerbotts.com

M. Natalie Alfaro Gonzales
Texas Bar No. 24069286
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002-4995
Tel: (713) 229-1318
Facsimile: (713) 229-7718
natalie.gonzales@bakerbotts.com

*Attorneys for Defendant*
*Frost Bank in*
*connection with allegations in*
*Case No. 21-1053*

10

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on September 20, 2022.

By: <u>*/s/ Nick E. Williamson*</u>