# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1050-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES SCHWAB BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1051-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COMERICA BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1052-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FROST BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1053-ADA <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br> INDEPENDENT BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1054-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BANK OF COMMERCE, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1055-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br> SOUTHSIDE BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1056-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br> TEXAS CAPITAL BANK, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1057-ADA <br><br> **JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br> v. <br><br> VANTAGE BANK TEXAS, <br><br> Defendant. | CIVIL ACTION NO. 6:21-cv-1058-ADA <br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WOODFOREST FINANCIAL GROUP, INC., WOODFOREST FINANCIAL SERVICES, INC., and WOODFOREST NATIONAL BANK,<br><br>Defendants. | CIVIL ACTION NO. 6:21-cv-1059-ADA<br><br>**JURY TRIAL DEMANDED** |

# UNIFIED PATENTS' MOTION TO QUASH

**TABLE OF CONTENTS**

I. Introduction ............................................................................................................1

II. Factual Background ...............................................................................................1

    A. Unified Patents ..........................................................................................1

    B. The '079 IPR .............................................................................................2

    C. The subpoenas and their alleged relevance ..............................................3

III. Legal Standard .......................................................................................................4

IV. Argument ...............................................................................................................5

    A. Textile's subpoenas are overbroad and unduly burdensome ....................5

    B. Textile's subpoenas are not relevant .........................................................7

        1. **There is no claim or defense related to the subpoenas** ................ 7

        2. **Textile's estoppel theory is flawed** ............................................. 8

    C. Textile's subpoenas should be quashed for seeking privileged and highly confidential information .......................................................11

    D. Courts have quashed similar subpoenas to Unified ........................14

V. Conclusion ...........................................................................................................15

I.      **INTRODUCTION**

This Court should quash Textile's subpoenas because they are overbroad, burdensome, and seek irrelevant, likely duplicative information largely within the hands of defendants or other third parties, all in the hopes of supporting a theory of estoppel that is legally deficient on its face. Textile acknowledges that the statute they rest that theory on only estops real parties in interest ("RPIs") or privies of a petitioner. Here, Unified filed an IPR that concluded years before the defendants in these actions ("Defendants") were sued. But none the Defendants are or ever have been members of Unified, and Unified has no business relationship with any of them; thus, Textile's allegation that these wholly unrelated Defendants are estopped based on an IPR that concluded years before they were sued has no basis in law. For these and other reasons, the subpoenas fail to comply with Rule 45 and should be quashed.

II.     **FACTUAL BACKGROUND**

   A.      **Unified Patents**

Unified was founded by intellectual property professionals over concerns with the increasing risk of non-practicing entities ("NPEs") asserting patents of poor quality. The founders thus created a first-of-its-kind company whose purpose is to protect technology sectors, also referred to as zones, by deterring the assertion of invalid or low-quality patents. Some companies in a technology sector, called "Members," subscribe to one or more of Unified's technology-specific NPE zones. Members pay a yearly subscription fee to a specific NPE technology zone based

generally on when each Member subscribes. *See* Sandell Decl., Ex. 7 at p.2; *see also NPE Zones*, UNIFIED PATENTS, www.unifiedpatents.com/npe (last visited October 3, 2022).

None of the Defendants are or ever have been Members. Jakel Decl. at ¶¶2-3.

### B.   The '079 IPR

To carry out its deterrence mission, Unified will often challenge the validity of questionable patents in *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB" or "Board"). In 2016, Unified filed an IPR petition challenging United States Patent No. 8,505,079 ("the '079 patent"), one of the patents asserted in the instant cases. *See* Sandell Decl., Ex. 6. The parties to this IPR were Textile (the patent owner) and Unified (the petitioner). Unified certified that it was the sole real party in interest ("RPI"), and that no other party exercised or could have exercised control over Unified's participation in the IPR. *Id.* at p.73. Unified also filed voluntary interrogatory responses, where Unified attested that there were no communications between Unified and any entity other than its counsel "relating to the financing, preparation, editing, prior review, or approval" of the '079 patent IPR petition and that Unified had "sole and absolute discretion over its decision to contest patents through the USPTO's post-grant proceedings." *See* Sandell Decl., Ex. 7 at pp.3-4.

