UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE

| | |
|---|---|
| UNIFIED PATENTS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TEXTILE COMPUTER SYSTEMS, INC., <br><br> Defendant. | Case No. 5:22-mc-80270 <br><br> **DECLARATION OF LAURENCE M. SANDELL IN SUPPORT OF UNIFIED PATENTS, LLC'S MOTION TO QUASH SUBPOENA** <br><br> Date Action Filed: October 10, 2022 |

I, Laurence M. Sandell, declare as follows:

1. I am an attorney at the law firm of Mei & Mark LLP, counsel for movant Unified Patents, LLC ("Unified") in the above-captioned action. I am an attorney licensed to practice law in the District of Columbia and California. I make this Declaration in support of Unified's Motion to Quash the Subpoenas issued to non-party Unified by Textile Computer Systems, Inc. ("Textile") in connection with eight related lawsuits brought by Textile in the Western District of Texas, (the "W.D. Texas suits")[1], as served on or about September 7, 2022 (collectively, the "Subpoenas"). I have personal knowledge of the facts set forth in this declaration and can testify competently thereto if called upon to do so as a witness.

2. Attached hereto as Exhibits 1A-1H are true and correct copies of the original subpoenas served on Unified in each of the W.D. Texas suits, respectively.

3. Attached hereto as Exhibits 2A-2H are true and correct copies of the Complaints filed by Textile in each of the W.D. Texas suits, respectively.

4. Attached hereto as Exhibits 3A-3H are true and correct copies of the Answers and Counter-claims filed by each of the Defendants in each of the W.D. Texas suits, respectively.

5. Attached hereto as Exhibits 4A-4H are true and correct copies of Textile's Answers to the Defendants' respective Counter-claims in each of the W.D. Texas suits, respectively.

6. Attached hereto as Exhibit 5 is a true and correct copy of Unified's Consolidated Response and Objections to the Subpoenas, which Unified is serving concurrently with the filing of this motion.

7. Attached hereto as Exhibit 6 is a true and correct copy of Unified's IPR petition in IPR2017-00296, wherein Unified sought to cancel claims of U.S. Patent Nos. 8,505,079.

8. Attached hereto as Exhibit 7 is a true and correct copy of publicly filed and available

---

[1] (A) *Textile Computer Systems, Inc. v. Broadway National Bank d/b/a Broadway Bank,* 6:21-cv-1050-ADA (W.D. Tex. Oct 12, 2021), (B) *Textile Computer Systems, Inc. v. Charles Schwab Bank,* 6:21-cv-1051-ADA (W.D. Tex. Oct 12, 2021), (C) *Textile Computer Systems, Inc. v. Comerica Bank,* 6:21-cv-1052-ADA (W.D. Tex. Oct 12, 2021), (D) *Textile Computer Systems, Inc. v. Frost Bank,* 6:21-cv-1053-ADA (W.D. Tex. Oct 12, 2021), (E) *Textile Computer Systems, Inc. v. Independent Bank,* 6:21-cv-1054-ADA (W.D. Tex. Oct 12, 2021), (F) *Textile Computer Systems, Inc. v. Southside Bank,* 6:21-cv-1056-ADA (W.D. Tex. Oct 12, 2021), (G) *Textile Computer Systems, Inc. v. Texas Capital Bank,* 6:21-cv-1057-ADA (W.D. Tex. Oct 12, 2021), and (H) *Textile Computer Systems, Inc. v. Vantage Bank Texas,* 6:21-cv-1058-ADA (W.D. Tex. Oct 12, 2021).

|   |   |
|---|---|
| 1 | Exhibit 1008 in IPR2020-00705, Petitioner's Voluntary Interrogatory Responses in IPR2017-00296, |
| 2 | which confirms that Unified already informed Textile that no communications exist, other than |
| 3 | privileged communications between Unified and its attorneys, regarding the financing, preparation, |
| 4 | editing, prior review, or approval of the IPR2017-00296. |

9. Attached hereto as Exhibit 8 is a true and correct copy of Textile's Patent Owner's Preliminary Response in IPR2017-00296.

10. Attached hereto as Exhibit 9 is a true and correct copy of the Patent Trial and Appeal Board's Final Written Decision in IPR2017-00296.

11. Attached hereto as Exhibit 10 is a true and correct copy of e-mail correspondence between Textile's counsel, Ryan Pinckney and Matt Antonelli at Antonelli, Harrington, and Thompson LLP, and the undersigned between September 20, 2022 and October 3, 2022. The correspondence includes the parties' agreement that the due date for Unified's response(s) to the Subpoenas would be extended to October 10, 2022.

12. Prior to filing the present motion, I met and conferred with Textile's counsel, Ryan Pinckney and Matt Antonelli at Antonelli, Harrington, and Thompson LLP, regarding the Subpoenas on September 21, 2022 via telephone. Textile's counsel could not identify any authority in support of its IPR estoppel theory during the telephonic meet and confer. In the telephonic meet and confer and the email exchanges of Exhibit 10, I explained Unified's position that the Subpoenas seek information irrelevant to any claim or defense in the W.D. Texas suits, that none of the Defendants are members of Unified, that Textile's IPR estoppel theories were unsupported by law, and that the Subpoenas request both highly confidential information and clearly privileged documents. I additionally explained that even if the discovery was otherwise appropriate, Unified was the wrong entity to seek such materials from. I requested that Textile withdraw the Subpoenas, but this request was refused

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of October, 2022 at Bethesda, Maryland.

*/s/ Laurence M. Sandell*

DECLARATION OF LAURENCE M. SANDELL ISO UNIFIED PATENTS LLC'S MOTION TO QUASH
Case No. 5:22-mc-80270