# EXHIBITS 3A-3H

*EXHIBIT 3A*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, <br><br> Defendant. | Civil Action No. 6:21-cv-1050-ADA <br><br> <u>**JURY TRIAL DEMANDED**</u> |

**BROADWAY NATIONAL BANK'S ANSWER,
AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Broadway National Bank d/b/a Broadway Bank ("Defendant"), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Broadway National Bank denies the allegations of the Complaint as to it except as specifically set forth herein.[1]

<u>**PARTIES**</u>

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2. Defendant admits that Broadway National Bank is a bank with a corporate address

---

[1]  For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

of 1177 N.E. Loop 410, San Antonio, TX 78209. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.     Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.     Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.     Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.     Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.     Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.     Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281, and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and conducts business in the State of Texas.  Defendant denies each and every other allegation against it set forth in Paragraph 9 of the Complaint.

10.     For the purposes of this matter, Defendant does not contest that venue is proper in

this District pursuant to 28 U.S.C. § 1400.  Defendant admits that it has a branch located at 401 Austin Highway, San Antonio, TX 78209 and has other locations in and around San Antonio, TX and Austin, TX.  Defendant admits that it offers debit and credit cards.  Defendant states that the images in Paragraph 10 of the Complaint do not contain any allegations, are not described in the Complaint and, as such, Defendant denies any implications regarding such images.  Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## BACKGROUND

11.     Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set

forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15. Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16. Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17. Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18. Defendant states that the Asserted Patents and the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19. Defendant states that the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every

allegation set forth therein.

20.     Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate.  Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent.  Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every other allegation set forth therein.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079

21.     Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013.  Defendant states that the '079 Patent speaks for itself.  Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Broadway card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Defendant, having conducted a reasonable investigation in response to Plaintiff's

allegations set forth in Paragraph 40 of the Complaint, including allegations regarding an alleged "letter to James D. Goudge," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 40 of the Complaint.

41.     Defendant, having conducted a reasonable investigation in response to Plaintiff's allegations set forth in 41 of the Complaint, including allegations regarding an alleged "a letter to Jeff Foote," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 41 of the Complaint.

42.     Defendant, having conducted a reasonable investigation in response to Plaintiff's allegations set forth in Paragraph 42 of the Complaint, including allegations regarding alleged "two letters – one to James D. Goudge … and one to Jeff Foote," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 42 of the Complaint.

43.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 43 of the Complaint.

44.     Denied.

45.     Denied.

46.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

47. Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself. Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 47 of the Complaint.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and, therefore, denies each and every allegation set forth therein.

49. Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part Paragraph 49 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Broadway card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, therefore, denies each and every other allegation set forth therein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 62 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 62 of the Complaint.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Defendant, having conducted a reasonable investigation in response to Plaintiff's allegations set forth in Paragraph 67 of the Complaint, including allegations regarding an alleged "letter to James D. Goudge," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 67 of the Complaint.

68.     Defendant, having conducted a reasonable investigation in response to Plaintiff's allegations set forth in Paragraph 68 of the Complaint, including allegations regarding an alleged

"a letter to Jeff Foote," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69.     Defendant, having conducted a reasonable investigation in response to Plaintiff's allegations set forth in Paragraph 69 of the Complaint, including allegations regarding alleged "two letters – one to James D. Goudge … and one to Jeff Foote," is without sufficient knowledge or information to form a belief as to the truth of those allegations and, therefore, denies each and every allegation set forth therein. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 69 of the Complaint.

70.     Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 70 of the Complaint.

71.     Denied.

72.     Denied.

73.     Denied.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499

74.     Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017. Defendant states that the '499 Patent speaks for itself. Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 74 of the

Complaint.

75.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75 of the Complaint and, therefore, denies each and every allegation set forth therein.

76.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 76 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Broadway transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 76 of the Complaint and, therefore, denies each and every other allegation set forth therein.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499

Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 88 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 88 of the Complaint.

89.    Denied.

90.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 90 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 90 of the Complaint.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 95 of the Complaint.

96.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 96 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 96 of the Complaint.

97.    Denied.

98.    Denied.

**COUNT IV**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659**

99.    Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018. Defendant states that the '659 Patent speaks for itself. Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 99 of the Complaint.

100.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint and, therefore, denies each and every allegation set forth therein.

101.    Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 101 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Broadway transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 101 of the Complaint and, therefore, denies each and every other allegation set forth therein.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied

111.    Denied.

112.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 112 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 112 of the Complaint.

113.    Denied.

114.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 114 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 114 of the Complaint.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Defendant admits that it had knowledge of the '659 Patent as of the date when it

was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 119 of the Complaint.

120. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 120 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 120 of the Complaint.

121. Denied.

122. Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

123. Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020. Defendant states that the '454 Patent speaks for itself. Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 123 of the Complaint.

124. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Complaint and, therefore, denies each and every allegation set forth therein.

125. Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 125 of the Complaint, speaks for itself.

Defendant denies any allegation regarding a "Broadway transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 125 of the Complaint and, therefore, denies each and every other allegation set forth therein.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 136 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 136 of the Complaint.

137. Denied.

138. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent

has been dismissed.  To the extent a response is required to any such allegations in Paragraph 138 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 138 of the Complaint.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Defendant admits that it had knowledge of the '454 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 143 of the Complaint.

144.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 144 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 144 of the Complaint.

145.    Denied.

146.    Denied.

<u>**ADDITIONAL ALLEGATIONS**</u>

147.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant

denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 147 of the Complaint.

148. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 150 of the Complaint.

151. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any

such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 154 of the Complaint.

155. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of

the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 155 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 155 of the Complaint.

156.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 156 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 156 of the Complaint.

157.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 157 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 157 of the Complaint.

158.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 158 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 158 of the Complaint.

159.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58,

Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 159 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 159 of the Complaint.

160.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 160 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 160 of the Complaint.

161.    Denied.

162.    Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 162 of the Complaint.

163.    Denied.

164.    Denied.

165.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) have been dismissed.  To the extent a response is required to any such allegations in Paragraph 165 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 165

of the Complaint.

166.    Denied.

## JURY DEMAND

167.    Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

168.    Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a. through f. of its Prayer for Relief.

## DEFENDANT'S JURY DEMAND

Defendant Broadway National Bank demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.  Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

## First Affirmative Defense

1.    Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

## Second Affirmative Defense

2.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

## Third Affirmative Defense

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Fourth Affirmative Defense

4.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver, equitable estoppel, and/or acquiescence.

## Fifth Affirmative Defense

5.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

## Sixth Affirmative Defense

6.      Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

## Seventh Affirmative Defense

7.      Upon information and belief, Defendant states that the patent infringement claims

asserted by Plaintiff are barred on the grounds of patent misuse.

### Eighth Affirmative Defense

8.     Defendant denies that Plaintiff is entitled to any of the relief requested.

### Ninth Affirmative Defense

9.     To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

### Tenth Affirmative Defense

10.     To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by indirect infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

### Eleventh Affirmative Defense

11.     To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

### Twelfth Affirmative Defense

12.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions,

amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

### Thirteenth Affirmative Defense

13.     Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

### Fourteenth Affirmative Defense

14.     Upon information and belief, Defendant states that, by reason of the prior proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and, in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

### Fifteenth Affirmative Defense

15.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of such patents have not complied with the notice requirements of 35 U.S.C. § 287.

### Sixteenth Affirmative Defense

16.     Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

### Seventeenth Affirmative Defense

17.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

### Eighteenth Affirmative Defense

18.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Nineteenth Affirmative Defense

19.     Plaintiff is not entitled to an injunction.  Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement

cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twenty-Second Affirmative Defense

22.     To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

### Twenty-Third Affirmative Defense

23.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

### Twenty-Fourth Affirmative Defense

24.     On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.


WHEREFORE, Broadway National Bank denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly,

respectfully prays for entry of judgment:

      A.    Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Broadway National Bank, with prejudice;

      B.    Finding that Broadway National Bank has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

      C.    Finding that each claim of the Asserted Patents is unpatentable;

      D.    Finding that each claim of the Asserted Patents is invalid;

      E.    Finding that each claim of the Asserted Patents is unenforceable;

      F.    Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Broadway National Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Broadway National Bank, or any of its customers, vendors, agents, successors and assigns;

      G.    Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Broadway National Bank its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

      H.    Awarding to Broadway National Bank such other and further relief and damages as the Court deems just and proper under the circumstances.

## COUNTERCLAIMS

Comes now Defendant and Counterclaim-Plaintiff Broadway National Bank ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff

and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

## Nature of the Action

1.    These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

## Jurisdiction and Venue

2.    This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

## The Parties

3.    Counterclaim-Plaintiff Broadway National Bank is a bank that maintains a principal place of business located at 1177 N.E. Loop 410, San Antonio, TX 78209.

4.    Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

## Acts Giving Rise to the Counterclaim

5.    On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims

of the Asserted Patents.

6. By such actions, Counterclaim-Defendant has created an actual and justiciable case and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7. Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## **COUNTERCLAIM COUNT I**

## **Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079**

8. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9. At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10. Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.     At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

15. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.     Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive

an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

20.    Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21.    Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium

operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802

27.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

### COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31. Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32. Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said

authorized user that said requester purports to be"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive

input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,533,802.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,

Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

### COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## **COUNTERCLAIM COUNT IX**

### **Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499**

45.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46.    Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47.    Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48.    Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the

secured resource identity by searching the key string table for the key string"; "determining transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

## COUNTERCLAIM COUNT X

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659

51.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible

application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

53.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XI

## Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659

55.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

    (a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

    (b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

    (c) The alleged invention(s) was/were patented or described in a printed publication in

this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject

matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59.     Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the

at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second

authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63. Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and

transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to

use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

## Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent

No. 10,560,454.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by

the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g)  Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)  The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)   U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k)  The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74.     Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## Jury Demand

Counterclaim-Plaintiff Broadway National Bank demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Broadway National Bank respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.     Declare that Broadway National Bank has not infringed upon any of the claims of

the Asserted Patents;

> B.      Declare that each claim of the Asserted Patents is unpatentable;

> C.      Declare that each claim of the Asserted Patents is invalid;

> D.      Declare that each claim of the Asserted Patents is unenforceable;

> E.      Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Broadway National Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Broadway National Bank, or any of its customers, vendors, agents, successors and assigns;

> F.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Broadway National Bank its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

> G.      Awarding to Broadway National Bank such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 19, 2022

Respectfully submitted,

/s/ Nick E. Williamson
Michael C. Smith
Walker Steven Young (*pro hac vice*)
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Paige Stradley (*pro hac vice*)
Rachel Zimmerman Scobie (*pro hac vice*)
Jeffrey Blake (*pro hac vice*)
MERCHANT & GOULD P.C.
150 S. Fifth Street, Suite 2200
Minneapolis, MN 55402

David A. Roodman (*pro hac vice*)
Nick E. Williamson (*pro hac vice*)
George G. Brell (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com
nick.williamson@bclplaw.com

**Attorneys for Defendant**
**Broadway National Bank in connection with**
**allegations arising in Case No. 6:21-cv-1050**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: */s/ Nick E. Williamson*
    Nick E. Williamson

_EXHIBIT 3B_

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **Textile Computer Systems, Inc.**, | Case No.:  6:21-cv-1051-ADA |
| Plaintiff, | **Jury Trial Demanded** |
| **v.** | |
| **Charles Schwab Bank**, | |
| Defendant. | |

## CHARLES SCHWAB BANK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant Charles Schwab Bank, SSB ("CSB"), by and through its undersigned counsel, hereby submits its answer, affirmative defenses, and counterclaims to the Original Complaint for Patent Infringement (ECF No. 1) ("Complaint") filed by Textile Computer Systems, Inc. ("Plaintiff" or "Textile").  In this answer, paragraph numbers correspond to those in the Complaint to which they respond.  CSB refers to U.S. Patent Nos. 8,505,079 ("'079 Patent"), 8,533,802 ("'802 Patent"), 9,584,499 ("'499 Patent"), 10,148,659 ("'659 Patent"), and 10,560,454 ("'454 Patent") as the "Asserted Patents."  CSB denies all allegations of the Complaint that are not expressly admitted, including denying any and all allegations that it infringes the Asserted Patents.  CSB repeats the headings from the Complaint for clarity and organizational convenience only.

## PARTIES

1.       CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint and therefore denies them.

2.     CSB admits that it conducts business in Austin, El Paso, and San Antonio.  CSB denies the remaining allegations of paragraph 2 of the Complaint.

3.     CSB admits that it is the principal depository institution subsidiary of The Charles Schwab Corporation, which owns in whole or in part other companies that include the name Charles Schwab or Schwab.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and therefore denies them.

4.     Denied.

5.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore denies them.

6.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore denies them.

7.     Denied.

## JURISDICTION AND VENUE

8.     CSB admits that paragraph 8 of the Complaint states that Plaintiff has brought an action for patent infringement and that this Court has subject matter jurisdiction.  The remainder of paragraph 8 states a legal conclusion to which no response is required.

9.     CSB admits that it has done and continues to do business in Texas.  CSB denies that it has committed and continues to commit acts of patent infringement in the State of Texas.  CSB denies that it is making and/or using any accused instrumentality in Texas, including by Internet and via branch offices and other branch locations.  CSB denies that it is inducing others to commit acts of patent infringement in Texas, and/or committing a least a portion of any other alleged infringements.  The remainder of paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10.     CSB denies that it has committed and continues to commit acts of patent infringement in this district.  CSB admits that its cardholders are issued debit cards, but denies that it issues credit cards or that through using debit and/or credit cards with certain digital payment systems its cardholders make and/or use any accused instrumentalities in the district. CSB denies that it induces others to commit acts of patent infringement in Texas, and/or commit at least a portion of any other infringements alleged herein in this district.  CSB admits that it has places of business in this district, but denies that those places of business include at least at the El Paso Operation Center at 1945 Northwestern Drive, El Paso, Texas 79912, a branch at 1435 North Loop 1604 West, Suite 101, San Antonio, Texas 78258, and numerous other locations in San Antonio and Austin.  CSB admits that paragraph 10 also includes certain excerpts from https://www.schwab.com/contact-us, https://client.schwab.com/public/branchlocator/branchdetails.aspx?branchid=1225, and two Google Maps Street Views of buildings having "Charles Schwab" signage in El Paso and San Antonio, but denies that these excerpts identify CSB Bank, SSB.  The remainder of paragraph 10 of the Complaint states a legal conclusion to which no response is required.

## BACKGROUND

11.     CSB admits that the Asserted Patents may generally pertain to payment authorization.  CSB denies that Gopal Nandakumar is a prolific inventor.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore denies them.

12.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore denies them.

13.     CSB admits that the Asserted Patents generally relate to payment authorization. CSB denies that Mr. Nandakumar has been at the forefront of payment authorization,

developing, disclosing, and patenting solutions for reducing fraud in credit and debit card transactions. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint and therefore denies them.

## THE TECHNOLOGY

14.     Denied.

15.     CSB denies that the Asserted Patents disclose any patented improvements. CSB denies that any such alleged patented improvements are critical for implementing secure payment systems, especially in light of the many high-profile merchant data breaches that have lead [sic: led] to increased credit and debit card fraud. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and therefore denies them.

16.     Denied.

17.     Denied.

18.     Denied.

19.     CSB admits that paragraph 19 of the Complaint recites two short excerpts of an EMVCo document titled "Delivering Convenience and Confidence: How EMV® Specifications Support Online Commerce," located at: https://www.emvco.com/wp-content/uploads/documents/Quick-Resource_How-EMV-Specifications-Support-Online-Commerce.pdf (last visited August 10, 2022).

20.     CSB admits that the '079 Patent was subject to an *inter partes* review proceeding in *Unified Patents Inc. v. Textile Computer Systems, Inc.*, IPR 2017-00296 ("the *Unified Patents* IPR"). In the *Unified Patents* IPR, on November 21, 2016, the Petitioner filed a Petition for *Inter Partes* Review of U.S. Patent No. 8,505,079 ("Petition"), Paper 2, asserting that claims 1, 3, 6–9, 11, 13, and 16–19 (collectively, the "Challenged Claims") of the '079 Patent were

unpatentable based upon three prior art references: U.S. Patent Application Publication No. 2006/0235796 to Johnson et al. ("Johnson"); U.S. Patent No. 7,657,489 to Stambaugh ("Stambaugh"); and U.S. Patent Application Publication No. 2006/0173794 to Sellars et al. ("Sellars"), and asserting two grounds of obviousness. *See generally* Petition. On May 12, 2017, the PTAB entered an Initial Determination ("ID"), Paper 9, "conclud[ing] that Petitioner has demonstrated a reasonable likelihood of prevailing on its challenges to claims 1, 3, 6–9, 11, 13, and 16–19 of the '079 Patent." ID at 30. On March 23, 2018, the PTAB issued a Final Written Decision ("FWD"), Paper 19, construing the claim term "key string" by finding, in part:

> [T]he system (claim 1) and method (claim 11) recited in the claims must prohibit the service client from accessing a common identifier of the secured resource, *such as the key string used to authenticate the identity of the end user*. See PO Resp. 26–28; Ex. 2004 ¶¶ 50–53.

FWD at 13 (emphasis added); *see also id.* at 14–16. CSB admits that based on the PTAB's construction and understanding of the claim term "key string," including as described above, the PTAB did not find claims 1, 3, 6–9, 11, 13, and 16–19 of the '079 Patent unpatentable based upon the two obviousness grounds and the Johnson, Stambaugh, and Sellars prior art asserted in the Petition. CSB denies that the PTO found that the "key string" as construed by the PTAB was not in the prior art at all, much less it being conventional or widespread, or that the PTO confirmed the patentability of the challenged claims of the '079 Patent generally. To the extent that paragraph 20 of the Complaint includes any remaining allegations, CSB denies those remaining allegations.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079

21. CSB admits that on August 16, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,505,079 ("the '079 Patent"), which is entitled

"Authentication System and Related Method."  CSB denies that the '079 Patent was duly or legally issued.

22.    CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore denies them.

23.    CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it.  CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it.  CSB admits that paragraph 23 of the

Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card.  CSB admits that paragraph 23 of the Complaint

includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-

Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments

Forum or the author of that document, which does not refer to CSB or any of its debit cards.

CSB denies that the US Payments Forum document or its excerpts in paragraph 23 of the

Complaint describe any authentication system or accused instrumentality of CSB.  CSB lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 23 of the Complaint and therefore denies them.