Textile did not contest that Unified was the sole RPI in the IPR, nor did they seek any discovery, either from Unified or the Board. *See* Sandell Decl., Ex. 8. The PTAB instituted the proceeding but ultimately did not cancel any claims in its Final

Written Decision. *See* Sandell Decl., Ex. 9.

The entire proceeding, from filing to completion, occurred years before the Defendants were sued in the present cases.

### C.     The subpoenas and their alleged relevance

In September 2022, Textile served eight identical subpoenas, one in each of the instant cases. Sandell Decl. Exs. 1A-1H. The subpoenas seek production of five categories of documents:

1. Contracts and communications with defendant(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung.

2. Documents sufficient to identify meetings, and documents used or exchanged during meetings, with defendant(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung.

3. Documents sufficient to identify your members.

4. Documents sufficient to identify your members who have subscribed to each of the following zones: content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking.

5. Communications and other documents relating to Textile, Gopal Nandakumar, any patent or patent application owned by Textile or for which Mr. Nandakumar is a named inventor, or the *inter partes* review of U.S. Patent No. 8,505,079.

Textile's counsel explained the alleged relevance of these document requests as follows:

> IPR estoppel applies in our actions to the extent that any defendant was a Real Party in Interest for the 079 IPR, or a privy of a Real Party in Interest. *See* 35 USC § 315(e)(2). We contend that Unified's members (or at least its members of relevant zones) are the RPIs for the 079 IPR. We also contend that the defendants in our actions are either RPIs or privies of Unified.

Sandell Decl., Ex. 10. When confronted with the fact that its explanation was inapposite since none of the Defendants are Unified's members, Textile changed course to a new, unclear theory reliant on alleged relationships between the Defendants and third-parties, and then provided no authority for its new theory, which directly contradicts the statute it purports to rely on. *Id.* at Ex. 10, ¶ 12.

### III. **LEGAL STANDARD**

A court will quash a subpoena where the subpoena, among other things, is "overbroad," "requires disclosure of privileged or other protected material" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817-18(5th Cir. 2004) (finding a court will quash a subpoena that "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than 100 miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden"); *In re Guzman*, No. 2:16-cv-00303, 2017 WL 2210519, at *1-2 (W.D. Tex. May 19, 2017) (granting a motion to quash subpoena for being "overly broad" and "irresponsibly general"). A court must limit discovery if it is duplicative or could be obtained from a more convenient or less burdensome source. Fed. R. Civ. P. 26(b)(2)(C)(i). Moreover, a court may quash a subpoena where the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "On a motion to quash, the moving party bears the burden of demonstrating that compliance would be unreasonable or oppressive." *Marchlewicz v. Bros. Xpress*,

2021 WL 397398, at *2; *see Wiwa.*, 392 F.3d at 818. "If the moving party meets this burden, the party seeking discovery must show that the requested materials are relevant and necessary." *Duoline Techs., LLC v. Polymer Instrumentation*, No. MO-12-MC-061, 2012 WL 12871906, *5 (W.D. Tex. Nov. 26, 2012), *order modified and remanded sub nom. Duoline Techs., L.L.C. v. Polymer Instrumentation & Consulting Servs., Ltd.*, 557 F. App'x 379 (5th Cir. 2014).