24.     CSB admits that some of its account holders may conduct transactions through

smartphones, including being able to add the Schwab Bank Visa Platinum Debit Card to a

mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once

added, the account holder can then conduct a transaction making payment with the Schwab Bank

Visa Platinum Debit Card from the mobile wallet.  CSB admits that some of these transactions

may be payments to a merchant or third party, and some transactions may take place through

contactless payment using near field communication (NFC) with a merchant's point of sale

(POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations of paragraph 24 of the Complaint and therefore denies them.

25.     CSB denies that any messaging gateway is either hosted directly by CSB or

through an agent with whom CSB has contracted to receive any messages.  CSB lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of paragraph 25 of the Complaint and therefore denies them.

26.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and therefore denies them.

27.     CSB denies that any service user interface is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 of the Complaint and therefore denies them.

28.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore denies them.

29.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and therefore denies them.

30.     CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     CSB admits that it first learned of the '079 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '079 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 40 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     CSB admits that on September 10, 2013, the United States Patent and Trademark Office issued United States Patent No. 8,533,802 ("the '802 Patent"), which is entitled "Authentication System and Related Method."  CSB denies that the '802 Patent was duly or legally issued.

45.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and therefore denies them.

46.     CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a

contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards. Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it. CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it. CSB admits that paragraph 46 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card. CSB admits that paragraph 46 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards. CSB denies that the US Payments Forum document or its excerpts in paragraph 46 of the Complaint describe any authentication system or accused instrumentality of CSB. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint and therefore denies them.

47.     CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone.  CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay.  CSB admits that some of these transactions may be payments to a merchant or third party, and some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint and therefore denies them.

48.     CSB denies that any messaging gateway is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48 of the Complaint and therefore denies them.

49.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint and therefore denies them.

50.     CSB denies that any service user interface is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint and therefore denies them.

51.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and therefore denies them.

52.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and therefore denies them.

53.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and therefore denies them.

54.     CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     CSB admits that it first learned of the '802 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '802 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499

68.     CSB admits that on February 28, 2017, the United States Patent and Trademark Office issued United States Patent No. 9,584,499 ("the '499 Patent"), which is entitled "Authentication System and Method." CSB denies that the '499 Patent was duly or legally issued.

69.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and therefore denies them.

70.     CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards. CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation. CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards. Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to

- 13 -

the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it. CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it. CSB admits that paragraph 70 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card. CSB admits that paragraph 70 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards. CSB denies that the US Payments Forum document or its excerpts in paragraph 70 of the Complaint describe any authentication system or accused instrumentality of CSB. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 70 of the Complaint and therefore denies them.

71. CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone. CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and

some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 71 of the Complaint and therefore denies them.

72. CSB denies that any messaging gateway is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 72 of the Complaint and therefore denies them.

73. CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 73 of the Complaint and therefore denies them.

74. CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 of the Complaint and therefore denies them.

75. CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 75 of the Complaint and therefore denies them.

76. CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services. CSB

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 76 of the Complaint and therefore denies them.

77.     CSB denies that any authorization server is either hosted directly by CSB or through an agent with whom CSB has contracted to provide any authentication services.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77 of the Complaint and therefore denies them.

78.     CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and therefore denies them.

79.     CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     CSB admits that it first learned of the '499 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '499 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement

and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 89 of the Complaint.

90.    Denied.

91.    Denied.

92.    Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93.    CSB admits that on December 4, 2018, the United States Patent and Trademark Office issued United States Patent No. 10,148,659 ("the '659 Patent"), which is entitled "Authentication System and Method."  CSB denies that the '659 Patent was duly or legally issued.

94.    CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint and therefore denies them.

95.    CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation

that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it. CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it. CSB admits that paragraph 95 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card. CSB admits that paragraph 95 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards. CSB denies that the US Payments Forum document or its excerpts in paragraph 95 of the Complaint describe any authentication system or accused instrumentality of CSB. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 95 of the Complaint and therefore denies them.

96. CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone. CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum

Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 96 of the Complaint and therefore denies them.

97.     CSB denies that any interface is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 of the Complaint and therefore denies them.

98.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98 of the Complaint and therefore denies them.

99.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99 of the Complaint and therefore denies them.

100.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100 of the Complaint and therefore denies them.

101. CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 of the Complaint and therefore denies them.

102. CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 102 of the Complaint and therefore denies them.

103. CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. CSB admits that it first learned of the '659 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '659 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement

and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 113 of the Complaint.

114.   Denied.

115.   Denied.

116.   Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.   CSB admits that on February 11, 2020, the United States Patent and Trademark Office issued United States Patent No. 10,560,454 ("the '454 Patent"), which is entitled "Authentication System and Method."  CSB denies that the '454 Patent was duly or legally issued.

118.   CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 118 of the Complaint and therefore denies them.

119.   CSB admits that it offers debit cards, such as the Schwab Bank Visa Platinum Debit Cards.  CSB states that those debit cards can be used with technologies intended to prevent or mitigate unauthorized transactions and fraud in a request to pay a merchant for a transaction, but CSB lacks knowledge or information sufficient to form a belief as to whether those technologies are "an authentication system that authenticates the identity of a Charles Schwab card holder in a request to pay a merchant for a transaction" as those terms are being used by Textile in its allegation and therefore, denies this allegation.  CSB states that it has entered into a contractual relationship with a third party for "token service" in connection with its debit cards and admits that documentation relating to implementation of the token service indicates that it is based on EMVCo Payment Token Standards.  Because this service is provided by a third party, CSB lacks knowledge or information sufficient to form a belief as to the truth of the allegation

that "tokens that are used in the transaction instead of the user's debit and/or credit card number so that the user's debit and/or credit card number is never transmitted or otherwise provided to the merchant thereby preventing the user's debit and/or credit card number from being deliberately or unintentionally transferred from the merchant to a third-party such as through hacking, spoofing, or other man-in-the-middle vulnerabilities, for example" and therefore denies it. CSB admits that holders of its debit cards may be able to utilize the token service using a smart phone, but CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation and therefore denies it. CSB admits that paragraph 119 of the Complaint includes an excerpt from a web page located at:

https://www.schwab.com/checking/debit-card. CSB admits that paragraph 119 of the Complaint includes excerpts from a US Payments Forum document located at:

https://www.uspaymentsforum.org/wp-content/uploads/2019/06/EMV-Payment-Tokenization-Primer-Lessons-Learned-FINAL-June-2019.pdf, but CSB is not a member of the US Payments Forum or the author of that document, which does not refer to CSB or any of its debit cards. CSB denies that the US Payments Forum document or its excerpts in paragraph 119 of the Complaint describe any authentication system or accused instrumentality of CSB. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 119 of the Complaint and therefore denies them.

120. CSB admits that some of its account holders may conduct transactions through smartphones and software applications such as Apple Pay, Google Pay, or Samsung Pay, including being able to add the Schwab Bank Visa Platinum Debit Card to a mobile wallet for use by the account holder on his or her smartphone. CSB admits that once added, the account holder can then conduct a transaction making payment with the Schwab Bank Visa Platinum

Debit Card from the mobile wallet, such as through Apple Pay, Google Pay, or Samsung Pay. CSB admits that some of these transactions may be payments to a merchant or third party, and some transactions may take place through contactless payment using near field communication (NFC) with a merchant's point of sale (POS) terminal. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 120 of the Complaint and therefore denies them.

121.    CSB denies that any interface is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 121 of the Complaint and therefore denies them.

122.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 of the Complaint and therefore denies them.

123.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 123 of the Complaint and therefore denies them.

124.    CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages. CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 124 of the Complaint and therefore denies them.

125.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 125 of the Complaint and therefore denies them.

126.     CSB denies that any server is either hosted directly by CSB or through an agent with whom CSB has contracted to receive any messages.  CSB lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 126 of the Complaint and therefore denies them.

127.     CSB admits that Plaintiff purports to allege infringement either literally or under the doctrine of equivalents, but denies any such infringement.

128.     Denied.

129.     Denied.

130.     Denied.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     CSB admits that it first learned of the '454 Patent when it was served with the Complaint, but denies that this service was sufficient to provide notice of Plaintiff's infringement allegations regarding the '454 Patent including, specifically, denying that the Complaint sufficiently identifies and describes any accused instrumentality or CSB's alleged infringement

and allegedly-infringing acts.  CSB denies the remaining allegations of paragraph 137 of the Complaint.

138.    Denied.

139.    Denied.

140.    Denied.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

CSB is not required to respond to and does not respond to Plaintiff's demand for a trial

by jury on all claims and issues so triable.

## PLAINTIFF'S PRAYER FOR RELIEF

CSB denies that Plaintiff is entitled to any relief whatsoever.  CSB asks the Court to deny

all relief to Plaintiff in this case, including the relief sought in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed

by operation of law, CSB alleges and asserts the following defenses, affirmative or otherwise, in

response to the allegations of the Complaint.  In addition to the defenses described below, CSB

expressly reserves the right to assert any and all other legal or equitable defenses that may now

exist, or that may in the future be available, based on discovery and further investigation of this

action, including of Plaintiff's allegations and claims.

## FIRST DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,505,079

CSB does not infringe and has not infringed any valid and enforceable claim of the '079

Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

## SECOND DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,505,079

Each and every asserted claim of the '079 Patent is invalid for failure to satisfy one or

more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et*

*seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference

as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the

'079 Patent.

### THIRD DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 8,533,802

CSB does not infringe and has not infringed any valid and enforceable claim of the '802 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### FOURTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 8,533,802

Each and every asserted claim of the '802 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112. CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '802 Patent.

### FIFTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 9,584,499

CSB does not infringe and has not infringed any valid and enforceable claim of the '499 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### SIXTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 9,584,499

Each and every asserted claim of the '499 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112. CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '499 Patent.

### SEVENTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 10,148,659

CSB does not infringe and has not infringed any valid and enforceable claim of the '659 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### EIGHTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 10,148,659

Each and every asserted claim of the '659 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et*

*seq.*, including without limitation §§ 101, 102, 103, and/or 112. CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '659 Patent.

### NINTH DEFENSE – NON-INFRINGEMENT OF U.S. PATENT NO. 10,560,454

CSB does not infringe and has not infringed any valid and enforceable claim of the '454 Patent, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise.

### TENTH DEFENSE – INVALIDITY OF U.S. PATENT NO. 10,560,454

Each and every asserted claim of the '454 Patent is invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112. CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '454 Patent.

### ELEVENTH DEFENSE – PROSECUTION ESTOPPEL

By virtue of statements made, amendments made, or positions taken during the prosecution of the Asserted Patents, Plaintiff is estopped from construing any claim of the Asserted Patents to cover or include, either literally or under the doctrine of equivalents, any CSB product, system, process, method, or apparatus.

### TWELFTH DEFENSE – IPR ESTOPPEL

By virtue of statements made, arguments made, and positions taken by Plaintiff during *inter partes* review of the '079 Patent in the *Unified Patents* IPR (including in Papers 8, 13, and trial arguments), the PTAB's reliance on those statements, arguments, and positions for its Final Written Decision (Paper 19) and the findings and conclusions therein, Plaintiff's silence in response to Petitioner's subsequent motion for rehearing (Paper 20) and the PTAB's ruling denying that motion (Paper 21), and Plaintiff's reliance on the PTAB's decisions in both the

- 28 -

FWD and denying the motion for rehearing, Plaintiff is estopped from construing any claim of the '079 Patent and its claim term "key string," as well as of the four other Asserted Patents with respect to their use of the claim term "key string," to cover or include, either literally or under the doctrine of equivalents, any CSB product, system, process, method, or apparatus.

### THIRTEENTH DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief may be granted, including but not limited to the Complaint's failure to state a claim for direct infringement of the Asserted Patents by CSB, including its failure to state a claim of any infringing use of any accused instrumentality by CSB, its failure to state a claim of any joint infringement by CSB with any other non-party, and its failure to state a claim of any vicarious liability of CSB for the actions of any other non-party with respect to the accused instrumentality.

### FOURTEENTH DEFENSE – LIMITATION ON DAMAGES

Plaintiff's right to recover damages, attorneys' fees, or costs, if any, is limited, included without limitation by 35 U.S.C. §§ 286, 287, and/or 288.

### OTHER APPLICABLE DEFENSES

CSB expressly reserves the right to assert any other legal or equitable defenses to which it is shown to be entitled.

### CSB'S COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff Charles Schwab Bank, SSB ("CSB") alleges as follows for its counterclaims against Counterclaim-Defendant Textile Computer Systems, Inc. ("Plaintiff" or "Textile").

### PARTIES

1.      CSB is a Texas-chartered state savings bank, and has its principal place of business at 3000 Schwab Way, Westlake, TX 76262.

2.      On information and belief, including based upon paragraph 2 of the Complaint, Textile is a corporation formed under the laws of the State of Texas, with a place of business at 618 Bluff Trail, San Antonio, Texas, 78216.

**JURISDICTION AND VENUE**

3.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

4.      Textile is subject to the personal jurisdiction of this Court because Textile is the named plaintiff and consented to this venue by filing its Complaint for patent infringement here, in response to which these counterclaims are asserted.

5.      Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**CHARLES SCHWAB'S FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,505,079**

6.      CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

7.      By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 8,505,079 ("the '079 Patent").

8.      CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '079 Patent.

9.      A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '079 Patent.

10.      CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '079 Patent.

**CSB'S SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
INVALIDITY OF U.S. PATENT NO. 8,505,079**

11.    CSB realleges and incorporates by reference each and all of the above paragraphs
of these counterclaims.

12.    By virtue of the Complaint, an actual and justiciable controversy exists between
Textile and CSB concerning the validity of the '079 Patent.

13.    The claims of the '079 Patent are invalid for failure to satisfy one or more
requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*,
including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if
set forth in full herein its invalidity and subject matter eligibility contentions regarding the '079
Patent.

14.    CSB is entitled to a declaration from this Court that the '079 Patent is invalid.

**CSB'S THIRD COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 8,533,802**

15.    CSB realleges and incorporates by reference each and all of the above paragraphs
of these counterclaims.

16.    By virtue of the Complaint, an actual and justiciable controversy exists between
Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 8,533,802 ("the '802
Patent").

17.    CSB is not infringing and has not infringed any properly construed, valid and
enforceable claim of the '802 Patent.

18.    A judicial declaration is necessary and appropriate so that CSB may ascertain its
rights with respect to the '802 Patent.

19.    CSB is entitled to a declaration from this Court that CSB is not infringing and has
not infringed any properly construed, valid and enforceable claim of the '802 Patent.

**CSB'S FOURTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,533,802**

20.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

21.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '802 Patent.

22.     The claims of the '802 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '802 Patent.

23.     CSB is entitled to a declaration from this Court that the '802 Patent is invalid.

**CSB'S FIFTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 9,584,499**

24.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

25.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 9,584,499 ("the '499 Patent").

26.     CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '499 Patent.

27.     A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '499 Patent.

28.     CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '499 Patent.

**CSB'S SIXTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
INVALIDITY OF U.S. PATENT NO. 9,584,499**

29.     CSB realleges and incorporates by reference each and all of the above paragraphs

of these counterclaims.

30.     By virtue of the Complaint, an actual and justiciable controversy exists between

Textile and CSB concerning the validity of the '499 Patent.

31.     The claims of the '499 Patent are invalid for failure to satisfy one or more

requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*,

including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if

set forth in full herein its invalidity and subject matter eligibility contentions regarding the '499

Patent.

32.     CSB is entitled to a declaration from this Court that the '499 Patent is invalid.

**CSB'S SEVENTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF U.S. PATENT NO. 10,148,659**

33.     CSB realleges and incorporates by reference each and all of the above paragraphs

of these counterclaims.

34.     By virtue of the Complaint, an actual and justiciable controversy exists between

Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 10,148,659 ("the

'659 Patent").

35.     CSB is not infringing and has not infringed any properly construed, valid and

enforceable claim of the '659 Patent.

36.     A judicial declaration is necessary and appropriate so that CSB may ascertain its

rights with respect to the '659 Patent.

37.     CSB is entitled to a declaration from this Court that CSB is not infringing and has

not infringed any properly construed, valid and enforceable claim of the '659 Patent.

## CSB'S EIGHTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,148,659

38.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

39.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '659 Patent.

40.     The claims of the '659 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '659 Patent.

41.     CSB is entitled to a declaration from this Court that the '659 Patent is invalid.

## CSB'S NINTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,560,454

42.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

43.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning CSB's alleged infringement of U.S. Patent No. 10,560,454 ("the '454 Patent").

44.     CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '454 Patent.

45.     A judicial declaration is necessary and appropriate so that CSB may ascertain its rights with respect to the '454 Patent.

46.     CSB is entitled to a declaration from this Court that CSB is not infringing and has not infringed any properly construed, valid and enforceable claim of the '454 Patent.

## CSB'S TENTH COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,560,454

47.     CSB realleges and incorporates by reference each and all of the above paragraphs of these counterclaims.

48.     By virtue of the Complaint, an actual and justiciable controversy exists between Textile and CSB concerning the validity of the '454 Patent.

49.     The claims of the '454 Patent are invalid for failure to satisfy one or more requirements and/or conditions for patentability under Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.  CSB incorporates by reference as if set forth in full herein its invalidity and subject matter eligibility contentions regarding the '454 Patent.