## IV.   ARGUMENT

### A.   Textile's subpoenas are overbroad and unduly burdensome

Despite purporting to "seek[] a targeted set of documents," Textile issued eight third-party subpoena requests that are unreasonably broad and burdensome. *See* Sandell Decl., Ex. 1A-1H at p.1. For example, without bounding the requests in time, manner, or scope, Textile seeks <u>all</u> contracts, documents, and communications, as well as the identification of <u>all</u> meeting and exchanged documents with the Defendants <u>and</u> with non-parties American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung. *Id.* at p.5 (requests 1 and 2). Textile has not even attempted to explain how these non-parties are relevant to the defendants or the case, nor offered to limit their requests in any way.  Textile also demands that Unified disclose documents and information for <u>all</u> its members, without any time limitation—including those members that do <u>not</u> subscribe to the technology "zones" that might arguably be relevant to the '079 patent. *Id.* (requests 3 and 4). Further, Textile asks for <u>every</u> document within Unified's possession that is "related to" Textile, its patents and patent applications, the '079 patent's inventor,

or any of his patents or patent applications. *Id.* (request 5) ("Communications or other documents relating to"). None of these requests are even colorably targeted to Textile's unpled, unexplained, and seemingly dubious theories of IPR estoppel by proxy of a third party. This is not reasonably targeted third-party discovery, but a burdensome fishing expedition.

Textile's unbounded requests could encompass hundreds or even thousands of pages that would take dozens of hours to search for and review, and it is highly likely that the overwhelming majority of these documents and information would be wholly unrelated to even Textile's legally-unsupported theory of relevance.[1] Textile's unreasonably broad requests show that it has not taken "reasonable steps to avoid imposing undue burden or expense" on Unified. Fed. R. Civ. P. 45(d)(1); *see Deitz v. Performance Food Grp., Inc.,* No. 620-cv-00153-ADA-JCM, 2021 WL 2715974, at *1 (W.D. Tex. Apr. 21, 2021). Not only are these unbounded discovery requests inappropriate for a third party, they are not even allowed under this Court's discovery order for parties in the case. *Solis v. Crescent Drilling & Prod., Inc.*, No. SA-19-cv-01194-FB, 2021 WL 131333, at *3-4 (W.D. Tex. Jan. 14, 2021) (quashing a subpoena requesting email communications from all employees regardless of level or likelihood of having relevant information); *see also* Standing

---

[1] For example, Unified routinely sends communications including data regarding what patent cases have been filed in district court as well as updates about Unified's public activities like prior art search contests and IPR filings. Jakel Decl., ¶ 6. The overbroad requests do not exclude or seek in any way to limit mass email or rote, repetitive results.

Order Governing Proceedings 4.2, p. 3 ("Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause.").

Thus, Textile's subpoenas would cause an undue burden on Unified.

### B. Textile's subpoenas are not relevant

#### 1. There is no claim or defense related to the subpoenas

This district's precedent is clear that "[t]he party seeking discovery bears the initial burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *E.g. Molina v. Hunter*, No. MO:15-cv-00076-DAE-DC, 2015 WL 13805179, *2 (W.D. Tex. Nov. 16, 2015). This Textile cannot do.

The estoppel that Textile suggests it relies on to justify the subpoenas is not at issue in any of the instant suits. This IPR estoppel, codified at 35 U.S.C. 315(e)(2), is, as its name signifies, a form of estoppel. *E.g., Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) (addressing "estoppel under § 315(e)(2)."). The Federal Rules expressly provide that, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including … estoppel." Fed. R. Civ. P. 8(c)(1). And "[t]he failure to plead an affirmative defense can result in waiver." *Shell Oil Co. v. U.S.*, 896 F.3d 1299, 1315 (Fed. Cir. 2018) (internal punctuation omitted).

Here, per public filings, all of the Defendants asserted a separate "Counterclaim for Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079."