50.     CSB is entitled to a declaration from this Court that the '454 Patent is invalid.

### CSB'S PRAYER FOR RELIEF

WHEREFORE, CSB denies that Plaintiff is entitled to any of the relief sought in its Complaint or otherwise and, accordingly, respectfully requests the following relief:

A.     The entry of judgment in favor of CSB, and against Plaintiff, with Plaintiff being awarded no relief of any kind sought in its Complaint or otherwise;

B.     A declaration that CSB does not and has not infringed, literally or under the doctrine of equivalents, directly or indirectly, or otherwise, any claim of U.S. Patent Nos. 8,505,079, 8,533,802, 9,584,499, 10,148,659, and 10,560,454;

C.     A declaration that the asserted claims of U.S. Patent Nos. 8,505,079, 8,533,802, 9,584,499, 10,148,659, and 10,560,454 are invalid for failing to meet the requirements of Title 35, United States Code § 1, *et seq.*, including without limitation §§ 101, 102, 103, and/or 112;

D.     A declaration that CSB is the prevailing party and awarding its costs under 28 U.S.C. § 1920, Fed. R. Civ. P. 54, and all other applicable law and statutes; and

E.     An award to CSB of such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 19, 2022

Respectfully submitted,

/s/ Hilda C. Galvan
Hilda C. Galvan
Texas State Bar No. 00787512
Email:  hcgalvan@jonesday.com
Keith B. Davis
Texas State Bar No. 24037895
Email:  kbdavis@jonesday.com
Christopher A. Buxton
Texas State Bar No. 24116154
Email:  cbuxton@jonesday.com
**JONES DAY**
2727 N. Harwood Street, Suite 500
Dallas, TX 75201-1515
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

*Attorneys for Defendant Charles Schwab Bank, SSB*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By:  */s/ Hilda C. Galvan*

*EXHIBIT 3C*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | |
| Plaintiff, | Civil Action No. 6:21-cv-1052-ADA |
| v. | **JURY TRIAL DEMANDED** |
| COMERICA BANK, | |
| Defendant. | |

**COMERICA BANK'S ANSWER, AFFIRMATIVE
AND OTHER DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Comerica Bank ("Defendant"), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Comerica Bank denies the allegations of the Complaint except as specifically set forth herein.[1]

**PARTIES**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2.      Defendant admits that it has places of business in Austin, Texas and San Antonio,

---

[1]   For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

Texas.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.      Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.      Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.      Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.      Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.      Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281 and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and continues to conduct business in the State of Texas. Defendant denies each and every other allegation against it set forth in Paragraph 9 of the Complaint.

10.     For the purposes of this matter, Defendant does not contest that venue is proper in

this District pursuant to 28 U.S.C. § 1400. Defendant admits that it has places of business at 13750 San Pedro, Suite 100, San Antonio, Texas 78232 and at 100 N. Santa Rosa St., Suite 110, San Antonio, Texas 78207. Defendant admits that it offers debit and credit cards. Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## BACKGROUND

11.     Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16.     Defendant states that the Asserted Patents and the EMVCo document speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18.     Defendant states that the Asserted Patents and the EMVCo document speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19.     Defendant states that the EMVCo document speaks for itself.

20.     Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate.  Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent. Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies

each and every other allegation set forth therein.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,505,079**

21.　　Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013.　Defendant states that the '079 Patent speaks for itself.　Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office.　Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.　　Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.　　Defendant admits that it offers debit and credit cards, and that its website, including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself.　Defendant denies any allegation regarding a "Comerica card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24.　　Denied.

25.　　Denied.

26.　　Denied.

27.　　Denied.

28.　　Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and, therefore, denies each and every other allegation set forth therein.

41.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and, therefore, denies each and every other allegation set forth therein.

42.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies

each and every other allegation against it set forth in Paragraph 43 of the Complaint.

43. Denied.

44. Denied.

45. Denied.

**COUNT II**

**INFRINGEMENT OF U.S. PATENT NO. 8,533,802**

46. Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself. Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 46 of the Complaint.

47. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and, therefore, denies each and every allegation set forth therein.

48. Defendant admits that it offers debit and credit cards, and that its website, including the webpage referenced in part in Paragraph 48 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Comerica card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 of the Complaint and, therefore, denies each and every other allegation set forth therein.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 61 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 61 of the Complaint.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint and, therefore, denies each and every other allegation set forth therein.

67. Defendant is without sufficient knowledge or information to form a belief as to the

truth of the allegations set forth in Paragraph 67 of the Complaint and, therefore, denies each and every other allegation set forth therein.

68.     Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69.     Denied.

70.     Denied.

71.     Denied.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 9,584,499

72.     Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017.  Defendant states that the '499 Patent speaks for itself.  Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 72 of the Complaint.

73.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint and, therefore, denies each and every allegation set forth therein.

74.     Defendant admits that it offers debit and credit cards, and that its website, including the webpage referenced in part in Paragraph 74 of the Complaint, speaks for itself.  Defendant denies any allegation regarding a "Comerica transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations set forth in Paragraph 74 of the Complaint and, therefore, denies each and every other allegation set forth therein.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 88 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 86 of the Complaint.

87.     Denied.

88.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 88

of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 88 of the Complaint.

89.　　Denied.

90.　　Denied.

91.　　Denied.

92.　　Denied.

93.　　Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 93 of the Complaint.

94.　　Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 94 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 94 of the Complaint.

95.　　Denied.

96.　　Denied.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 10,148,659

97.　　Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018. Defendant states that the '659 Patent speaks for itself. Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein,

Defendant denies each and every other allegation against it set forth in Paragraph 97 of the Complaint.

98.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint and, therefore, denies each and every allegation set forth therein.

99.     Defendant admits that it offers debit and credit cards, and that its website, including the webpage referenced in part in Paragraph 99 of the Complaint, speaks for itself.  Defendant denies any allegation regarding a "Comerica transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 99 of the Complaint and, therefore, denies each and every other allegation set forth therein.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.     Denied.

105.     Denied.

106.     Denied.

107.     Denied.

108.     Denied

109.     Denied.

110.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659

Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 110 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 110 of the Complaint.

111.    Denied.

112.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 112 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 112 of the Complaint.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Defendant admits that it had knowledge of the '659 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 117 of the Complaint.

118.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 118 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 118 of the Complaint.

119.    Denied.

120.    Denied.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 10,560,454

121.    Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020. Defendant states that the '454 Patent speaks for itself. Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 121 of the Complaint.

122.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Complaint and, therefore, denies each and every allegation set forth therein.

123.    Defendant admits that it offers debit and credit cards, and that its website, including the webpage referenced in part in Paragraph 123 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Comerica transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 123 of the Complaint and, therefore, denies each and every other allegation set forth therein.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 134 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 134 of the Complaint.

135.    Denied.

136.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 136 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 136 of the Complaint.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Defendant admits that it had knowledge of the '454 Patent as of the date when it

was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 141 of the Complaint.

142. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 142 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 142 of the Complaint.

143. Denied.

144. Denied.

## ADDITIONAL ALLEGATIONS REGARDING INFRINGEMENT

145. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 145 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 145 of the Complaint.

146. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 146 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 146 of the Complaint.

147.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 147 of the Complaint.

148.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth

in Paragraph 150 of the Complaint.

151.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every

such allegation.  Defendant denies each and every other allegation set forth in Paragraph 154 of the Complaint.

155.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 155 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 155 of the Complaint.

156.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 156 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 156 of the Complaint.

157.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 157 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 157 of the Complaint.

158.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in

Paragraph 158 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 158 of the Complaint.

159.    Denied.

160.    Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 160 of the Complaint.

161.    Denied.

162.    Denied.

163.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) has been dismissed.  To the extent a response is required to any such allegations in Paragraph 163 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 163 of the Complaint.

164.    Denied.

## JURY DEMAND

165.    Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

166.    Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a.

through f. of its Prayer for Relief.

## DEFENDANT'S JURY DEMAND

Defendant Comerica Bank demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

### First Affirmative Defense

1.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### Second Affirmative Defense

2.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver,

equitable estoppel, and/or acquiescence.

### Fourth Affirmative Defense

4.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

### Fifth Affirmative Defense

5.      Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that has infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

### Sixth Affirmative Defense

6.      Upon information and belief, Defendant states that the patent infringement claims asserted by Plaintiff are barred on the grounds of patent misuse.

### Seventh Affirmative Defense

7.      Defendant denies that Plaintiff is entitled to any of the relief requested.

### Eighth Affirmative Defense

8.      To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

### Ninth Affirmative Defense

9.      To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, Defendant is not liable to Plaintiff for the acts alleged

to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

## Tenth Affirmative Defense

10.     To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

## Eleventh Affirmative Defense

11.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Twelfth Affirmative Defense

12.     Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

## Thirteenth Affirmative Defense

13.     Upon information and belief, Defendant states that, by reason of the prior proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and,

in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Fourteenth Affirmative Defense

14.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of the '079, '802, '659, and '454 Patents to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of the Asserted Patents have not complied with the notice requirements of 35 U.S.C. § 287.

## Fifteenth Affirmative Defense

15.     Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

## Sixteenth Affirmative Defense

16.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

## Seventeenth Affirmative Defense

17.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Eighteenth Affirmative Defense

18.     Plaintiff is not entitled to an injunction. Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Nineteenth Affirmative Defense

19.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit

from it.

## Twenty-Second Affirmative Defense

22.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

## Twenty-Third Affirmative Defense

23.     On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.

WHEREFORE, Comerica Bank denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Comerica Bank, with prejudice;

B.     Finding that Comerica Bank has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

C.     Finding that each claim of the Asserted Patents is unpatentable;

D.     Finding that each claim of the Asserted Patents is invalid;

E.     Finding that each claim of the Asserted Patents is unenforceable;

F.     Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Comerica Bank and/or any of its respective officers, agents, servants,

employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Comerica Bank, or any of its customers, vendors, agents, successors and assigns;

G.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Comerica Bank its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

H.      Awarding to Comerica Bank such other and further relief and damages as the Court deems just and proper under the circumstances.

### COUNTERCLAIMS

Comes now Defendant and Counterclaim-Plaintiff Comerica Bank ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

**Nature of the Action**

1.       These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

**Jurisdiction and Venue**

2.       This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

**The Parties**

3.       Counterclaim-Plaintiff Comerica Bank is a subsidiary of Comerica Incorporated, a financial services company organized under the laws of the state of Delaware, with its principal place of business located at 1717 Main Street, MC 6404, Dallas, Texas 75201.

4.       Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

**Acts Giving Rise to the Counterclaim**

5.       On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.      By such actions, Counterclaim-Defendant has created an actual and justiciable case and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.      Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.      Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.      At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10.      Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

## Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.     At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

> (a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

> (b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

> (c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

> (d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

> (e) The patentee did not himself invent the subject matter claimed;

> (f) The patentee abandoned the alleged invention(s);

> (g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## **COUNTERCLAIM COUNT III**

### **Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079**

15.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.     Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive

an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

20.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium

operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24.    At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25.    Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802

27.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

> (a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

> (b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

> (c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

> (d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

> (e) The patentee did not himself invent the subject matter claimed;

> (f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31.     Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said

authorized user that said requester purports to be"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.    Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.    Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive

input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,533,802.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,

Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499

45.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46.     Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the

secured resource identity by searching the key string table for the key string"; "determining transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

## COUNTERCLAIM COUNT X

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659

51.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible

application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

53.    Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XI

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659

55.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.    At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in

this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them and

(k) The asserted claims do not particularly point out and distinctly claim the subject

matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59.     Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the

at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second

authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63.    Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and

transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both;" "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to

use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent

No. 10,560,454.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

## Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by

the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74.     Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## Jury Demand

Counterclaim-Plaintiff Comerica Bank demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Comerica respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.     Declare that Comerica Bank has not infringed upon any of the claims of the Asserted Patents;

B.     Declare that each claim of the Asserted Patents is unpatentable;

C.     Declare that each claim of the Asserted Patents is invalid;

D.    Declare that each claim of the Asserted Patents is unenforceable;

E.    Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Comerica and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Comerica Bank, or any of its customers, vendors, agents, successors and assigns;

F.    Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Comerica Bank its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.    Awarding to Comerica Bank such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 19, 2022

Respectfully submitted,

*/s/ Marc Vander Tuig*
Michael C. Smith
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Paige Stradley (*pro hac vice*)
Rachel Zimmerman Scobie (*pro hac vice*)
Jeffrey Blake (*pro hac vice*)
MERCHANT & GOULD P.C.
150 S. Fifth Street, Suite 2200
Minneapolis, MN 55402
pstradley@merchantgould.com
rscobie@merchantgould.com
jblake@merchantgould.com

Richard L. Brophy (*pro hac vice*)
Marc Vander Tuig (*pro hac vice*)
Wenkai Tzeng (*pro hac vice*)
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
Tel: (314) 621-5070
Fax: (314) 621-5065
rbrophy@atllp.com
mvandertuig@atllp.com
wtzeng@atllp.com

***Attorneys for Defendant***
***Comerica Bank in connection with***
***allegations arising in Case No. 6:21-cv-1052***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: *<u>/s/ Marc Vander Tuig</u>*

*EXHIBIT 3D*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | |
| Plaintiff, | Civil Action No. 6:21-cv-01053-ADA |
| v. | **JURY TRIAL DEMANDED** |
| FROST BANK, | |
| Defendant. | |

**DEFENDANT FROST BANK'S ANSWER AND COUNTERCLAIMS TO**
**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Frost Bank ("Frost"), by its attorneys, hereby answers the Original Complaint

for Patent Infringement of Plaintiff Textile Computer Systems, Inc. ("Textile" or "Plaintiff") as

follows:

**PARTIES**

1.      Frost lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 1 and, therefore, they are denied.

2.      To the extent the allegations in Paragraph 2 of the Complaint set forth legal

conclusions, no response is required.  Frost admits that it is a bank organized and existing under

the laws of Texas.  Frost admits that its headquarters are at 111 West Houston Street, San Antonio,

Texas 78205.  Frost denies all remaining allegations set forth in Paragraph 2 of the Complaint.

3.      To the extent the allegations in Paragraph 3 of the Complaint set forth legal

conclusions, no response is required.  Because the terms and phrases "affiliates," "interrelated

group of companies," and "country's largest banking and financial service entities" are not defined,

1

Frost lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 and, therefore, they are denied.

4.      To the extent the allegations in Paragraph 4 of the Complaint set forth legal conclusions, no response is required.  Frost denies all allegations of infringement, within this district, the State of Texas, or elsewhere.  Frost denies all remaining allegations set forth in Paragraph 4 of the Complaint.

5.      To the extent the allegations in Paragraph 5 of the Complaint set forth legal conclusions, no response is required.  Frost denies all allegation of wrongdoing or infringement. Frost denies all remaining allegations set forth in Paragraph 5 of the Complaint.

6.      To the extent the allegations in Paragraph 6 of the Complaint set forth legal conclusions, no response is required.  Frost admits that it contracts with customers.  Frost admits that it contracts with certain payment networks.  Frost denies all allegations of wrongdoing or infringement.  Frost denies all remaining allegations set forth in Paragraph 6 of the Complaint.

7.      To the extent the allegations in Paragraph 7 of the Complaint set forth legal conclusions, no response is required.  Frost denies all allegations of wrongdoing or infringement. Frost denies all remaining allegations set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Frost admits that the Complaint purports to state a claim for patent infringement under 35 U.S.C. §§ 271, 281, and 284-85.  Frost admits that this Court has subject matter jurisdiction over patent actions under 28 U.S.C. §§ 1331 and 1338(a).  Frost denies that any of its actions give rise to a claim for patent infringement.  Frost denies all allegations of infringement.

9.      To the extent the allegations in Paragraph 9 of the Complaint set forth legal conclusions, no response is required.  Frost does not dispute that this Court has personal

jurisdiction over Frost for purposes of this action. Frost admits that it has done and continues to do business in Texas. Frost denies all allegations of infringement in Texas or elsewhere, and therefore denies any injury to Plaintiff. Frost denies all remaining allegations set forth in Paragraph 9 of the Complaint.

10.     To the extent the allegations in Paragraph 10 of the Complaint set forth legal conclusions, no response is required. Frost does not dispute that venue is proper in this district for purposes of this action. Frost admits that it issues debit and/or credit cards in the district. Frost admits that it has a regular and established place of business in this district at 111 W. Houston, St., San Antonio, Texas 78205. Frost denies that it has committed acts of patent infringement in this district or elsewhere and, therefore, denies any injury to Plaintiff. Frost denies all remaining allegations set forth in Paragraph 10 of the Complaint.

## BACKGROUND

11.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, they are denied.

12.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, they are denied.

13.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, they are denied.

## THE TECHNOLOGY

14.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, therefore, they are denied.

15.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, they are denied.

16.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, therefore, they are denied.

17.     Frost denies that the technology claimed in the Asserted Patents "is far from conventional technology" and "was not existing or conventional technology."  Frost lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, therefore, they are denied.

18.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and, therefore, they are denied.

19.     Frost admits that a screenshot purportedly from an EMVCo document states that "In today's connected world, protecting data can be challenging.  A particularly sensitive piece of payment data when shopping only is the primary account number (PAN) – the number on payment cards that is used to make purchases" and that "[t]his enhances the underlying security of digital and online payments by limiting the risk of the PAN being compromised or used fraudulently / without authorization."  Frost lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, therefore, they are denied.

20.     To the extent the allegations in Paragraph 20 of the Complaint set forth legal conclusions, no response is required.  Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and, therefore, they are denied

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 8,505,079**

21.     Frost incorporates by reference its responses to the allegations in Paragraphs 1-20 of the Complaint as though fully set forth herein.

22.     Frost admits that U.S. Patent No. 8,505,079 (the "'079 Patent") is titled "Authentication System and Related Method" and indicates on its face that is issued on August 6,

2013.  Frost lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, they are denied.

23.      Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, therefore, they are denied.

24.      Frost admits that it offers debit and/or credit cards and that Frost offers Frost Visa debit cards.  Frost denies all remaining allegations in Paragraph 23 of the Complaint.

25.      Frost denies the allegations of Paragraph 24 of the Complaint.

26.      Frost denies the allegations of Paragraph 25 of the Complaint.

27.      Frost denies the allegations of Paragraph 26 of the Complaint.

28.      Frost denies the allegations of Paragraph 27 of the Complaint.

29.      Frost denies the allegations of Paragraph 28 of the Complaint.

30.      Frost denies the allegations of Paragraph 29 of the Complaint.

31.      Frost denies the allegations of Paragraph 30 of the Complaint.

32.      Frost denies the allegations of Paragraph 31 of the Complaint.

33.      Frost denies the allegations of Paragraph 32 of the Complaint.

34.      Frost denies the allegations of Paragraph 33 of the Complaint.

35.      Frost denies the allegations of Paragraph 34 of the Complaint.

36.      Frost denies the allegations of Paragraph 35 of the Complaint.

37.      Frost denies the allegations of Paragraph 36 of the Complaint.

38.      Frost denies the allegations of Paragraph 37 of the Complaint.

39.      Frost denies the allegations of Paragraph 38 of the Complaint.

40.      Frost denies the allegations of Paragraph 39 of the Complaint.

41.      Frost denies the allegations of Paragraph 40 of the Complaint.

42.     Frost denies the allegations of Paragraph 41 of the Complaint.

43.     Frost admits that it received notice of the '079 Patent on or shortly after the filing date of the Complaint.  Frost denies all remaining allegations in Paragraph 42 of the Complaint.