Sandell Decl., Ex. 3A at p. 31-32 (¶¶12-14), Ex. 3B at pp. 31 (¶¶11-14), Ex. 3C at pp. 30-31 (¶¶12-14), Ex. 3D at pp. 17 (¶¶9-12), Ex. 3E at pp. 29 (¶¶8-11), Ex. 3F at pp. 29-31 (¶¶12-14), Ex. 3G at pp. 29-31 (¶¶12-14), Ex. 3H at pp. 29-31 (¶¶12-14). In its corresponding and substantially identical counterclaim answer pleadings, Textile denied Defendants' invalidity allegations, but *declined to plead the affirmative defense of IPR estoppel*. Sandell Decl., Ex. 4A at ¶¶12-14, Ex. 4B at ¶¶11-14, Ex. 4C at ¶¶12-14, Ex. 4D at ¶¶9-12, Ex. 4E at ¶¶8-11, Ex. 4F at ¶¶12-14, Ex. 4G at ¶¶12-14, Ex. 4H at ¶¶12-14. Accordingly, before even turning to the defects of Textile's relevancy theory, Textile's *unpled* IPR estoppel allegations are not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In other words, as a matter of law, Textile's own pleadings establish the irrelevance of Textile's only asserted ground of relevance.

### 2. Textile's estoppel theory is flawed

Textile's stated justification for its subpoena is that Unified's Members are RPIs[2] and that Defendants are RPIs or privies of Unified. Sandell Decl., Ex. 10. But none of the Defendants are Members or even have business relationships of any kind with Unified. Jakel Decl., ¶¶ 2-3. So none of the Defendants can be RPIs or privies even if Textile's assumption that Unified membership can lead to a company being an RPI or privy is accepted. Textile did not provide any other explanation as to how the Defendants could be RPIs or privies.

---

[2] And even this theory is suspect as Textile never contested in the IPR that Unified was the

Unified does not have, and has never had, a commercial relationship with any of the Defendants. Jakel Decl. at ¶¶2-3. In view of this, there is simply no plausible factual scenario where any of the Defendants could be a privy of Unified. *See e.g., Wi-Fi One, LLC v. Broadcom Corp.*, 887 F.3d 1329, 1335 (Fed. Cir. 2018) ("The use of the familiar common law terms 'privy' and 'real party in interest' indicate that Congress intended to adopt common law principles to govern …. "); *WesternGeco, LLC v. Ion Geophysical Corp.*, 889 F.3d 1308, 1319 (Fed. Cir. 2018) (for privity, relationship must be "sufficiently close that it can be fairly said" that later party already had "a full and fair opportunity to litigate the validity of the patent" and that the later party "is simply serving as a proxy to allow another party to litigate the patent validity question.").

Textile has also not explained or offered to explain how the various third parties it names in the subpoenas are at all relevant to the issue of estoppel of the Defendants. While some of those third parties are members of Unified, several are not, and have no apparent relationship to the present suit, and Textile has not proffered any plausible legal theory or scenario where any claim that they may argue for applies to those third parties because of membership in Unified, and then would somehow transfer to or apply to the Defendants (who were sued years after the IPR was concluded). *See WesternGeco*, 889 F.3d at 1321 (finding no privity relationship in part because of lack of control of IPR petitions). Textile's subpoenas

---

sole RPI. Sandell Decl., Ex. 8.

should be quashed because they demand production of information available from defendants or non-parties that *might* have business relationships with Defendants.