44.     Frost denies the allegations of Paragraph 43 of the Complaint.

45.     Frost denies the allegations of Paragraph 44 of the Complaint.

46.     Frost denies the allegations of Paragraph 45 of the Complaint.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 8,533,802**

47.     Frost incorporates by reference its responses to the allegations in Paragraphs 1-45 of the Complaint as though fully set forth herein.

48.     Frost admits that U.S. Patent No. 8,533,802 (the "'802 Patent") is titled "Authentication System and Related Method" and indicates on its face that is issued on September 10, 2013.  Frost lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 and, therefore, they are denied.

49.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, they are denied.

50.     Frost admits that it offers debit and/or credit cards and that Frost offers Frost Visa debit cards.  Frost denies all remaining allegations in Paragraph 48 of the Complaint.

51.     Frost denies the allegations of Paragraph 49 of the Complaint.

52.     Frost denies the allegations of Paragraph 50 of the Complaint.

53.     Frost denies the allegations of Paragraph 51 of the Complaint.

54.     Frost denies the allegations of Paragraph 52 of the Complaint.

55.     Frost denies the allegations of Paragraph 53 of the Complaint.

56.     Frost denies the allegations of Paragraph 54 of the Complaint.

57.     Frost denies the allegations of Paragraph 55 of the Complaint.

58.     Frost denies the allegations of Paragraph 56 of the Complaint.

59.     Frost denies the allegations of Paragraph 57 of the Complaint.

60.     Frost denies the allegations of Paragraph 58 of the Complaint.

61.     Frost denies the allegations of Paragraph 59 of the Complaint.

62.     Frost denies the allegations of Paragraph 60 of the Complaint.

63.     Frost denies the allegations of Paragraph 61 of the Complaint.

64.     Frost denies the allegations of Paragraph 62 of the Complaint.

65.     Frost denies the allegations of Paragraph 63 of the Complaint.

66.     Frost denies the allegations of Paragraph 64 of the Complaint.

67.     Frost denies the allegations of Paragraph 65 of the Complaint.

68.     Frost denies the allegations of Paragraph 66 of the Complaint.

69.     Frost denies the allegations of Paragraph 67 of the Complaint.

70.     Frost admits that it received notice of the '802 Patent on or shortly after the filing

date of the Complaint.  Frost denies all remaining allegations in Paragraph 68 of the Complaint.

71.     Frost denies the allegations of Paragraph 69 of the Complaint.

72.     Frost denies the allegations of Paragraph 70 of the Complaint.

73.     Frost denies the allegations of Paragraph 71 of the Complaint.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,584,499

74.     Frost incorporates by reference its responses to the allegations in Paragraphs 1-71

of the Complaint as though fully set forth herein.

75.     Frost admits that U.S. Patent No. 9,584,499 (the "'499 Patent") is titled

"Authentication System and Related Method" and indicates on its face that is issued on February

28, 2017.  Frost lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 and, therefore, they are denied.

76.     Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, therefore, they are denied.

77.     Frost admits that it offers debit and/or credit cards and that Frost offers Frost Visa debit cards.  Frost denies all remaining allegations in Paragraph 74 of the Complaint.

78.     Frost denies the allegations of Paragraph 75 of the Complaint.

79.     Frost denies the allegations of Paragraph 76 of the Complaint.

80.     Frost denies the allegations of Paragraph 77 of the Complaint.

81.     Frost denies the allegations of Paragraph 78 of the Complaint.

82.     Frost denies the allegations of Paragraph 79 of the Complaint.

83.     Frost denies the allegations of Paragraph 80 of the Complaint.

84.     Frost denies the allegations of Paragraph 81 of the Complaint.

85.     Frost denies the allegations of Paragraph 82 of the Complaint.

86.     Frost denies the allegations of Paragraph 83 of the Complaint.

87.     Frost denies the allegations of Paragraph 84 of the Complaint.

88.     Frost denies the allegations of Paragraph 85 of the Complaint.

89.     Frost denies the allegations of Paragraph 86 of the Complaint.

90.     Frost denies the allegations of Paragraph 87 of the Complaint.

91.     Frost denies the allegations of Paragraph 88 of the Complaint.

92.     Frost denies the allegations of Paragraph 89 of the Complaint.

93.     Frost denies the allegations of Paragraph 90 of the Complaint.

94.     Frost denies the allegations of Paragraph 91 of the Complaint.

95.     Frost denies the allegations of Paragraph 92 of the Complaint.

96.     Frost admits that it received notice of the '499 Patent on or shortly after the filing

date of the Complaint.  Frost denies all remaining allegations in Paragraph 93 of the Complaint.

97.     Frost denies the allegations of Paragraph 94 of the Complaint.

98.     Frost denies the allegations of Paragraph 95 of the Complaint.

99.     Frost denies the allegations of Paragraph 96 of the Complaint.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 10,148,659

100.    Frost incorporates by reference its responses to the allegations in Paragraphs 1-96

of the Complaint as though fully set forth herein.

101.    Frost admits that U.S. Patent No. 10,148,659 (the "'659 Patent") is titled

"Authentication System and Related Method" and indicates on its face that is issued on December

4, 2018.  Frost lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 97 and, therefore, they are denied.

102.    Frost lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 98 and, therefore, they are denied.

103.    Frost admits that it offers debit and/or credit cards and that Frost offers Frost Visa

debit cards.  Frost denies all remaining allegations in Paragraph 99 of the Complaint.

104.    Frost denies the allegations of Paragraph 100 of the Complaint.

105.    Frost denies the allegations of Paragraph 101 of the Complaint.

106.    Frost denies the allegations of Paragraph 102 of the Complaint.

107.    Frost denies the allegations of Paragraph 103 of the Complaint.

108.    Frost denies the allegations of Paragraph 104 of the Complaint.

109.    Frost denies the allegations of Paragraph 105 of the Complaint.

110.    Frost denies the allegations of Paragraph 106 of the Complaint.

111.    Frost denies the allegations of Paragraph 107 of the Complaint.

112.    Frost denies the allegations of Paragraph 108 of the Complaint.

113.    Frost denies the allegations of Paragraph 109 of the Complaint.

114.    Frost denies the allegations of Paragraph 110 of the Complaint.

115.    Frost denies the allegations of Paragraph 111 of the Complaint.

116.    Frost denies the allegations of Paragraph 112 of the Complaint.

117.    Frost denies the allegations of Paragraph 113 of the Complaint.

118.    Frost denies the allegations of Paragraph 114 of the Complaint.

119.    Frost denies the allegations of Paragraph 115 of the Complaint.

120.    Frost denies the allegations of Paragraph 116 of the Complaint.

121.    Frost admits that it received notice of the '659 Patent on or shortly after the filing

date of the Complaint.  Frost denies all remaining allegations in Paragraph 117 of the Complaint.

122.    Frost denies the allegations of Paragraph 118 of the Complaint.

123.    Frost denies the allegations of Paragraph 119 of the Complaint.

124.    Frost denies the allegations of Paragraph 120 of the Complaint.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 10,560,454**

125.    Frost incorporates by reference its responses to the allegations in Paragraphs 1-120

of the Complaint as though fully set forth herein.

126.    Frost admits that U.S. Patent No. 10,560,454 (the "'454 Patent") is titled

"Authentication System and Related Method" and indicates on its face that is issued on February

11, 2020.  Frost lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 121 and, therefore, they are denied.

10

127.    Frost lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, they are denied.

128.    Frost admits that it offers debit and/or credit cards and that Frost offers Frost Visa debit cards.  Frost denies all remaining allegations in Paragraph 123 of the Complaint.

129.    Frost denies the allegations of Paragraph 124 of the Complaint.

130.    Frost denies the allegations of Paragraph 125 of the Complaint.

131.    Frost denies the allegations of Paragraph 126 of the Complaint.

132.    Frost denies the allegations of Paragraph 127 of the Complaint.

133.    Frost denies the allegations of Paragraph 128 of the Complaint.

134.    Frost denies the allegations of Paragraph 129 of the Complaint.

135.    Frost denies the allegations of Paragraph 130 of the Complaint.

136.    Frost denies the allegations of Paragraph 131 of the Complaint.

137.    Frost denies the allegations of Paragraph 132 of the Complaint.

138.    Frost denies the allegations of Paragraph 133 of the Complaint.

139.    Frost denies the allegations of Paragraph 134 of the Complaint.

140.    Frost denies the allegations of Paragraph 135 of the Complaint.

141.    Frost denies the allegations of Paragraph 136 of the Complaint.

142.    Frost denies the allegations of Paragraph 137 of the Complaint.

143.    Frost denies the allegations of Paragraph 138 of the Complaint.

144.    Frost denies the allegations of Paragraph 139 of the Complaint.

145.    Frost denies the allegations of Paragraph 140 of the Complaint.

146.    Frost admits that it received notice of the '454 Patent on or shortly after the filing date of the Complaint.  Frost denies all remaining allegations in Paragraph 141 of the Complaint.

147.     Frost denies the allegations of Paragraph 142 of the Complaint.

148.     Frost denies the allegations of Paragraph 143 of the Complaint.

149.     Frost denies the allegations of Paragraph 144 of the Complaint.

**ADDITIONAL ALLEGATONS REGARDING INFRINGEMENT**[1]

150.     Frost incorporates by reference its responses to the allegations in Paragraphs 1-144 of the Complaint as though fully set forth herein.

151.     Frost denies the allegations of Paragraph 145 of the Complaint.

152.     Frost denies the allegations of Paragraph 146 of the Complaint.

153.     Frost denies the allegations of Paragraph 147 of the Complaint.

154.     Frost denies the allegations of Paragraph 148 of the Complaint.

155.     Frost denies the allegations of Paragraph 149 of the Complaint.

156.     Frost denies the allegations of Paragraph 150 of the Complaint.

157.     Frost denies the allegations of Paragraph 151 of the Complaint.

158.     Frost denies the allegations of Paragraph 152 of the Complaint.

159.     Frost denies the allegations of Paragraph 153 of the Complaint.

160.     Frost denies the allegations of Paragraph 159 of the Complaint.

161.     Frost admits that it obtained knowledge of the '079, '802, '499, '659, and '454 Patents on or shortly after the filing date of the Complaint.  Frost denies all remaining allegations of Paragraph 160 of the Complaint.

162.     Frost denies the allegations of Paragraph 161 of the Complaint.

163.     Frost denies the allegations of Paragraph 162 of the Complaint.

---

[1] The Court dismissed without prejudice Textile's contributory infringement claims as to all patents (*see* Dkt. No. 49).  As such, the allegations in at least Paragraphs 154 through 158 have been dismissed.  Frost therefore does not respond with respect to those paragraphs.

164.    Frost denies the allegations of Paragraph 163 of the Complaint.

165.    Frost denies the allegations of Paragraph 164 of the Complaint.

## GENERAL DENIAL

166.    Frost denies every allegation in the Complaint that was not specifically admitted above.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

167.    Frost admits that the Complaint sets forth a demand for jury trial.

## PLAINTIFF'S PRAYER FOR RELIEF

168.    Frost denies that Plaintiff is entitled to any relief, whether as requested or otherwise.

## FROST'S AFFIRMATIVE DEFENSES

Further answering the Complaint and as additional defenses thereto, Frost asserts the following defenses.  Frost reserves the right to add additional defenses and/or supplement its defenses as its investigation continues and as discovery progresses.  Frost therefore reserves its right to amend this Answer.

### First Affirmative Defense (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.  For example, the Complaint fails to plead its claim for patent infringement with the specificity required under the *Iqbal/Twombly* pleading standard.

### Second Affirmative Defense (Noninfringement)

Frost does not infringe and has not infringed any valid, enforceable claim of the of the allegedly infringed patents (the "Asserted Patents"), either directly, jointly, indirectly, contributorily, literally, through the doctrine of equivalents, or otherwise, and has not induced others to infringe any of the Asserted Patents.  For example, Frost does not practice all limitations

13

of any claim of the Asserted Patents.

### Third Affirmative Defense (Invalidity)

Each and every claim of the Asserted Patents is invalid for failure to meet one or more conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, and/or 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code. For example, each claim is invalid for as claiming concepts already known in the public at the time of the alleged invention. As another example, the claims are not eligible for patent because they are directed to ineligible subject matter. As yet another example, the claims are indefinite; the claims of each Asserted Patent lack written description support in the associated specification of each patent; and the specification of each patent does not include a written description of the claimed subject matter.

### Fourth Affirmative Defense (Prosecution History Estoppel and Disclaimer)

Plaintiff's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or disclaimer.

### Fifth Affirmative Defense (No Right to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because any injury to it is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any claims it can prove.

### Sixth Affirmative Defense (Equitable Defenses)

Plaintiff is barred from recovery in whole or in part by the doctrines of equitable estoppel, unclean hands, or waiver.

### Seventh Affirmative Defense (Limitation on Damages)

Any potential recovery by Plaintiff is limited by statutory damages limitations, including without limitation 35 U.S.C. §§ 154, 286, 287, and/or 288. To the extent that Plaintiff seeks

damages past the expiration of the asserted patent, its claims are barred, including under 35 U.S.C. § 154.  To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this civil action, its claims are barred by the statute of limitations under 35 U.S.C. § 286.  Plaintiff's claims for damages are statutorily limited under 35 U.S.C. § 287 to the extent Plaintiff failed to properly mark any of its relevant products or failed to require others to mark any relevant products as required by 35 U.S.C. § 287.  Plaintiff is also barred from recovering any costs associated with this civil action under 35 U.S.C. § 288.

### Eighth Affirmative Defense (License, Implied License, and Exhaustion)

Plaintiff's claims are barred, in whole or in part, by the doctrines of license, implied license, and/or exhaustion.  For example, Plaintiff's claims are barred to the extent that its allegations rely on the operation of any licensed product or service.

### Ninth Affirmative Defense (Acts of Others and No Causation)

Plaintiff's claims against Frost are barred because Plaintiff's damages, if any, were caused by acts of others and not by Frost and the alleged acts of infringement were performed by others and not Frost.  In particular, at least some elements of every claim of the Asserted Patents are performed by third parties—not Frost—and Frost does not direct or control any actions or components of such third parties and Frost and such third parties do not form a joint enterprise.

### Tenth Affirmative Defense (Ensnarement)

Plaintiff cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the accused products because such an asserted claim scope would encompass or ensnare the prior art.

### Eleventh Affirmative Defense (Attorneys' Fees and Costs)

Plaintiff cannot show this is an exceptional case, and therefore has no basis to recovery of

attorneys' fees and cannot recover costs as a matter of law.

## Reservation of Rights

Frost has insufficient knowledge or information upon which to form a belief as to whether it may have yet unstated separate and additional defenses available. Frost reserves the right to assert additional affirmative defenses that become available or appear during discovery proceedings in this action and reserves the right to amend this pleading and to assert any such additional affirmative defenses.

## COUNTERCLAIMS

1.      Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff Frost asserts the following Counterclaims against Plaintiff Textile (hereinafter, "Counter-Defendant").

## THE PARTIES

2.      Frost Bank is a Texas state bank.

3.      Textile has stated that it is a corporation formed under the laws of the State of Texas, with a place of business at 618 Bluff Trail, San Antonio, Texas, 78216.

4.      Counter-Defendant Textile claims to be the owner of U.S. Patent Nos. 8,505,079 (the "'079 Patent"), 8,533,802 (the "'802 Patent"), 9,584,499 (the "'499 Patent"), 10,148,659 (the "'659 Patent"), and 10,560,454 (the "'454 Patent") (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

5.      This is an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, et seq. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

6.      An actual, substantial, and continuing controversy exists between Counter-Plaintiff Frost and Counter-Defendant Textile with respect to which Frost requires a declaration of its rights by the Court.  Specifically, the controversy relates to the invalidity, unenforceability, and non-infringement of the Asserted Patents, and to Counter-Defendant Textile's right to threaten and/or maintain a suit against Counter-Plaintiff Frost for alleged infringement of the Asserted Patents.

7.      Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Counter-Plaintiff Frost's counterclaims against Counter-Defendant Textile.

8.      Counter-Plaintiff Frost brings the following counterclaims against Counter-Defendant Textile:

## COUNT I: DECLARATORY JUDGMENT OF INVALIDITY OF THE '079 PATENT

9.      Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-8 as though fully set forth here.

10.      The '079 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  *See, e.g.*, Defendants' Preliminary Invalidity Contentions (dated April 19, 2022).

11.      There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether there exists any valid claim of the '079 Patent.

12.      Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 9-11 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT II: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '079 PATENT

13.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-12 as though fully set forth here.

14.     This is an action for declaratory judgment of non-infringement of any and all claims of the '079 Patent.

15.     Although Textile alleges in its Complaint that Frost has infringed at least Claim 1 of the '079 Patent, literally or under the doctrine of equivalents, Frost has not infringed literally or under the doctrine of equivalents, and does not infringe literally or under the doctrine of equivalents any valid claim of the '079 Patent.  For example, Frost does not provide a system that includes: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource;" "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester;" and "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client;" "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor;" and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said

requester."

16.     Absent a declaration of non-infringement, Counter-Defendant Textile will continue to wrongly assert the '079 Patent against Counter-Plaintiff Frost, and thereby cause Frost injury and damages.

17.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether Frost infringes any valid claim of the '079 Patent

18.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 13-17 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

### COUNT III: DECLARATORY JUDGMENT OF INVALIDITY OF THE '802 PATENT

19.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-18 as though fully set forth here.

20.     The '802 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  *See, e.g.*, Defendants' Preliminary Invalidity Contentions (dated April 19, 2022).

21.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether there exists any valid claim of the '802 Patent.

22.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 19-21 above.  Such

a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT IV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '802 PATENT

23.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-22 as though fully set forth here.