Textile's subpoenas demand that Unified produce "[c]ontracts and communications <u>with defendant(s)</u>" and "[d]ocuments sufficient to identify meetings, and documents used or exchange during meetings, <u>with defendant(s)</u>." Sandell Decl., Ex. 1A-1H at p.5 (Schedule A: requests 1 & 2) (emphasis added). To the extent this information exists and is relevant (it is not), it could be easily obtained from Defendants—parties to the W.D. Texas suits—rather than burdening non-party Unified. *See In re Subponeas Issued to Labatt Food Serv., LLC*, No. SA-21-MC-01242-XR, 2022 WL 1000318, *2 (W.D. Tex. Apr. 1, 2022) ("The prime concern . . . should be avoiding burdens on local nonparties subject to subpoenas"); *see also Vicari v. Ysleta Indep. Sch. Dist.*, No. EP-06-CA-0131-FM, 2006 WL 8434056, at *2 (W.D. Tex. July 7, 2006) (granting a non-party's motion to quash when the documents being sought had already been produced by a party to the litigation); *Duoline* 2012 WL 12871906, at n.2 (granting-in-part a motion to quash because the plaintiff placed the burden of production on a non-party but had not asked for the same documents from the defendant); *In re Motions to Quash Subpoena filed by Craft Gallery, Ltd.*, No. 11-cv-01239-AW, 2013 WL 8367788, at *2 (W.D. Tex. Apr. 5, 2013) (granting a motion to quash when defendants sought documents from a non-party after failing to compel production from the plaintiff). Because it would be much more "convenient" and "less burdensome" for Textile to seek this information from the Defendants, Textile's Subpoenas should be quashed. Fed. R. Civ. P.

26(b)(2)(C)(i).

Textile also demands all contracts, communications, and meetings with third parties whose relevance to this matter Textile has failed to explain or allege—American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung. Ex. 1A-1H at p. 5 (requests 1 & 2). To the extent this information exists and is relevant (it is not), it could be easily obtained from the Defendants or the third parties themselves, who Textile has indicated have already been subpoenaed, rather than from Unified. Textile has offered nothing but assumptions that business relationships might exist, let alone that such business relationships are relevant to the unpled allegations. But even to the extent that Textile could have offered a factual basis for relevant information between the Defendants and these third-party firms, Textile would correspondingly have shown that such firms have extremely close legal ties with their respective Defendant-privies in this context. By contrast, and as noted to Textile prior to filing this motion, Unified has no business relationship with any of the Defendants. Jakel Decl. at ¶¶2-3. Thus, logic and fairness counsel that non-parties with alleged privity relationships with Defendants should bear discovery burdens—and it appears Textile has already moved to do so—instead of an unaffiliated non-party. *See Duoline* 2012 WL 12871906, at n.2; *In re Motions to Quash Subpoena filed by Craft Gallery*, 2013 WL 8367788, at *2.

    **C.**    **Textile's subpoenas should be quashed for seeking privileged and highly confidential information**

Any information regarding Unified's views of the '079 patent—let alone

regarding Textile's other patents, including those not at issue in the W.D. Texas suits (which Textile also seeks (request 5))—other than Unified's publicly filed IPR petition and associated filings, is privileged. A court must quash a subpoena that "requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Additionally, "[w]hen a nonparty is the subject of discovery, heightened restriction on such discovery is warranted to protect the nonparty from 'harassment, inconvenience, or disclosure of confidential documents.'" *Keller v. Cox Radio, Inc.*, No. SA-08-CA-00284-OLG, 2009 WL 10700193, at *2 (W.D. Tex. Apr. 6, 2009) (quoting *Bio–Vita, Ltd. v. Biopure Corp.*, 138 F.R.D. 13, 17 (D. Mass. 1991). Both grounds apply here.

Textile's request 5—which seeks every communication or document within Unified's possession "relating to" Textile, any of its patents and patent applications, the '079's inventor, or any of his patents or patent applications—inherently seeks privileged information from Unified. Sandell Decl., Exs. 1A-1H at p.5. While Unified's communications with its members about these matters would not be privileged, the requests have not been so limited. What's more, Unified has verified that it does not communicate with its members on specific IPRs in Unified's voluntary interrogatories filed in the IPR other than in rote announcements or reporting sent to members and non-members alike regarding its then-public filings. Sandell Decl., Ex. 7; *see also* Ex. 10 at p. 1. And, while the IPR documents that Unified filed with the PTAB are not privileged, they are all publicly available—and, already in Textile's possession to boot (by virtue of Textile's participation in the IPR

as patent owner). *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (barring demands for duplicative information).