24.     This is an action for declaratory judgment of non-infringement of any and all claims of the '802 Patent.

25.     Although Textile alleges in its Complaint that Frost has infringed at least Claim 1 of the '802 Patent, literally or under the doctrine of equivalents, Frost has not infringed literally or under the doctrine of equivalents, and does not infringe literally or under the doctrine of equivalents any valid claim of the '802 Patent. For example, Frost does not provide a system that includes: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource;" "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester;" and "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client;" "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be;" "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said

unauthorized service client by said requester;" and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

26.     Absent a declaration of non-infringement, Counter-Defendant Textile will continue to wrongly assert the '802 Patent against Counter-Plaintiff Frost, and thereby cause Frost injury and damages.

27.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether Frost infringes any valid claim of the '802 Patent

28.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 23-27 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT V: DECLARATORY JUDGMENT OF INVALIDITY OF THE '499 PATENT

29.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-28 as though fully set forth here.

30.     The '499 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

31.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether there exists any valid claim of the '499 Patent.  *See, e.g.*, Defendants' Preliminary Invalidity Contentions (dated April 19, 2022).

32.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 29-31 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT VI: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '499 PATENT

33.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-32 as though fully set forth here.

34.     This is an action for declaratory judgment of non-infringement of any and all claims of the '499 Patent.

35.     Although Textile alleges in its Complaint that Frost has infringed at least Claim 3 of the '499 Patent, literally or under the doctrine of equivalents, Frost has not infringed literally or under the doctrine of equivalents, and does not infringe literally or under the doctrine of equivalents any valid claim of the '499 Patent.  For example, Frost does not practice at least the following steps of the claimed method: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client;" "generating a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate the key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource within a key string table accessible by the server and providing a basis for authenticating the secured resource identity by searching the key string table for the key string;" "communicating said key string to said authorized user;" and "receiving an authentication credential from said service client, said authentication credential having been

provided to said service client by said authorized user."

36.     Absent a declaration of non-infringement, Counter-Defendant Textile will continue to wrongly assert the '499 Patent against Counter-Plaintiff Frost, and thereby cause Frost injury and damages.

37.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether Frost infringes any valid claim of the '499 Patent

38.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 33-37 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT VII: DECLARATORY JUDGMENT OF INVALIDITY OF THE '659 PATENT

39.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-38 as though fully set forth here.

40.     The '659 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. *See, e.g.*, Defendants' Preliminary Invalidity Contentions (dated April 19, 2022).

41.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether there exists any valid claim of the '659 Patent.

42.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 39-41 above. Such

a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT VIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '659 PATENT

43.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-42 as though fully set forth here.

44.     This is an action for declaratory judgment of non-infringement of any and all claims of the '659 Patent.

45.     Although Textile alleges in its Complaint that Frost has infringed at least Claim 9 of the '659 Patent, literally or under the doctrine of equivalents, Frost has not infringed literally or under the doctrine of equivalents, and does not infringe literally or under the doctrine of equivalents any valid claim of the '659 Patent.  For example, Frost does not provide a system that includes: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both;" "one or more servers in secure communication with the at least one interface, the one or more servers having: a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same;" and "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the

credit or debit card account holder's mobile device and comprising: a first merchant identifier; a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier; the credit or debit card account holder identifier; and a designated unique account identifier selected from the at least one unique account identifiers;" and "a third instruction embodied in a computer readable medium, the third instruction operable to: generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier;" "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising: a second merchant identifier; a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier; and a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device;" and "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if: the first merchant identifier matches the second merchant identifier; the first transaction specific information matches the second transaction specific information; and the first transaction specific authentication credential matches the second

transaction specific authentication credential."

46.     Absent a declaration of non-infringement, Counter-Defendant Textile will continue to wrongly assert the '659 Patent against Counter-Plaintiff Frost, and thereby cause Frost injury and damages.

47.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether Frost infringes any valid claim of the '659 Patent

48.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 43-47 above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT IX: DECLARATORY JUDGMENT OF INVALIDITY OF THE '454 PATENT

49.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-48 as though fully set forth here.

50.     The '454 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  *See, e.g.*, Defendants' Preliminary Invalidity Contentions (dated April 19, 2022).

51.     There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether there exists any valid claim of the '454 Patent.

52.     Counter-Plaintiff Frost requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 49-51 above.  Such

a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT X: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '454 PATENT

53.     Counter-Plaintiff Frost realleges and incorporates by reference the allegations made in Paragraphs 1-52 as though fully set forth here.

54.     This is an action for declaratory judgment of non-infringement of any and all claims of the '454 Patent.

55.     Although Textile alleges in its Complaint that Frost has infringed at least Claim 8 of the '454 Patent, literally or under the doctrine of equivalents, Frost has not infringed literally or under the doctrine of equivalents, and does not infringe literally or under the doctrine of equivalents any valid claim of the '454 Patent.  For example, Frost does not provide a system that includes: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both;" "one or more servers in secure communication with the at least one interface, the one or more servers having: a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and secured resource identifier are not the same; a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising: a first service client identifier; a first transaction specific information; the user identifier; and a designated secured

resource identifier selected from one of the at least one secured resource identifiers; and a third instruction embodied in a computer readable medium, the third instruction operable to: generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier; receive an access request message from the service client's application through the at least one interface, the access request message comprising: a second service client identifier; a second transaction specific information; and a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application; and validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if: the first service client identifier matches the second service client identifier; the first transaction specific information matches the second transaction specific information; and the first transaction specific authentication credential matches the second transaction specific authentication credential."

56.    Absent a declaration of non-infringement, Counter-Defendant Textile will continue to wrongly assert the '454 Patent against Counter-Plaintiff Frost, and thereby cause Frost injury and damages.

57.    There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff Frost and Counter-Defendant Textile as to whether Frost infringes any valid claim of the '454 Patent

58.    Counter-Plaintiff Frost requests a judicial determination and declaration of the

respective rights and duties of the parties on the disputes recited in Paragraphs 53-57 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## PRAYER FOR RELIEF

WHEREFORE, Frost prays that this Court enter a judgment in its favor and against Textile as follows:

a)      Entry of judgment in favor of Frost and against Textile thereby fully and finally dismissing Textile's Complaint in its entirety, with prejudice, with Textile taking nothing by way of its claims;

b)      A declaration that each of the claims of the Asserted Patents is invalid;

c)      A declaration that Frost has not infringed any claim of the Asserted Patents, either literally or under the doctrine of equivalents;

d)      A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to Frost of its costs, attorney fees and expenses; and

e)      Granting Frost such additional relief as this Court may deem just and proper.

## **JURDY DEMAND**

Frost respectfully demands a jury trial on all the issues so triable.

Dated: August 19, 2022

Respectfully submitted,

By: /s/ *M. Natalie Alfaro Gonzales*

Christa Brown-Sanford
Texas Bar No. 24045574
Morgan G. Mayne
Texas Bar No. 24084387
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
christa.sanford@bakerbotts.com
morgan.mayne@bakerbotts.com

M. Natalie Alfaro Gonzales
Texas Bar No. 24069286
**BAKER BOTTS L.L.P.**
910 Louisiana Street
Houston, TX 77002-4995
Telephone: (713) 229-1318
Facsimile: (713) 229-7718
natalie.gonzales@bakerbotts.com

***ATTORNEYS FOR DEFENDANT
FROST BANK***

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on the 19th day of August 2022. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ M. Natalie Alfaro Gonzales*
M. Natalie Alfaro Gonzales

# _EXHIBIT 3E_

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INDEPENDENT BANK,<br><br>    Defendant. | Civil Action No. 6:21-cv-1054-ADA<br><br>**JURY TRIAL DEMANDED** |

**INDEPENDENT BANK'S ANSWER,
AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Independent Bank ("Defendant," now Independent Financial), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Independent Bank denies the allegations of the Complaint as to it except as specifically set forth herein.[1]

**PARTIES**

1.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2.     Defendant admits that Independent Bank is a Texas chartered bank with its

---

[1]   For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

-1-

headquarters at 7777 Henneman Way, McKinney, TX 75070. Defendant further admits that it has branches in Waco, TX and Austin, TX. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.      Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.      Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.      Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.      Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.      Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281, and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and conducts business in the State of Texas.  Defendant denies each and every other allegation against it set forth in Paragraph 9 of the Complaint.

10. For the purposes of this matter, Defendant does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400. Defendant admits that it has a branch located at 8004 Woodway Drive, Suite 200, Waco, TX 76712, and a branch located at 1011 West 40th Street, Suite 100, Austin, TX 78756. Defendant admits that it offers debit and credit cards. Defendant states that the images in Paragraph 10 of the Complaint do not contain any allegations, are not described in the Complaint and, as such, Defendant denies any implications regarding such images. Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## **BACKGROUND**

11. Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13. Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.    Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15.    Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16.    Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17.    Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18.    Defendant states that the Asserted Patents and the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19.    Defendant states that the third-party EMVCo document, which was not appended

to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every allegation set forth therein.

20.     Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate.  Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent. Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every other allegation set forth therein.

<u>**COUNT I**</u>

<u>**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079**</u>

21.     Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013.  Defendant states that the '079 Patent speaks for itself.  Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.     Defendant admits that it offers debit and credit cards, and states that its website,

including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself. Defendant denies any allegation regarding an "Independent Bank card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36. Denied.

37. Denied.

38.     Denied.

39.     Denied.

40.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 43 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself.  Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 44 of the Complaint.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies each and every allegation set forth therein.

46.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 46 of the Complaint, speaks for itself. Defendant denies any allegation regarding an "Independent Bank card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations set forth in Paragraph 46 of the Complaint and, therefore, denies each and every other allegation set forth therein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 59 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 59 of the Complaint.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64.      Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 64 of the Complaint.

65.      Denied.

66.      Denied.

67.      Denied.

**COUNT III**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499**

68.      Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017.  Defendant states that the '499 Patent speaks for itself.  Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and, therefore, denies each and every allegation set forth therein.

70.      Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 70 of the Complaint, speaks for itself.  Defendant denies any allegation regarding an "Independent Bank transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the Complaint and, therefore, denies each and every other allegation set forth therein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 82 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 82 of the Complaint.

83.     Denied.

84.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 84 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 84 of the Complaint.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 89 of the Complaint.

90.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 90 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 90 of the Complaint.

91.     Denied.

92.     Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93.     Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018.  Defendant states that the '659 Patent speaks for itself.  Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 93 of the Complaint.

94.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and, therefore, denies each and every allegation set forth therein.

95.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 95 of the Complaint, speaks for itself. Defendant denies any allegation regarding an "Independent Bank transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 of the Complaint and, therefore, denies each and every other allegation set forth therein.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Denied.

101.     Denied.

102.     Denied.

103.     Denied.

104.     Denied

105.     Denied.

106.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 106 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every

such allegation.  Defendant further denies each and every other allegation in Paragraph 106 of the Complaint.

107.    Denied.

108.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 108 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 108 of the Complaint.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendant admits that it had knowledge of the '659 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 113 of the Complaint.

114.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 114 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 114 of the Complaint.

115.    Denied.

116.    Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.    Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020.  Defendant states that the '454 Patent speaks for itself.  Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 117 of the Complaint.

118.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint and, therefore, denies each and every allegation set forth therein.

119.    Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 119 of the Complaint, speaks for itself.  Defendant denies any allegation regarding an "Independent Bank transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 of the Complaint and, therefore, denies each and every other allegation set forth therein.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 130 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 130 of the Complaint.

131.    Denied.

132.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 132 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 132 of the Complaint.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Defendant admits that it had knowledge of the '454 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 137 of the Complaint.

138.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 138 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 138 of the Complaint.

139.    Denied.

140.    Denied.

## ADDITIONAL ALLEGATIONS

141.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 141 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 141 of the Complaint.

142.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 142 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 142 of the Complaint.

143.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of

the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 143 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 143 of the Complaint.

144.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 144 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 144 of the Complaint.

145.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 145 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 145 of the Complaint.

146.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 146 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 146 of the Complaint.

147.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58,

Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 147 of the Complaint.

148. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 150 of the Complaint.

151.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 154 of

the Complaint.

155.    Denied.

156.    Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 156 of the Complaint.

157.    Denied.

158.    Denied.

159.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) have been dismissed.  To the extent a response is required to any such allegations in Paragraph 159 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 159 of the Complaint.

160.    Denied.

## JURY DEMAND

161.    Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

162.    Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a. through f. of its Prayer for Relief.

## DEFENDANT'S JURY DEMAND

Defendant Independent Bank demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

### First Affirmative Defense

1.      Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

### Second Affirmative Defense

2.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### Third Affirmative Defense

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

4.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver, equitable estoppel, and/or acquiescence.

### Fifth Affirmative Defense

5.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

### Sixth Affirmative Defense

6.      Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

### Seventh Affirmative Defense

7.      Upon information and belief, Defendant states that the patent infringement claims asserted by Plaintiff are barred on the grounds of patent misuse.

### Eighth Affirmative Defense

8.      Defendant denies that Plaintiff is entitled to any of the relief requested.

### Ninth Affirmative Defense

9.      To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

### Tenth Affirmative Defense

10.     To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by indirect infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

### Eleventh Affirmative Defense

11.     To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

### Twelfth Affirmative Defense

12.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

### Thirteenth Affirmative Defense

13.     Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

### Fourteenth Affirmative Defense

14.     Upon information and belief, Defendant states that, by reason of the prior

proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and, in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Fifteenth Affirmative Defense

15. Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of such patents have not complied with the notice requirements of 35 U.S.C. § 287.

## Sixteenth Affirmative Defense

16. Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

## Seventeenth Affirmative Defense

17. Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

### Eighteenth Affirmative Defense

18.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Nineteenth Affirmative Defense

19.     Plaintiff is not entitled to an injunction.  Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twenty-Second Affirmative Defense

22. To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

## Twenty-Third Affirmative Defense

23. Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

## Twenty-Fourth Affirmative Defense

24. On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.

WHEREFORE, Independent Bank denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A. Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Independent Bank, with prejudice;

B. Finding that Independent Bank has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

C. Finding that each claim of the Asserted Patents is unpatentable;

D. Finding that each claim of the Asserted Patents is invalid;

E. Finding that each claim of the Asserted Patents is unenforceable;

F.      Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Independent Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Independent Bank, or any of its customers, vendors, agents, successors and assigns;

G.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Independent Bank its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

H.      Awarding to Independent Bank such other and further relief and damages as the Court deems just and proper under the circumstances.

## <u>COUNTERCLAIMS</u>

Comes now Defendant and Counterclaim-Plaintiff Independent Bank ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

**Nature of the Action**

1.      These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

**The Parties**

3.      Counterclaim-Plaintiff Independent Bank is a Texas chartered bank with its headquarters at 7777 Henneman Way, McKinney, TX 75070.

4.      Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

**Acts Giving Rise to the Counterclaim**

5.      On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.      By such actions, Counterclaim-Defendant has created an actual and justiciable case

and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.     Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.     At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13. At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the

asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

15.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.     Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17. Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said

authentication credential to authenticate the identity of said requester."

20.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been

provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24. At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25. Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802

27.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.    At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

> (a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

> (b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

> (c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

> (d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

> (e) The patentee did not himself invent the subject matter claimed;

> (f)  The patentee abandoned the alleged invention(s);

> (g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31.     Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is

further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further

operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,533,802.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499

45. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46.     Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the secured resource identity by searching the key string table for the key string"; "determining

transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

## COUNTERCLAIM COUNT X

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659

51.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52.    At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a

patent-eligible application.

53.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XI

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659

55.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more

than one year prior to the date of the application thereof in the United States;

(d)  The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g)  Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h)  The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)   U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k)  The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59.     Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer

readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card

account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a

merchant's payment application, or both"; "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account

identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,560,454.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74.    Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75.    Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## Jury Demand

Counterclaim-Plaintiff Independent Bank demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Independent Bank respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.     Declare that Independent Bank has not infringed upon any of the claims of the Asserted Patents;

B.     Declare that each claim of the Asserted Patents is unpatentable;

C.      Declare that each claim of the Asserted Patents is invalid;

D.      Declare that each claim of the Asserted Patents is unenforceable;

E.      Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Independent Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Independent Bank, or any of its customers, vendors, agents, successors and assigns;

F.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Independent Bank its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.      Awarding to Independent Bank such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 19, 2022                    Respectfully submitted,


                                          */s/ Nick E. Williamson*
                                          Michael C. Smith
                                          Walker Steven Young (*pro hac vice*)
                                          SCHEEF & STONE, LLP
                                          113 East Austin St.
                                          Marshall, TX 75670
                                          Telephone: (903) 938-8900
                                          michael.smith@solidcounsel.com

                                          Paige Stradley (*pro hac vice*)
                                          Rachel Zimmerman Scobie (*pro hac vice*)
                                          Jeffrey Blake (*pro hac vice*)
                                          MERCHANT & GOULD P.C.
                                          150 S. Fifth Street, Suite 2200
                                          Minneapolis, MN 55402

                                          David A. Roodman (*pro hac vice*)
                                          Nick E. Williamson (*pro hac vice*)
                                          George G. Brell (*pro hac vice*)
                                          BRYAN CAVE LEIGHTON PAISNER LLP
                                          One Metropolitan Square
                                          211 North Broadway, Suite 3600
                                          St. Louis, MO 63102
                                          Telephone: (314) 259-2000
                                          daroodman@bclplaw.com
                                          nick.williamson@bclplaw.com

                                          **Attorneys for Defendant**
                                          **Independent Bank in connection with**
                                          **allegations arising in Case No. 6:21-cv-1054**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: *_/s/ Nick E. Williamson_____*
Nick E. Williamson

*EXHIBIT 3F*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SOUTHSIDE BANK, <br><br> Defendant. | Civil Action No. 6:21-cv-1056-ADA <br><br> **JURY TRIAL DEMANDED** |

**SOUTHSIDE BANK'S ANSWER,
AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Southside Bank ("Defendant"), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Southside Bank denies the allegations of the Complaint as to it except as specifically set forth herein.[1]

**PARTIES**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2.      Defendant admits that Southside Bank is a Texas chartered bank headquartered at

---

[1]   For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

1201 South Beckham, Tyler, TX. Defendant further admits that it has branches, including in Austin, TX. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.     Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.     Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.     Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.     Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.     Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.     Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281, and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and conducts business in the State of Texas.  Defendant denies each and every other allegation against it set forth in Paragraph 9 of the Complaint.