What is left in Textile's request No. 5 are Unified's internal communications, legal assessments, and legal strategies pertaining to Textile's patents and patent applications—effectively all of which are privileged and confidential. Even assuming that such documents might be relevant to any issue in dispute in the W.D. Texas suits (they are not), Textile simply has no right to them. *Marchlewicz*, 2021 WL 232136, at *2 (quashing request for production that would "reveal information protected under the attorney-client privilege"); Tex. R. Ev. P. § 503(b)(1) ("A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client"). The work product and attorney client privilege apply equally to IPR proceedings. *See* 37 C.F.R. § 42.51(b)(1)(iii) ("This requirement does not make discoverable anything otherwise protected by legally recognized privileges such as attorney-client or attorney work product.").

A court may quash a subpoena that requires a party to disclose "a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i). Textile's requests 3 and 4 demand that Unified reveal the entirety of its membership and Requests 1 and 2 demand all communications and contracts with certain non-parties, without limit and regardless of relevance which may reveal some of the same and/or related confidential information. Sandell Decl., Exs. 1A-1H at p. 5. As other courts have previously held, "Unified's

relationship with its members, membership list, and terms of its agreements with its members are confidential information." *Broadband,* 2015 WL 1778432, at *3 (N.D. Cal. Apr. 17, 2015); Jakel Decl. at ¶4. While Textile argues that the protective order in these cases would prevent any potential harm to Unified from such revelation of confidential materials, this is speculative at best. *See* Sandell Decl., Ex. 10 at p.1. Textile's outside litigation counsel that served the subpoenas on Unified—Antonelli, Harrington & Thompson LLP—regularly represents patent owners in other *inter partes* reviews that Unified files. *See e.g., Fall Line Pats., LLC v. Unified Pats., LLC*, 818 F. App'x 1014, 1018, n.1 (Fed. Cir. 2020), *cert. granted, judgment vacated sub nom. Iancu v. Fall Line Pats., LLC*, 141 S. Ct. 2843 (2021). There is nothing to prevent this firm from using Unified's confidential membership lists and other confidential information—even inadvertently—in its other representations.

Accordingly, Textile's subpoenas should be quashed for the additional reasons that they require "disclosure of privileged or other protected matter" and "trade secret or other confidential research, development, or commercial information," and to prevent "harassment, inconvenience, or disclosure of confidential documents." Fed. R. Civ. P. 45(d)(3)(B)(i), (A)(iii).

### D. Courts have quashed similar subpoenas to Unified

Multiple courts have quashed similar subpoenas served on Unified by other patentees for being irrelevant to the claims or defenses of any party in the litigation, even when one of its members was a party to the litigation—unlike here. *E.g.*, *Hall Data Sync*, 2015 WL 4396349 (N.D. Cal. Jul. 17, 2015) (noting that "Courts in this

district have granted motions to quash where the propounding party advances this theory of relevance."); *Broadband,* 2015 WL 1778432, at *3 ("Whether any Defendant is a Unified member, however, is not relevant. In addition, this information, if the trial court deems it discoverable, can be sought from Defendants, who are parties to the litigation, rather than burdening non-parties."); *Dropbox,* No. 22-mc-80083-SVK, Dkt. No. 21.

## V. CONCLUSION

For the above reasons, Unified respectfully requests that the Court quash Textile's subpoenas.

Date: October 21, 2022

Respectfully submitted,

*/s/ David N. Deaconson*
David N. Deaconson
State Bar No. 05673400
Marcus Mataga
State Bar No. 24083455
PAKIS, GIOTES, PAGE
& BURLESON, P.C.
400 Austin Avenue
Waco, TX 76701
(254) 297-7300
deaconson@pakislaw.com
mataga@pakislaw.com

Attorneys for Nonparty Unified Patents

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I caused a true and correct copy of the foregoing to be served on all counsel of record via the Court's CM/ECF System.

/s/ <i>David N. Deaconson</i>