10.     For the purposes of this matter, Defendant does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400.  Defendant admits that it has a branch located at 1250 S. Capital of Texas Hwy., Bldg.1, Suites 101 & 1310, Austin, TX, 78746. Defendant admits that it offers debit and credit cards.  Defendant states that the images in Paragraph 10 of the Complaint do not contain any allegations, are not described in the Complaint and, as such, Defendant denies any implications regarding such images.  Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## BACKGROUND

11.     Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.     Defendant states that the Asserted Patents speak for themselves, and that it is

without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18.     Defendant states that the Asserted Patents and the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19.     Defendant states that the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth

of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every allegation set forth therein.

20.    Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate. Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent. Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every other allegation set forth therein.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079

21.    Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013. Defendant states that the '079 Patent speaks for itself. Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.    Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Southside card authentication system." Defendant is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 43 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself.  Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 44 of the Complaint.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies each and every allegation set forth therein.

46.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 46 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Southside card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 46 of the Complaint and, therefore, denies each and every other allegation set forth therein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 59 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 59 of the Complaint.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action. Except as expressly admitted herein, Defendant denies

each and every other allegation against it set forth in Paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     Denied.

**COUNT III**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499**

68.     Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017. Defendant states that the '499 Patent speaks for itself. Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and, therefore, denies each and every allegation set forth therein.

70.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 70 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Southside transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the Complaint and, therefore, denies each and every other allegation set forth therein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 82 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 82 of the Complaint.

83.     Denied.

84.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 84 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 84 of the Complaint.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 89 of the Complaint.

90.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 90 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 90 of the Complaint.

91.     Denied.

92.     Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93.     Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018.  Defendant states that the '659 Patent speaks for itself.  Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 93 of the Complaint.

94.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and, therefore, denies each and

every allegation set forth therein.

95.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 95 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Southside transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 of the Complaint and, therefore, denies each and every other allegation set forth therein.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied

105.    Denied.

106.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 106 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 106 of the Complaint.

107.    Denied.

108.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 108 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 108 of the Complaint.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendant admits that it had knowledge of the '659 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 113 of the Complaint.

114.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 114 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 114 of the Complaint.

115.    Denied.

116.    Denied.

# COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.    Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020. Defendant states that the '454 Patent speaks for itself. Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 117 of the Complaint.

118.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint and, therefore, denies each and every allegation set forth therein.

119.    Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 119 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Southside transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 of the Complaint and, therefore, denies each and every other allegation set forth therein.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 130 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 130 of the Complaint.

131.    Denied.

132.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 132 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 132 of the Complaint.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Defendant admits that it had knowledge of the '454 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 137 of the Complaint.

138.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 138 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 138 of the Complaint.

139.     Denied.

140.     Denied.

## ADDITIONAL ALLEGATIONS

141.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 141 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 141 of the Complaint.

142.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 142 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 142 of the Complaint.

143.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of

the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 143 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 143 of the Complaint.

144.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 144 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 144 of the Complaint.

145.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 145 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 145 of the Complaint.

146.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 146 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 146 of the Complaint.

147.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58,

Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 147 of the Complaint.

148. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 150 of the Complaint.

151.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 154 of

the Complaint.

155.     Denied.

156.     Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 156 of the Complaint.

157.     Denied.

158.     Denied.

159.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) have been dismissed.  To the extent a response is required to any such allegations in Paragraph 159 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 159 of the Complaint.

160.     Denied.

## JURY DEMAND

161.     Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

162.     Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a. through f. of its Prayer for Relief.

**DEFENDANT'S JURY DEMAND**

Defendant Southside Bank demands a trial by jury on all issues so triable.

**AFFIRMATIVE AND OTHER DEFENSES**

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

**First Affirmative Defense**

1.      Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

**Second Affirmative Defense**

2.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

**Third Affirmative Defense**

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Affirmative Defense**

4.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver, equitable estoppel, and/or acquiescence.

### Fifth Affirmative Defense

5.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

### Sixth Affirmative Defense

6.     Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

### Seventh Affirmative Defense

7.     Upon information and belief, Defendant states that the patent infringement claims asserted by Plaintiff are barred on the grounds of patent misuse.

### Eighth Affirmative Defense

8.     Defendant denies that Plaintiff is entitled to any of the relief requested.

### Ninth Affirmative Defense

9.     To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

### Tenth Affirmative Defense

10.     To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by indirect infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

## Eleventh Affirmative Defense

11.     To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

## Twelfth Affirmative Defense

12.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Thirteenth Affirmative Defense

13.     Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

## Fourteenth Affirmative Defense

14.     Upon information and belief, Defendant states that, by reason of the prior

proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and, in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Fifteenth Affirmative Defense

15.     Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of such patents have not complied with the notice requirements of 35 U.S.C. § 287.

## Sixteenth Affirmative Defense

16.     Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

## Seventeenth Affirmative Defense

17.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

### Eighteenth Affirmative Defense

18.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Nineteenth Affirmative Defense

19.     Plaintiff is not entitled to an injunction.  Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions.  Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twenty-Second Affirmative Defense

22.     To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

**<ins>Twenty-Third Affirmative Defense</ins>**

23.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

**<ins>Twenty-Fourth Affirmative Defense</ins>**

24.     On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.

WHEREFORE, Southside Bank denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Southside Bank, with prejudice;

B.     Finding that Southside Bank has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

C.     Finding that each claim of the Asserted Patents is unpatentable;

D.     Finding that each claim of the Asserted Patents is invalid;

E.     Finding that each claim of the Asserted Patents is unenforceable;

F.      Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Southside Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Southside Bank, or any of its customers, vendors, agents, successors and assigns;

G.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Southside Bank its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

H.      Awarding to Southside Bank such other and further relief and damages as the Court deems just and proper under the circumstances.

## **COUNTERCLAIMS**

Comes now Defendant and Counterclaim-Plaintiff Southside Bank ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

**Nature of the Action**

1.      These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

**The Parties**

3.      Counterclaim-Plaintiff Southside Bank is a Texas chartered bank headquartered at 1201 South Beckham, Tyler, TX.

4.      Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

**Acts Giving Rise to the Counterclaim**

5.      On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.      By such actions, Counterclaim-Defendant has created an actual and justiciable case

- 28 -

and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.     Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.     At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.   At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the

asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

15.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.     Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17. Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said

authentication credential to authenticate the identity of said requester."

20.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been

provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24. At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25. Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802

27.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31.     Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is

further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further

operable to communicate said key string to said authorized user that said requester purports to be";
"wherein said second set of instructions is further operable to receive an authentication credential
from said unauthorized service client, said authentication credential having been provided to said
unauthorized service client by said requester"; and "wherein said second set of instructions is
further operable to evaluate said authentication credential to authenticate the identity of said
requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,
Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing
upon any of the claims of U.S. Patent No. 8,533,802.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth
in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and
void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept,
element sufficient to transform the nature of the claim into a patent-eligible application, and/or
combination of elements sufficient to transform the nature of the claim into a patent-eligible
application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy
has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent
No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,
Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## **COUNTERCLAIM COUNT IX**

### **Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499**

45. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46.     Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the secured resource identity by searching the key string table for the key string"; "determining

transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

## COUNTERCLAIM COUNT X

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659

51.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a

patent-eligible application.

53.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XI

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659

55.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more

than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59.    Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60.    Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer

readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card

account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a

merchant's payment application, or both"; "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account

identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,560,454.

69. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

## Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71. At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid,  and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74.     Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79.      Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## **Jury Demand**

Counterclaim-Plaintiff Southside Bank demands a jury trial on all issues so triable.

## **Prayer for Relief**

WHEREFORE, Counterclaim-Plaintiff Southside Bank respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.     Declare that Southside Bank has not infringed upon any of the claims of the Asserted Patents;

B.      Declare that each claim of the Asserted Patents is unpatentable;

C.      Declare that each claim of the Asserted Patents is invalid;

D.      Declare that each claim of the Asserted Patents is unenforceable;

E.      Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Southside Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Southside Bank, or any of its customers, vendors, agents, successors and assigns;

F.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Southside Bank its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.      Awarding to Southside Bank such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 19, 2022

Respectfully submitted,

/s/ Nick E. Williamson
Michael C. Smith
Walker Steven Young (*pro hac vice*)
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Paige Stradley (*pro hac vice*)
Rachel Zimmerman Scobie (*pro hac vice*)
Jeffrey Blake (*pro hac vice*)
MERCHANT & GOULD P.C.
150 S. Fifth Street, Suite 2200
Minneapolis, MN 55402

David A. Roodman (*pro hac vice*)
Nick E. Williamson (*pro hac vice*)
George G. Brell (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com
nick.williamson@bclplaw.com

**Attorneys for Defendant**
**Southside Bank in connection with**
**allegations arising in Case No. 6:21-cv-1056**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: *_/s/ Nick E. Williamson_*
     Nick E. Williamson

*EXHIBIT 3G*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEXAS CAPITAL BANK, <br><br> Defendant. | Civil Action No. 6:21-cv-1057-ADA <br><br> **JURY TRIAL DEMANDED** |

**TEXAS CAPITAL BANK'S ANSWER,**
**AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO**
**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Texas Capital Bank ("Defendant"), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Texas Capital Bank denies the allegations of the Complaint as to it except as specifically set forth herein.[1]

**PARTIES**

1.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2.      Defendant admits that Texas Capital Bank is a Texas chartered, Federal Reserve

---

[1]    For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

non-member bank headquartered at 2000 McKinney Avenue, Dallas, TX 75201. Defendant further admits that it has banking centers, including in Austin, TX and San Antonio, TX. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.      Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.      Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.      Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.      Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.      Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281, and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.      For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and conducts business in the State of Texas.  Defendant denies each and every other allegation against it set forth in Paragraph

9 of the Complaint.

10.     For the purposes of this matter, Defendant does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400.  Defendant admits that it has a banking center located at 7373 Broadway St., Suite 100, San Antonio, TX 78209, and a banking center located at 98 San Jacinto Blvd., Suite 150, Austin, TX 78701.  Defendant admits that it offers debit and credit cards. Defendant states that the images in Paragraph 10 of the Complaint do not contain any allegations, are not described in the Complaint and, as such, Defendant denies any implications regarding such images.  Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## **BACKGROUND**

11.     Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18.     Defendant states that the Asserted Patents and the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19.     Defendant states that the third-party EMVCo document, which was not appended

to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every allegation set forth therein.

20.     Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate.  Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent. Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every other allegation set forth therein.

<u>**COUNT I**</u>

<u>**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079**</u>

21.     Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013.  Defendant states that the '079 Patent speaks for itself.  Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.     Defendant admits that it offers debit and credit cards, and states that its website,

including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36. Denied.

37. Denied.

38.     Denied.

39.     Denied.

40.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 43 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself.  Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 44 of the Complaint.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies each and every allegation set forth therein.

46.     Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 46 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations set forth in Paragraph 46 of the Complaint and, therefore, denies each and every other allegation set forth therein.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 59 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 59 of the Complaint.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64. Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 64 of the Complaint.

65. Denied.

66. Denied.

67. Denied.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499

68. Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017. Defendant states that the '499 Patent speaks for itself. Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and, therefore, denies each and every allegation set forth therein.

70. Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 70 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the Complaint and, therefore, denies each and every other allegation set forth therein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 82 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 82 of the Complaint.

83.     Denied.

84.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 84 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 84 of the Complaint.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 89 of the Complaint.

90.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 90 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 90 of the Complaint.

91.     Denied.

92.     Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93.     Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018.  Defendant states that the '659 Patent speaks for itself.  Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 93 of the Complaint.

94. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and, therefore, denies each and every allegation set forth therein.

95. Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 95 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Texas Capital transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 of the Complaint and, therefore, denies each and every other allegation set forth therein.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied

105. Denied.

106. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 106 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every

such allegation.  Defendant further denies each and every other allegation in Paragraph 106 of the Complaint.

107.    Denied.

108.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 108 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 108 of the Complaint.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendant admits that it had knowledge of the '659 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 113 of the Complaint.

114.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 114 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 114 of the Complaint.

115.    Denied.

116.    Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.    Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020.  Defendant states that the '454 Patent speaks for itself.  Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 117 of the Complaint.

118.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint and, therefore, denies each and every allegation set forth therein.

119.    Defendant admits that it offers debit and credit cards, and states that its website, including the webpage referenced in part in Paragraph 119 of the Complaint, speaks for itself.  Defendant denies any allegation regarding a "Texas Capital transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 of the Complaint and, therefore, denies each and every other allegation set forth therein.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 130 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 130 of the Complaint.

131.    Denied.

132.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 132 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 132 of the Complaint.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Defendant admits that it had knowledge of the '454 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 137 of the Complaint.

138.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 138 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 138 of the Complaint.

139.    Denied.

140.    Denied.

## ADDITIONAL ALLEGATIONS

141.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 141 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 141 of the Complaint.

142.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 142 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 142 of the Complaint.

143.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of

the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 143 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 143 of the Complaint.

144. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 144 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 144 of the Complaint.

145. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 145 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 145 of the Complaint.

146. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 146 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 146 of the Complaint.

147. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58,

Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 147 of the Complaint.

148. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 150 of the Complaint.

151.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 154 of

the Complaint.

155.     Denied.

156.     Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 156 of the Complaint.

157.     Denied.

158.     Denied.

159.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) have been dismissed.  To the extent a response is required to any such allegations in Paragraph 159 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 159 of the Complaint.

160.     Denied.

## JURY DEMAND

161.     Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

162.     Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a. through f. of its Prayer for Relief.

## DEFENDANT'S JURY DEMAND

Defendant Texas Capital Bank demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

### First Affirmative Defense

1.      Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

### Second Affirmative Defense

2.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### Third Affirmative Defense

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

4. Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver, equitable estoppel, and/or acquiescence.

### Fifth Affirmative Defense

5. Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

### Sixth Affirmative Defense

6. Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

### Seventh Affirmative Defense

7. Upon information and belief, Defendant states that the patent infringement claims asserted by Plaintiff are barred on the grounds of patent misuse.

### Eighth Affirmative Defense

8. Defendant denies that Plaintiff is entitled to any of the relief requested.

### Ninth Affirmative Defense

9. To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

### Tenth Affirmative Defense

10.     To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by indirect infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

### Eleventh Affirmative Defense

11.     To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

### Twelfth Affirmative Defense

12.     Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

### Thirteenth Affirmative Defense

13.     Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

### Fourteenth Affirmative Defense

14.     Upon information and belief, Defendant states that, by reason of the prior

proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and, in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Fifteenth Affirmative Defense

15.    Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of such patents have not complied with the notice requirements of 35 U.S.C. § 287.

## Sixteenth Affirmative Defense

16.    Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

## Seventeenth Affirmative Defense

17.    Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

### Eighteenth Affirmative Defense

18.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Nineteenth Affirmative Defense

19.     Plaintiff is not entitled to an injunction.  Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twenty-Second Affirmative Defense

22.     To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

### Twenty-Third Affirmative Defense

23.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

### Twenty-Fourth Affirmative Defense

24.     On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.

WHEREFORE, Texas Capital Bank denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Texas Capital Bank, with prejudice;

B.     Finding that Texas Capital Bank has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

C.     Finding that each claim of the Asserted Patents is unpatentable;

D.     Finding that each claim of the Asserted Patents is invalid;

E.     Finding that each claim of the Asserted Patents is unenforceable;

F.      Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Texas Capital Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Texas Capital Bank, or any of its customers, vendors, agents, successors and assigns;

G.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Texas Capital Bank its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

H.      Awarding to Texas Capital Bank such other and further relief and damages as the Court deems just and proper under the circumstances.

## **COUNTERCLAIMS**

Comes now Defendant and Counterclaim-Plaintiff Texas Capital Bank ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

**Nature of the Action**

1.      These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

**The Parties**

3.      Counterclaim-Plaintiff Texas Capital Bank is a Texas chartered, Federal Reserve non-member bank headquartered at 2000 McKinney Avenue, Dallas, TX 75201.

4.      Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

**Acts Giving Rise to the Counterclaim**

5.      On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.      By such actions, Counterclaim-Defendant has created an actual and justiciable case

and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.      Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.      Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.      At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10.      Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.      Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.    At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the

- 30 -

asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

15.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.    Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said

authentication credential to authenticate the identity of said requester."

20.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been

provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## **COUNTERCLAIM COUNT V**

### **Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802**

27.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31.     Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is

further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further

operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,533,802.

## **COUNTERCLAIM COUNT VII**

## **Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499**

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499

45. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46. Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47. Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48. Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the secured resource identity by searching the key string table for the key string"; "determining

transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

## **COUNTERCLAIM COUNT X**

### **Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659**

51. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52. At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a

patent-eligible application.

53.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

<u>**COUNTERCLAIM COUNT XI**</u>

<u>**Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659**</u>

55.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.     Upon information and belief, at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more

than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee(s), said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

### COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59.     Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer

readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card

account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63. Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a

merchant's payment application, or both"; "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account

identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

## Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,560,454.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

## Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74.     Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

- 53 -

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; and "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## Jury Demand

Counterclaim-Plaintiff Texas Capital Bank demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Texas Capital Bank respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.    Declare that Texas Capital Bank has not infringed upon any of the claims of the Asserted Patents;

B.     Declare that each claim of the Asserted Patents is unpatentable;

C.     Declare that each claim of the Asserted Patents is invalid;

D.     Declare that each claim of the Asserted Patents is unenforceable;

E.     Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Texas Capital Bank and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Texas Capital Bank, or any of its customers, vendors, agents, successors and assigns;

F.     Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Texas Capital Bank its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.     Awarding to Texas Capital Bank such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 19, 2022          Respectfully submitted,

*/s/ Nick E. Williamson*
Michael C. Smith
Walker Steven Young (*pro hac vice*)
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

Paige Stradley (*pro hac vice*)
Rachel Zimmerman Scobie (*pro hac vice*)
Jeffrey Blake (*pro hac vice*)
MERCHANT & GOULD P.C.
150 S. Fifth Street, Suite 2200
Minneapolis, MN 55402

David A. Roodman (*pro hac vice*)
Nick E. Williamson (*pro hac vice*)
George G. Brell (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com
nick.williamson@bclplaw.com

***Attorneys for Defendant***
***Texas Capital Bank in connection with***
***allegations arising in Case No. 6:21-cv-1057***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: <u>*/s/ Nick E. Williamson*</u>
Nick E. Williamson

*EXHIBIT 3H*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VANTAGE BANK TEXAS, <br><br> Defendant. | Civil Action No. 6:21-cv-1058-ADA <br><br> **JURY TRIAL DEMANDED** |

**VANTAGE BANK TEXAS' ANSWER,**
**AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO**
**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Vantage Bank Texas ("Defendant"), by and through its attorneys, respectfully submits the following Answer, Affirmative and Other Defenses, and Counterclaims to Plaintiff Textile Computer Systems, Inc.'s ("Plaintiff") Original Complaint for Patent Infringement ("Complaint"). In so doing, Defendant Vantage Bank Texas denies the allegations of the Complaint as to it except as specifically set forth herein.[1]

**PARTIES**

1.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein.

2.  Defendant admits that Vantage Bank Texas is a Texas chartered bank

---

[1] For avoidance of doubt, Defendant denies any allegations against it that Plaintiff attempted to present in headings in, or the introductory paragraph to, the Complaint. Headings are included here only for the Court's convenience.

headquartered at 45 NE Loop 410, Suite 500, San Antonio, TX 78216. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 2 of the Complaint.

3.    Defendant denies each and every allegation against it set forth in Paragraph 3 of the Complaint.

4.    Defendant denies each and every allegation against it set forth in Paragraph 4 of the Complaint.

5.    Defendant denies each and every allegation against it set forth in Paragraph 5 of the Complaint.

6.    Defendant admits that it contracts with third-parties, such as its customers and vendors.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 6 of the Complaint.

7.    Defendant denies each and every allegation against it set forth in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.    Defendant admits that the Complaint alleges causes of action against it arising under 35 U.S.C. § 271 and seeking remedies under 35 U.S.C. §§ 281, and 284–85. Defendant admits that the Court has subject matter jurisdiction over the alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.    For the purposes of this matter, Defendant admits that the Court has personal jurisdiction over it.  Defendant further admits that it has conducted and conducts business in the State of Texas.  Defendant denies each and every other allegation against it set forth in Paragraph 9 of the Complaint.

10.     For the purposes of this matter, Defendant does not contest that venue is proper in this District pursuant to 28 U.S.C. § 1400.  Defendant admits that it has a branch located at 18730 Tuscany Stone 2102, San Antonio, TX, 78258, and another branch at 175 E. Arizona Ave., El Paso, TX, 79902, and that it has other locations in and around San Antonio, TX and El Paso, TX. Defendant admits that it offers debit cards and markets credit cards.  Defendant states that the images in Paragraph 10 of the Complaint do not contain any allegations, are not described in the Complaint and, as such, Defendant denies any implications regarding such images.  Defendant denies each and every other allegation against it set forth in Paragraph 10 of the Complaint.

## **BACKGROUND**

11.     Defendant states that U.S. Patent No. 8,505,079 ("the '079 Patent"), U.S. Patent No. 8,533,802 ("the '802 Patent"), U.S. Patent No. 9,584,499 ("the '499 Patent"), U.S. Patent No. 10,148,659 ("the '659 Patent"), and U.S. Patent No. 10,560,454 ("the '454 Patent," and collectively, the "Asserted Patents") speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies each and every allegation set forth therein.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and, therefore, denies each and every allegation set forth therein.

13.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies each and every allegation set forth therein.

## THE ASSERTED PATENTS

14.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies each and every allegation set forth therein.

15.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies each and every allegation set forth therein.

16.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint and, therefore, denies each and every allegation set forth therein.

17.     Defendant states that the Asserted Patents speak for themselves, and that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies each and every allegation set forth therein.

18.     Defendant states that the Asserted Patents and the third-party EMVCo document, which was not appended to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies each and every allegation set forth therein.

19.     Defendant states that the third-party EMVCo document, which was not appended

to the Complaint, yet is referenced in-part and out-of-context in Paragraph 18, speaks for itself, and that Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies each and every allegation set forth therein.

20.     Defendant admits that certain claims of the '079 Patent were challenged by a third-party in an *inter partes* review proceeding, in which Defendant did not participate.  Defendant states that the records of that proceeding speak for themselves, and Defendant denies that the *inter partes* review proceeding confirmed the patentability of all challenged claims of the '079 Patent. Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 20 of the Complaint and, therefore, denies each and every other allegation set forth therein.

<u>**COUNT I**</u>

<u>**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,505,079**</u>

21.     Defendant admits that the '079 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on August 6, 2013.  Defendant states that the '079 Patent speaks for itself.  Defendant denies that the '079 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 21 of the Complaint.

22.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies each and every allegation set forth therein.

23.     Defendant admits that it offers debit cards and markets credit cards, and states that

its website, including the webpage referenced in part in Paragraph 23 of the Complaint, speaks for itself. Defendant denies any allegation regarding a "Vantage card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of the Complaint and, therefore, denies each and every other allegation set forth therein.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '079 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 35 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 35 of the Complaint.

36. Denied.

37. Denied.

38.     Denied.

39.     Denied.

40.     Defendant admits that it had knowledge of the '079 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 43 of the Complaint.

41.     Denied.

42.     Denied.

43.     Denied.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,533,802

44.     Defendant admits that the '802 Patent is entitled "Authentication System and Related Method" and the face of the patent states that it was issued on September 10, 2013. Defendant states that the '802 Patent speaks for itself.  Defendant denies that the '802 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 44 of the Complaint.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and, therefore, denies each and every allegation set forth therein.

46.     Defendant admits that it offers debit cards and markets credit cards, and states that its website, including the webpage referenced in part in Paragraph 46 of the Complaint, speaks for itself.  Defendant denies any allegation regarding a "Vantage card authentication system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the

remaining allegations set forth in Paragraph 46 of the Complaint and, therefore, denies each and every other allegation set forth therein.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '802 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 59 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 59 of the Complaint.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.     Defendant admits that it had knowledge of the '802 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

67.     Denied.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,584,499

68.     Defendant admits that the '499 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 28, 2017.  Defendant states that the '499 Patent speaks for itself.  Defendant denies that the '499 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 68 of the Complaint.

69.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 of the Complaint and, therefore, denies each and every allegation set forth therein.

70.     Defendant admits that it offers debit cards and markets credit cards, and states that its website, including the webpage referenced in part in Paragraph 70 of the Complaint, speaks for itself.  Defendant denies any allegation regarding a "Vantage transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 70 of the Complaint and, therefore, denies each and every other allegation set forth therein.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 82 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 82 of the Complaint.

83.     Denied.

84.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '499 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 84 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 84 of the Complaint.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Defendant admits that it had knowledge of the '499 Patent as of the date when it was notified of the filing of this action. Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 89 of the Complaint.

90. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '499 Patent has been dismissed. To the extent a response is required to any such allegations in Paragraph 90 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 90 of the Complaint.

91. Denied.

92. Denied.

## COUNT IV

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,148,659

93. Defendant admits that the '659 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on December 4, 2018. Defendant states that the '659 Patent speaks for itself. Defendant denies that the '659 Patent was properly issued by the U.S. Patent and Trademark Office. Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 93 of the Complaint.

94.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Complaint and, therefore, denies each and every allegation set forth therein.

95.     Defendant admits that it offers debit cards and markets credit cards, and states that its website, including the webpage referenced in part in Paragraph 95 of the Complaint, speaks for itself.   Defendant denies any allegation regarding a "Vantage transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95 of the Complaint and, therefore, denies each and every other allegation set forth therein.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied

105.    Denied.

106.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '659 Patent has been dismissed.   To the extent a response is required to any such allegations in Paragraph 106 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every

such allegation.  Defendant further denies each and every other allegation in Paragraph 106 of the Complaint.

107.    Denied.

108.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 108 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant further denies each and every other allegation in Paragraph 108 of the Complaint.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendant admits that it had knowledge of the '659 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 113 of the Complaint.

114.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '659 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 114 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 114 of the Complaint.

115.    Denied.

116.    Denied.

## COUNT V

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,560,454

117.    Defendant admits that the '454 Patent is entitled "Authentication System and Method" and the face of the patent states that it was issued on February 11, 2020.  Defendant states that the '454 Patent speaks for itself.  Defendant denies that the '454 Patent was properly issued by the U.S. Patent and Trademark Office.  Except as expressly admitted and denied herein, Defendant denies each and every other allegation against it set forth in Paragraph 117 of the Complaint.

118.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118 of the Complaint and, therefore, denies each and every allegation set forth therein.

119.    Defendant admits that it offers debit cards and markets credit cards, and states that its website, including the webpage referenced in part in Paragraph 119 of the Complaint, speaks for itself.  Defendant denies any allegation regarding a "Vantage transaction-specific access authorization system." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 119 of the Complaint and, therefore, denies each and every other allegation set forth therein.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of induced infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 130 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 130 of the Complaint.

131.    Denied.

132.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegation of contributory infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 132 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 132 of the Complaint.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    Defendant admits that it had knowledge of the '454 Patent as of the date when it was notified of the filing of this action.  Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 137 of the Complaint.

138.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegation of willful infringement as to the '454 Patent has been dismissed.  To the extent a response is required to any such allegations in Paragraph 138 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 138 of the Complaint.

139.    Denied.

140.    Denied.

## ADDITIONAL ALLEGATIONS

141.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 141 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 141 of the Complaint.

142.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 142 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 142 of the Complaint.

143.    Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of

the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 143 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 143 of the Complaint.

144. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 144 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 144 of the Complaint.

145. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 145 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 145 of the Complaint.

146. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 146 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 146 of the Complaint.

147. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58,

Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 147 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 147 of the Complaint.

148. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 148 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 148 of the Complaint.

149. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of induced infringement as to each of the '499, '659, and '454 Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 149 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 149 of the Complaint.

150. Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed. To the extent a response is required to any such allegations in Paragraph 150 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation. Defendant denies each and every other allegation set forth in Paragraph 150 of the Complaint.

151.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 151 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 151 of the Complaint.

152.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 152 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 152 of the Complaint.

153.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 153 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 153 of the Complaint.

154.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's allegations of contributory infringement as to the Asserted Patents have been dismissed.  To the extent a response is required to any such allegations in Paragraph 154 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant denies each and every other allegation set forth in Paragraph 154 of

the Complaint.

155.     Denied.

156.     Defendant admits that it had knowledge of the Asserted Patents as of the date when it was notified of the filing of this action.   Except as expressly admitted herein, Defendant denies each and every other allegation against it set forth in Paragraph 156 of the Complaint.

157.     Denied.

158.     Denied.

159.     Pursuant to the Court's Order on Defendant's Motion to Dismiss, ECF No. 58, Defendant understands that Plaintiff's pre-suit allegations of willful infringement as to the '499, '659, and '454 Patents (as well as allegations of contributory infringement and pre-suit inducement of infringement) have been dismissed.  To the extent a response is required to any such allegations in Paragraph 159 of the Complaint, or elsewhere in the Complaint, Defendant denies each and every such allegation.  Defendant further denies each and every other allegation in Paragraph 159 of the Complaint.

160.     Denied.

## JURY DEMAND

161.     Defendant acknowledges that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

162.     Defendant denies that Plaintiff is entitled to any of the requested relief whatsoever including, but not limited to, any monetary damages, increased damages, injunction, attorneys' fees or costs. As such, Defendant denies any and all such allegations set forth in paragraphs a. through f. of its Prayer for Relief.

## DEFENDANT'S JURY DEMAND

Defendant Vantage Bank Texas demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering Plaintiff's Complaint, and as additional defenses thereto, Defendant asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff. Defendant expressly reserves the right to amend its Answer to the Complaint, Affirmative and Other Defenses and Counterclaims as additional information becomes available, is otherwise discovered, and/or as permitted within the time frame envisioned by any future case management and discovery orders and/or as leave may be granted by the Court, and to introduce any of the following and any additional affirmative defenses, other defenses, and counterclaims, that may arise.

### First Affirmative Defense

1.      Except as expressly admitted herein, Defendant denies each and every allegation contained in the Complaint.

### Second Affirmative Defense

2.      Plaintiff fails to state a claim against Defendant upon which relief can be granted.

### Third Affirmative Defense

3.      Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because the Asserted Patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100, et seq., including, but not limited to, those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

4.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of license, waiver, equitable estoppel, and/or acquiescence.

### Fifth Affirmative Defense

5.     Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks based upon the principle and doctrine of unclean hands which has resulted in extreme prejudice and detriment to Defendant.

### Sixth Affirmative Defense

6.     Defendant has not made, used, imported, offered for sale or sold in the United States, and is not making, using, importing, offering for sale, or selling, any product or service that infringed, infringes, or would infringe any patentable, valid, and/or enforceable claim of the Asserted Patents either literally or under the doctrine of equivalents.

### Seventh Affirmative Defense

7.     Upon information and belief, Defendant states that the patent infringement claims asserted by Plaintiff are barred on the grounds of patent misuse.

### Eighth Affirmative Defense

8.     Defendant denies that Plaintiff is entitled to any of the relief requested.

### Ninth Affirmative Defense

9.     To the extent any claim of the Asserted Patents may have been or be patentable, valid, and enforceable, which Defendant expressly denies, Defendant has not infringed, willfully or otherwise, contributed to the infringement of, and/or induced the infringement of any claim of the Asserted Patents or committed any wrongdoing at issue in this lawsuit.

### Tenth Affirmative Defense

10. To the extent that Plaintiff asserts that Defendant is found, *arguendo*, to indirectly infringe any claim(s) of the Asserted Patents, either by indirect infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that the actions would allegedly cause indirect infringement.

## Eleventh Affirmative Defense

11. To the extent Plaintiff may be successful in proving any of its liability allegations, which Defendant expressly denies, and Plaintiff is able to prove any alleged damages, it has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

## Twelfth Affirmative Defense

12. Upon information and belief, by reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that matured into the Asserted Patents, including during the prosecutions of applications related to the Asserted Patents, and, in particular, the applicants' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Thirteenth Affirmative Defense

13. Upon information and belief, Defendant states that, by reason of prosecution history estoppel, Plaintiff is barred from asserting a claim construction that would cause any of the claims of the Asserted Patents to be infringed by any products or services made, used, offered for sale, sold, or imported by Defendant.

## Fourteenth Affirmative Defense

14. Upon information and belief, Defendant states that, by reason of the prior

proceedings concerning the alleged invention(s) of the Asserted Patents (including, for example, during prior *inter partes* review proceedings concerning one or more of the Asserted Patents) and, in particular, the patentee(s)' and/or his representative(s)' and/or agents' remarks, representations, concessions, amendments, and/or admissions during those proceedings, and/or orders entered in or rulings made in those proceedings, Plaintiff is precluded and estopped from asserting that Defendant has infringed any claim of the Asserted Patents.

## Fifteenth Affirmative Defense

15. Upon information and belief, Plaintiff is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, sold, and/or imported by Defendants, or any services offered for sale, sold and/or used by Defendant, which are alleged to infringe any of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 to the extent that Plaintiff and/or any predecessor owner(s) and/or licensee(s) of such patents have not complied with the notice requirements of 35 U.S.C. § 287.

## Sixteenth Affirmative Defense

16. Any claims of the Asserted Patents that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Defendant has not infringed, and does not infringe, upon any such claims.

## Seventeenth Affirmative Defense

17. Upon information and belief, Defendant states that Plaintiff is wholly or partially barred from the relief that it seeks because each of the claims of the Asserted Patents are directed to unpatentable subject matter.

### Eighteenth Affirmative Defense

18.     Plaintiff has dedicated to the public all methods, systems, apparatus, and/or products disclosed in the Asserted Patents, but not literally claimed, and is estopped from claiming infringement by any such public domain methods, systems, apparatus, and/or products.

### Nineteenth Affirmative Defense

19.     Plaintiff is not entitled to an injunction.  Plaintiff cannot show that it has suffered or will suffer any irreparable harm or immediate injury as a result of Defendant's alleged actions. Plaintiff cannot show that remedies available at law, such as monetary damages, are inadequate to compensate for any alleged injury caused by Defendant's alleged actions.  Plaintiff cannot show that, considering the balance of hardships between Plaintiff and Defendant, a remedy in equity or law is warranted.  Plaintiff cannot show that the public interest favors an injunction against Defendant.  Plaintiff cannot meet any of the requirements for an injunction.

### Twentieth Affirmative Defense

20.     Upon information and belief, pursuant to 28 U.S.C. § 1498, at least a portion or the entirety of the alleged damages Plaintiff seeks to recover from Defendant for alleged infringement cannot be awarded in or by this Court.

### Twenty-First Affirmative Defense

21.     To the extent that Plaintiff asserts that Defendant jointly infringes any asserted claim(s) as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff for the acts alleged to have been performed where Defendant does not direct or control the third-party and where Defendant and the third-party do not form a joint enterprise.

### Twenty-Second Affirmative Defense

22.     To the extent that Plaintiff asserts that Defendant uses any asserted claim(s), alone or as a result of Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant is not liable to Plaintiff where Defendant does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

### Twenty-Third Affirmative Defense

23.     Plaintiff cannot meet the requirements for an award of enhanced damages, treble damages, or attorneys' fees.

### Twenty-Fourth Affirmative Defense

24.     On information and belief, Defendant states that Plaintiff is not entitled to relief because any attempted assignment of rights under the Asserted Patents to Plaintiff was void or ineffective, and Plaintiff does not have standing to enforce the Asserted Patents.

WHEREFORE, Vantage Bank Texas denies that Plaintiff Textile Computer Systems, Inc. is entitled to any relief as prayed for in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

A.     Dismissing Plaintiff Textile Computer Systems, Inc.'s Original Complaint for Patent Infringement against Vantage Bank Texas, with prejudice;

B.     Finding that Vantage Bank Texas has not infringed, directly or indirectly, upon any of the claims of the Asserted Patents;

C.     Finding that each claim of the Asserted Patents is unpatentable;

D.     Finding that each claim of the Asserted Patents is invalid;

E.     Finding that each claim of the Asserted Patents is unenforceable;

F.     Permanently enjoining Plaintiff Textile Computer Systems, Inc. and its respective officers, directors, agents, servants, employees and attorneys, and any and all persons in active concert or participation with any of them, from directly or indirectly asserting, stating, implying or suggesting that Vantage Bank Texas and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Vantage Bank Texas, or any of its customers, vendors, agents, successors and assigns;

G.     Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Vantage Bank Texas its costs, expenses, and reasonable attorneys' fees incurred in connection with this action; and

H.     Awarding to Vantage Bank Texas such other and further relief and damages as the Court deems just and proper under the circumstances.

## <u>COUNTERCLAIMS</u>

Comes now Defendant and Counterclaim-Plaintiff Vantage Bank Texas ("Counterclaim-Plaintiff"), by and through its attorneys, and for its Counterclaim against Plaintiff and Counterclaim-Defendant Textile Computer Systems, Inc. ("Counterclaim-Defendant"), states as follows:

**Nature of the Action**

1.      These Counterclaims seek, *inter alia*, a judgment declaring that all of the claims of U.S. Patent No. 8,505,079, U.S. Patent No. 8,533,802, U.S. Patent No. 9,584,499, U.S. Patent No. 10,148,659, and U.S. Patent No. 10,560,454 (the "Asserted Patents") are unpatentable, invalid, and/or not infringed by Counterclaim-Plaintiff.

**Jurisdiction and Venue**

2.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  Venue is proper in this judicial district because the counterclaims arise out of the instant action.

**The Parties**

3.      Counterclaim-Plaintiff Vantage Bank Texas is a Texas chartered bank headquartered at 45 NE Loop 410, Suite 500, San Antonio, TX 78216.

4.      Upon information and belief and based solely on paragraph 1 of the Original Complaint for Patent Infringement ("Complaint") as pled by Counterclaim-Defendant, Counterclaim-Plaintiff states that Counterclaim-Defendant Textile Computer Systems, Inc. is a corporation organized and existing under the laws of the State of Texas that maintains its principal place of business at 618 Bluff Trail, San Antonio, Texas 78216.

**Acts Giving Rise to the Counterclaim**

5.      On October 10, 2021, Counterclaim-Defendant commenced a civil lawsuit against Counterclaim-Plaintiff alleging that it infringed and is infringing upon one or more of the claims of the Asserted Patents.

6.      By such actions, Counterclaim-Defendant has created an actual and justiciable case

- 28 -

and controversy between itself and Counterclaim-Plaintiff concerning whether the Asserted Patents are patentable, valid, and/or enforceable, as well as whether Counterclaim-Plaintiff has infringed upon any patentable, valid, and/or enforceable claim of the Asserted Patents.

7.     Counterclaim-Plaintiff has not infringed upon any claims, much less any patentable, valid, or enforceable claims, of the Asserted Patents.

## COUNTERCLAIM COUNT I

## Declaratory Judgment of Unpatentability of U.S. Patent No. 8,505,079

8.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9.     At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

10.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,505,079.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT II

## Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079

12.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth

in Paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13.    At least the asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the

asserted claims 1-3, 6-9, 11-13, and 16-19 of U.S. Patent No. 8,505,079 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 8,505,079 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,505,079 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT III

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,505,079

15.    Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 14 of this Counterclaim as if fully set forth and restated herein.

16.    Any claims of U.S. Patent No. 8,505,079 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

17.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,505,079.

18.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia,* because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

19.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 and 6-9 of U.S. Patent No. 8,505,079, *inter alia,* because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive an authentication credential from said unauthorized service client associated with said request for access, said authentication credential having been provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable to evaluate said

authentication credential to authenticate the identity of said requester."

20. Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

21. Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-13 and 16-19 of U.S. Patent No. 8,505,079, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "determining a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine a key string known to both said secured resource and the authorized user said requestor purports to be, said key string being adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said second set of instructions is further operable to receive from said unauthorized service client an authentication credential associated with said request for access, said authentication credential having been

provided to said unauthorized service client by said requestor"; and "wherein said second set of instructions is further operable for evaluating said authentication credential to authenticate the identity of said requester."

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 8,505,079.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Unpatentability of U.S. Patent No. 8,533,802

23.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 22 of this Counterclaim as if fully set forth and restated herein.

24.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

25.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 8,533,802.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,533,802

27.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 26 of this Counterclaim as if fully set forth and restated herein.

28.     At least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 8,533,802 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 8,533,802 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,533,802

30. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 29 of this Counterclaim as if fully set forth and restated herein.

31.     Any claims of U.S. Patent No. 8,533,802 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

32.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 8,533,802.

33.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2 and 5-9 of U.S. Patent No. 8,533,802, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

34.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-2, 5-9, 11-12, and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not include at least: "a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource a request for access by an unauthorized service client to said secured resource"; "a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further operable to communicate said key string to said authorized user that said requester purports to be"; "wherein said second set of instructions is

further operable to receive an authentication credential from said unauthorized service client, said authentication credential having been provided to said unauthorized service client by said requester"; and "wherein said second set of instructions is further operable to evaluate said authentication credential to authenticate the identity of said requester."

35.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

36.     Upon information and belief, Defendant has not infringed, and does not infringe, any of at least the asserted claims 11-12 and 16-19 of U.S. Patent No. 8,533,802, *inter alia*, because, the accused system does not practice a method for authenticating the identity of a requester of access to a secured resource, said method for authenticating including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive from a requester purporting to be an authorized user of a secured resource, a request for access by an unauthorized service client to a secured resource from a requester purporting to be an authorized user of said secured resource"; "generating a key string with a server in secure communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to generate a key string adapted to provide a basis for authenticating the identity of said requester"; "a service user interface in communication with said server, said service user interface having a third set of instructions embodied in a computer readable medium operable to receive input from said unauthorized service client"; "wherein said first set of instructions is further

operable to communicate said key string to said authorized user that said requester purports to be";
"wherein said second set of instructions is further operable to receive an authentication credential
from said unauthorized service client, said authentication credential having been provided to said
unauthorized service client by said requester"; and "wherein said second set of instructions is
further operable to evaluate said authentication credential to authenticate the identity of said
requester."

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,
Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing
upon any of the claims of U.S. Patent No. 8,533,802.

## COUNTERCLAIM COUNT VII

### Declaratory Judgment of Unpatentability of U.S. Patent No. 9,584,499

38.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth
in Paragraph 1 through 37 of this Counterclaim as if fully set forth and restated herein.

39.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are unpatentable, and
void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept,
element sufficient to transform the nature of the claim into a patent-eligible application, and/or
combination of elements sufficient to transform the nature of the claim into a patent-eligible
application.

40.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy
has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent
No. 9,584,499.

41.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.,
Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No.

9,584,499 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

### COUNTERCLAIM COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,584,499

42.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 41 of this Counterclaim as if fully set forth and restated herein.

43.     At least the asserted claims 1-3 of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged

invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1-3 of U.S. Patent No. 9,584,499 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 9,584,499 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 9,584,499 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT IX

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,584,499

45. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 44 of this Counterclaim as if fully set forth and restated herein.

46.     Any claims of U.S. Patent No. 9,584,499 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

47.     Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 9,584,499.

48.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

49.     Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1-3 of U.S. Patent No. 9,584,499, *inter alia*, because, the accused system does not practice a method for authorizing transaction specific access to a secured resource having a secured resource identity, said method including at least the steps of: "receiving at a messaging gateway having a first set of instructions embodied in a computer readable medium, said first set of instructions operable to receive a request for transaction specific access to a secured resource by a service client"; "determining a key string with a server in communication with said messaging gateway, said server having a second set of instructions embodied in a computer readable medium operable to determine said key string known to both said server and an authorized user of said secured resource, said key string being associated with the secured resource identity within a key string table accessible by the server and providing a basis for authenticating the secured resource identity by searching the key string table for the key string"; "determining

transaction specific information with the server in communication with the messaging gateway, said server having a third set of instructions embodied in a computer readable medium operable to identify transaction specific information within the request"; "determining an authentication credential with the server in communication with said messaging gateway, the server having a fourth set of instructions operable to identify within the request an authentication credential uniquely associated with said transaction specific information and said key string, said authentication credential having been provided by the authorized user"; "evaluating said authentication credential by the server, the server having a fifth set of instructions operable to compare the key string and the transaction specific information with the authentication credential to verify that the transaction specific access to the secured resource by the service client is authorized by the authorized user"; and "wherein the key string and authentication credential do not reveal any primary identifier associated with said secured resource."

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 9,584,499.

### COUNTERCLAIM COUNT X

### Declaratory Judgment of Unpatentability of U.S. Patent No. 10,148,659

51.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 50 of this Counterclaim as if fully set forth and restated herein.

52.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a

patent-eligible application.

53.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,148,659.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

<u>**COUNTERCLAIM COUNT XI**</u>

<u>**Declaratory Judgment of Invalidity of U.S. Patent No. 10,148,659**</u>

55.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 54 of this Counterclaim as if fully set forth and restated herein.

56.     At least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

(a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

(b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

(c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more

than one year prior to the date of the application thereof in the United States;

(d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e) The patentee did not himself invent the subject matter claimed;

(f) The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-7, 9, 11, and 13-15 of U.S. Patent No. 10,148,659 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i) The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j) U.S. Patent No. 10,148,659 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

57. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,148,659 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,148,659

58. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 57 of this Counterclaim as if fully set forth and restated herein.

59. Any claims of U.S. Patent No. 10,148,659 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

60. Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,148,659.

61. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

62. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 9, 11, and 13-15 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a merchant's payment application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer

readable medium, the first instruction operable to receive registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receive a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card

account holder's mobile device"; "validate the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account identifier for payment to the specific merchant for the specific transaction and authorize the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining if"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

63.    Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

64.    Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,148,659, *inter alia*, because, the accused system does not practice a computer-implemented method for a credit or debit card account holder to authorize a resource provider to use a credit or debit card account number to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or debit card account number to the merchant, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a credit or debit card account holder's mobile device, a

merchant's payment application, or both"; "receiving registration information received from the credit or debit card account holder through the at least one interface, the registration information comprising a credit or debit card account holder identifier and at least one credit or debit card account number having an associated unique account identifier wherein the credit or debit card account number and unique account identifier are not the same"; "receiving an authorization request message to pay the specific merchant for the specific transaction from a given debit or credit card account, the authorization request message having been received through the at least one interface and originating from the credit or debit card account holder's mobile device and comprising"; "a first merchant identifier"; "a first transaction specific information selected from the group consisting of a first transaction amount and first client reference identifier"; "the credit or debit card account holder identifier"; "a designated unique account identifier selected from the at least one unique account identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string wherein the key string is not a temporary credit or debit card account number and does not include or reveal the credit or debit card account number associated with the designated unique account identifier"; "receiving a payment request message from the merchant's payment application through the at least one interface, the payment request message comprising"; "a second merchant identifier"; "a second transaction specific information selected from the group consisting of a second transaction amount and second client reference identifier"; "a second transaction specific authentication credential whereby the second authentication credential was received by the merchant application from the credit or debit card account holder's mobile device"; "validating the credit or debit card account holder's request to use the credit or debit card account number associated with the designated unique account

identifier for payment to the specific merchant for the specific transaction and authorizing the resource provider to use the credit or debit card account number associated with the designated unique account identifier to pay a specific merchant for a specific transaction without transmitting or otherwise providing the credit or bank account number to the specific merchant by determining that"; "the first merchant identifier matches the second merchant identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

65.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,148,659.

## COUNTERCLAIM COUNT XIII

## Declaratory Judgment of Unpatentability of U.S. Patent No. 10,560,454

66.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 65 of this Counterclaim as if fully set forth and restated herein.

67.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are unpatentable, and void, as each is directed toward a patent-ineligible abstract idea and lacks any inventive concept, element sufficient to transform the nature of the claim into a patent-eligible application, and/or combination of elements sufficient to transform the nature of the claim into a patent-eligible application.

68.     Based on Counterclaim-Defendant's filing of its Complaint, an actual controversy has arisen and now exists between the parties as to the unpatentability of the claims of U.S. Patent No. 10,560,454.

69.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are unpatentable, and void, for failure to comply with 35 U.S.C. § 101.

## COUNTERCLAIM COUNT XIV

### Declaratory Judgment of Invalidity of U.S. Patent No. 10,560,454

70.     Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 69 of this Counterclaim as if fully set forth and restated herein.

71.     At least the asserted claims 1, 3, 5-8, 10, and 12-14 of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which Counterclaim-Plaintiff may hereafter discover or otherwise become informed of:

    (a) The alleged invention(s) was/were not new before the applicant's alleged conception and/or reduction to practice;

    (b) The alleged invention(s) was/were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent(s);

    (c) The alleged invention(s) was/were patented or described in a printed publication in this or a foreign country, or were in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

    (d) The alleged invention(s) was/were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent(s);

(e)  The patentee did not himself invent the subject matter claimed;

(f)  The patentee abandoned the alleged invention(s);

(g) Before the alleged invention(s) was/were made by the patentee, said alleged invention(s) was/were made in this country by others who had not abandoned, suppressed or concealed the same;

(h) The difference between the subject matter sought to be patented in at least the asserted claims 1, 3, 5-8, 10 and 12-14 of U.S. Patent No. 10,560,454 and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention(s) was/were made to a person having ordinary skill in the art to which said subject matter pertains;

(i)  The alleged invention(s) does not involve the exercise of inventive faculty, but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentee;

(j)  U.S. Patent No. 10,560,454 does not contain a written description of the alleged invention(s), and of the manner and process of making and using it/them, in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it/them; and

(k) The asserted claims do not particularly point out and distinctly claim the subject matter which the applicant(s) and/or patentee(s) regard as their invention(s).

72.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that the claims of U.S. Patent No. 10,560,454 are invalid, and void, for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

## COUNTERCLAIM COUNT XV

## Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,560,454

73. Counterclaim-Plaintiff incorporates by reference each and every allegation set forth in Paragraph 1 through 72 of this Counterclaim as if fully set forth and restated herein.

74. Any claims of U.S. Patent No. 10,560,454 that may not be, *arguendo*, held unpatentable, invalid, and/or unenforceable are so restricted in scope that Counterclaim-Plaintiff has not infringed, and does not infringe, upon any such claims.

75. Based on Counterclaim-Defendant's filing of the Complaint, an actual controversy has arisen and now exists between the parties as to the non-infringement of the claims of U.S. Patent No. 10,560,454.

76. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because it does not put the alleged invention into service, *i.e.,* control the system as a whole and obtain benefit from it.

77. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 8, 10 and 12-14 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not include at least: "at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "one or more servers in secure communication with the at least one interface, the one or more servers having"; "a first instruction embodied in a computer readable medium, the first instruction operable to receive registration information received from the user through at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common

- 53 -

identifier and secured resource identifier are not the same"; "a second instruction embodied in a computer readable medium, the second instruction operable to receive an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "a third instruction embodied in a computer readable medium, the third instruction operable to"; "generate a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receive an access request message from the service client's application through the at least one interface, the access request message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validate the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

78.     Upon information and belief, Defendant has not jointly infringed, and does not jointly infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454,

*inter alia*, because, with respect to Defendant's alleged actions with any third-party, including, for example, any of Defendant's customer(s) or vendor(s), Defendant does not direct or control the third-party and Defendant and the third-party do not form a joint enterprise.

79. Upon information and belief, Defendant has not infringed, and does not infringe, upon any of at least the asserted claims 1, 3, and 5-7 of U.S. Patent No. 10,560,454, *inter alia*, because, the accused system does not practice a computer-implemented method for a user to authorize a service client's access to a secured resource associated with a common identifier without transmitting or otherwise providing the secured resource's common identifier to the service client, the computer-implemented method including at least the steps of: "providing at least one interface adapted to receive and transmit data in communication with a user's application, a service client's application, or both"; "receiving registration information received from the user through the at least one interface, the registration information comprising a user identifier and at least one secured resource identifier associated with the common identifier of the secured resource, wherein the common identifier and the secured resource identifier are not the same;" "receiving an authorization request message to authorize access to the secured resource by the service client, the authorization request message having been received through the at least one interface from the user's application and comprising"; "a first service client identifier"; "a first transaction specific information"; "the user identifier"; "a designated secured resource identifier selected from one of the at least one secured resource identifiers"; "generating a first transaction specific authentication credential associated with the authorization request, whereby the first transaction specific authentication credential comprises a key string and does not include or reveal the common identifier associated with the designated secured resource identifier"; "receiving an access request message from the service client's application through the at least one interface, the access request

message comprising"; "a second service client identifier"; "a second transaction specific information"; "a second transaction specific authentication credential whereby the second transaction specific authentication credential was received by the service client's application from the user's application"; "validating the user's request to access the secured resource associated with the designated secured resource identifier without transmitting or otherwise providing the common identifier of the secured resource to the service client by determining if"; "the first service client identifier matches the second service client identifier"; "the first transaction specific information matches the second transaction specific information"; and "the first transaction specific authentication credential matches the second transaction specific authentication credential."

80.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Counterclaim-Plaintiff requests a declaration from the Court that it has not and is not infringing upon any of the claims of U.S. Patent No. 10,560,454.

## Jury Demand

Counterclaim-Plaintiff Vantage Bank Texas demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Counterclaim-Plaintiff Vantage Bank Texas respectfully prays that the Court enter judgment in its favor and award the following relief against Counterclaim-Defendant Textile Computer Systems, Inc.

A.    Declare that Vantage Bank Texas has not infringed upon any of the claims of the Asserted Patents;

B.      Declare that each claim of the Asserted Patents is unpatentable;

C.      Declare that each claim of the Asserted Patents is invalid;

D.      Declare that each claim of the Asserted Patents is unenforceable;

E.      Permanently enjoin Textile Computer Systems, Inc. and its officers, directors, agents, servants, employees, and attorneys, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Vantage Bank Texas and/or any of its respective officers, agents, servants, employees, subsidiaries, vendors, or customers infringe any of the claims of the Asserted Patents, or instituting any further action for infringement of the Asserted Patents against Vantage Bank Texas, or any of its customers, vendors, agents, successors and assigns;

F.      Finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Vantage Bank Texas its reasonable attorneys' fees, expenses and costs incurred in connection with this action; and

G.      Awarding to Vantage Bank Texas such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  August 19, 2022

Respectfully submitted,

/s/ Nick E. Williamson
Michael C. Smith
Walker Steven Young (*pro hac vice*)
SCHEEF & STONE, LLP
113 East Austin St.
Marshall, TX  75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

David A. Roodman (*pro hac vice*)
Nick E. Williamson (*pro hac vice*)
George G. Brell (*pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com
nick.williamson@bclplaw.com

***Attorneys for Defendant***
***Vantage Bank Texas in connection with***
***allegations arising in Case No. 6:21-cv-1058***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service on August 19, 2022.

By: */s/ Nick E. Williamson*
    Nick E. Williamson