# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **TEXTILE COMPUTER SYSTEMS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NOS.** |
| v. ) | **6:21-cv-1050-ADA, 6:21-cv-1051-ADA,** |
| ) | **6:21-cv-1052-ADA, 6:21-cv-1053-ADA,** |
| **BROADWAY NATIONAL BANK d/b/a** ) | **6:21-cv-1054-ADA, 6:21-cv-1056-ADA,** |
| **BROADWAY BANK, et. al.,** ) | **6:21-cv-1057-ADA, & 6:21-cv-1058-ADA** |
| ) | |
| **Defendants.** ) | |
| ------------------------------------------------------- ) | |

## NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO SUBPOENAS

TO: Defendant Textile Computer Systems, Inc., by and through its attorney of record, C. Ryan Pickney, 4306 Yoakum Blvd. Ste. 450, Houston, Texas 77006, via email ryan@ahtlawfrm.com.

Pursuant to Federal Rule of Civil Procedure 45, non-party Unified Patents, LLC ("Unified"), through its undersigned counsel, serves its Responses and Objections to Plaintiff Textile Computer Systems, Inc.'s ("Textile") document requests in the above-styled cases ("W.D. Texas suits"), dated September 7, 2021 (the "Subpoenas"). The current agreed-upon due date for Unified's response is October 10, 2022. Unified's undersigned counsel is available to meet and confer regarding these responses and objections on October 11, 2022 at 1 P.M. ET, as previously agreed. Unified incorporates by reference its objections and arguments made in Unified's Motion to Quash that is being filed concurrently with this document.

### PRELIMINARY OBJECTIONS

1. Non-party Unified objects to the extent that the Documents and Things To Be Produced (the "Requests") seek documents and information available from public sources or that is duplicative of discovery from Broadway National Bank d/b/a Broadway Bank (6:21-cv-1050-ADA), Charles Schwab Bank (6:21-cv-1051-ADA), (Comerica Bank, 6:21-cv-1052-ADA), Frost Bank (6:21-cv-

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS     1**

1053-ADA), Independent Bank (6:21-cv-1054-ADA), Southside Bank (6:21-cv-1056-ADA), Texas Capital Bank (6:21-cv-1057-ADA), and Vantage Bank Texas (6:21-cv-1058-ADA), respectively, (collectively, the "Defendants"; each a "Defendant") or any other third parties, in the present case or any other matters where Unified is not a party.

2. Unified objects to the extent that the Requests seek documents and information that is not relevant to any claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence, and beyond the needs of the case. Further, Unified was solely the real-party-in-interest ("RPI") with respect to Unified's *inter partes review* ("IPR"), IPR2017-0029, wherein Textile was the participating patent owner and did not contest Unified's claims that it was the sole RPI. As such, this IPR cannot have any bearing on any claim or defense in these actions.

3. Unified objects to the Subpoenas to the extent they exceed the scope of discovery, does not comply with, or imposes obligations beyond those required by the Federal Rules of Civil Procedure, including Rule 45, and any applicable Local Rules.

4. Unified objects to the Subpoenas to the extent they seek information protected by any applicable privilege, including but not limited to the attorney-client privilege, work product doctrine, joint defense, common interest, accountant-client privilege, or any other applicable privilege, doctrine or immunity. Such information shall not be provided in response to the Subpoenas, and any inadvertent disclosure shall not be deemed a waiver of any privilege with respect to such information. As publicly stated on the Unified website (https://www.unifiedpatents.com/faq), Unified does not have attorney-client relationships with its members. Thus, Unified is not asserting the objection of attorney-client privilege with respect to communications with its members.

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS**     2

5. Unified objects to the Subpoenas to the extent they would require Unified to disclose confidential and proprietary information that may be subject to confidentiality agreements as to individuals or entities that are not involved in the underlying dispute. Unified will not produce any documents that would cause it to be in violation of any confidentiality obligation or privacy obligation to any party, member, or third party.

6. Unified objects to the Requests and the Topics to the extent they seek information that is in the possession, custody, or control of Textile, who is a party to the litigation. Such information can therefore be more readily obtained from Textile.

7. Unified reserves the right to assert additional general and specific objections to the Requests where appropriate.

8. These Preliminary Objections apply to all of the Requests. To the extent the substance of these Preliminary Objections is repeated in response to specific requests or topics, such objections are repeated because they are particularly applicable to such requests or topics and are not to be construed as a waiver of any other Preliminary Objections applicable to the information falling within the scope of such requests or topics.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Unified objects generally to the Definitions as improperly redefining ordinary words to have different meanings. Unified will interpret the words in each request in good faith in accordance with their ordinary and customary meaning.

2. Unified objects generally to the Instructions as beyond the scope of what is required under the Federal Rules of Civil Procedure and this Court.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1.**
**Contracts and communications with defendant(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung.**

**RESPONSE:**

Unified objects to this Request to the extent it requests information that is irrelevant to the claims and defenses in this case and to the extent it seeks information that is not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Unified also objects to the extent that this Request is overly broad and unduly burdensome, including, but not limited to the fact that the Request is unbounded in time and context. Unified further objects to the extent this Request seeks information that could be more readily obtained from the Defendants in the above-titled cases and/or the listed companies (to the extent that they have direct business relationships with any of the Defendants). And, Unified objects to the extent that this Request seeks Unified's highly confidential business information.

Subject to and without waiving its general and specific objections, Unified responds as follows: Unified is not a party to the litigation. Further, such information, to the extent it exists, is irrelevant to any claims or defenses at issue in the instant litigations, and could be obtained from less burdensome means, including information that is available from parties to the litigations or other sources, information already in Textile's possession, and/or publicly available sources. Moreover, such information constitutes the confidential, proprietary, and trade secret information of Unified and/or its members. The details of Unified's relationships with its members, including the identity of members and non-members, as well as the terms of any membership agreements themselves constitute highly confidential information that Unified goes to great lengths to protect. Unified does not make this information publicly available. In fact, the membership agreements themselves contain confidentiality provisions and such confidentiality is very important to Unified's members as well as Unified's business.

Unified further states that it has already certified that Unified is the real-party-in-interest and has further certified that no other party exercised control or could have exercised control over

Unified's participation in Case No. IPR2017-0029. Here, as with every IPR petition it files, Unified exercised its sole discretion and control in deciding to file the petitions, including paying for all fees and expenses. Further, Unified had no discussions with any Unified Member or any other non-member entity regarding whether regarding any such entity's desire for Unified to challenge U.S. 8,505,079. Unified did not have any communication with any Member or any Defendant identifying: (a) a patent or group of patents (including any other patents asserted by Textile in any district court litigation) to be considered for Case No. IPR2017-0029 or (b) any requests, instructions, preferences, suggestions, or desires regarding the selection of a patent or group of patents for Case No. IPR2017-0029.

Unified has sole and absolute discretion over its decision to contest patents through the USPTO/PTAB's post-grant proceedings. Unified does not discuss the preparation of any patentability challenge with Members or non-member entities, including whether Unified will or will not file a petition or whether any Member or non-member entity desires that Unified file a petition. Unified does not send, solicit, or consider any communications with Members or non-member entities directing which patent or group of patents are to be considered for an IPR. Unified does not send, solicit, or consider any member's or non-member entity's preferences, suggestions, or desires as to the selection of a patent of group of patents for an IPR. Unified itself identifies potential patents to challenge based on publicly available information obtained solely through Unified's own independent search of publicly available legal databases and information. Further, after initiating a post-grant proceeding, Unified retains sole and absolute discretion and control over all strategy decisions, including any decision to continue or terminate Unified's participation, or any settlement agreement with the patent owner. Members and or non-member entities exercise no direction, provide no prior art, do not receive or provide input to any draft(s), and do not control any aspect of any proceeding, and are not privy to or made aware of any settlement negotiations.

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS**     5

Unified is also solely responsible for paying for the preparation, filing and prosecution of any post-grant proceeding, including any expenses associated with the proceeding.

**REQUEST NO. 2**

**Documents sufficient to identify meetings, and documents used or exchanged during meetings, with defendant(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung.**

**RESPONSE:**

Unified objects to this Request to the extent it requests information that is irrelevant to the claims and defenses in this case and to the extent it seeks information that is not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Unified also objects to the extent that this Request is overly broad and unduly burdensome, including, but not limited to the fact that the Request is unbounded in time and context. Unified further objects to the extent this Request seeks information that could be more readily obtained from the Defendants in the above-titled cases and/or the listed companies (to the extent that they have direct business relationships with any of the Defendants). And, Unified objects to the extent that this Request seeks Unified's highly confidential business information. Unified also objects to this Request as vague, overly broad, and unduly burdensome with respect to the use of the terms "meetings," and "used or exchanged."

Subject to and without waiving its general and specific objections, Unified responds as follows: Unified is not a party to the litigation. Further, such information, to the extent it exists, is irrelevant to any claims or defenses at issue in the instant litigations, and could be obtained from less burdensome means, including information that is available from parties to the litigations or other sources, information already in Textile's possession, and/or publicly available sources. Moreover, such information constitutes the confidential, proprietary, and trade secret information of Unified and/or its members. The details of Unified's relationships with its members, including

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS**     6

the identity of members and non-members, as well as the terms of any membership agreements themselves constitute highly confidential information that Unified goes to great lengths to protect. Unified does not make this information publicly available. In fact, the membership agreements themselves contain confidentiality provisions and such confidentiality is very important to Unified's members as well as Unified's business.

Unified further states that it has already certified that Unified is the real-party-in-interest and has further certified that no other party exercised control or could have exercised control over Unified's participation in Case No. IPR2017-0029. Here, as with every IPR petition it files, Unified exercised its sole discretion and control in deciding to file the petitions, including paying for all fees and expenses. Further, Unified had no discussions with any Unified Member or any other non-member entity regarding whether regarding any such entity's desire for Unified to challenge U.S. 8,505,079. Unified did not have any communication with any Member or any Defendant identifying: (a) a patent or group of patents (including any other patents asserted by Textile in any district court litigation) to be considered for Case No. IPR2017-0029 or (b) any requests, instructions, preferences, suggestions, or desires regarding the selection of a patent or group of patents for Case No. IPR2017-0029.

Unified has sole and absolute discretion over its decision to contest patents through the USPTO/PTAB's post-grant proceedings. Unified does not discuss the preparation of any patentability challenge with Members or non-member entities, including whether Unified will or will not file a petition or whether any Member or non-member entity desires that Unified file a petition. Unified does not send, solicit, or consider any communications with Members or non-member entities directing which patent or group of patents are to be considered for an IPR. Unified does not send, solicit, or consider any member's or non-member entity's preferences, suggestions, or desires as to the selection of a patent of group of patents for an IPR. Unified itself identifies

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS       7**

potential patents to challenge based on publicly available information obtained solely through Unified's own independent search of publicly available legal databases and information. Further, after initiating a post-grant proceeding, Unified retains sole and absolute discretion and control over all strategy decisions, including any decision to continue or terminate Unified's participation, or any settlement agreement with the patent owner. Members and or non-member entities exercise no direction, provide no prior art, do not receive or provide input to any draft(s), and do not control any aspect of any proceeding, and are not privy to or made aware of any settlement negotiations. Unified is also solely responsible for paying for the preparation, filing and prosecution of any post-grant proceeding, including any expenses associated with the proceeding.

**REQUEST NO. 3.**

**Documents sufficient to identify your members.**

**RESPONSE:**

Unified objects to this Request to the extent it requests information that is irrelevant to the claims and defenses in this case and to the extent it seeks information that is not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Unified also objects to the extent that this Request is overly broad and unduly burdensome, including, but not limited to the fact that the Request is unbounded in time and context. Unified further objects to the extent this Request seeks information that could be more readily obtained from the Defendants in the above-titled cases and/or the listed companies (to the extent that they have direct business relationships with any of the Defendants). And, Unified objects to the extent that this Request seeks Unified's highly confidential business information.

Subject to and without waiving its general and specific objections, Unified responds as follows: Unified is not a party to the litigation. Further, such information, to the extent it exists, is irrelevant to any claims or defenses at issue in the instant litigations, and could be obtained from

less burdensome means, including information that is available from parties to the litigations or other sources, information already in Textile's possession, and/or publicly available sources. Moreover, such information constitutes the confidential, proprietary, and trade secret information of Unified and/or its members. The details of Unified's relationships with its members, including the identity of members and non-members, as well as the terms of any membership agreements themselves constitute highly confidential information that Unified goes to great lengths to protect. Unified does not make this information publicly available. In fact, the membership agreements themselves contain confidentiality provisions and such confidentiality is very important to Unified's members as well as Unified's business.

Unified further states that it has already certified that Unified is the real-party-in-interest and has further certified that no other party exercised control or could have exercised control over Unified's participation in Case No. IPR2017-0029. Here, as with every IPR petition it files, Unified exercised its sole discretion and control in deciding to file the petitions, including paying for all fees and expenses. Further, Unified had no discussions with any Unified Member or any other non-member entity regarding whether regarding any such entity's desire for Unified to challenge U.S. 8,505,079. Unified did not have any communication with any Member or any Defendant identifying: (a) a patent or group of patents (including any other patents asserted by Textile in any district court litigation) to be considered for Case No. IPR2017-0029 or (b) any requests, instructions, preferences, suggestions, or desires regarding the selection of a patent or group of patents for Case No. IPR2017-0029.

Unified has sole and absolute discretion over its decision to contest patents through the USPTO/PTAB's post-grant proceedings. Unified does not discuss the preparation of any patentability challenge with Members or non-member entities, including whether Unified will or will not file a petition or whether any Member or non-member entity desires that Unified file a

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS**       9

petition. Unified does not send, solicit, or consider any communications with Members or non-member entities directing which patent or group of patents are to be considered for an IPR. Unified does not send, solicit, or consider any member's or non-member entity's preferences, suggestions, or desires as to the selection of a patent of group of patents for an IPR. Unified itself identifies potential patents to challenge based on publicly available information obtained solely through Unified's own independent search of publicly available legal databases and information. Further, after initiating a post-grant proceeding, Unified retains sole and absolute discretion and control over all strategy decisions, including any decision to continue or terminate Unified's participation, or any settlement agreement with the patent owner. Members and or non-member entities exercise no direction, provide no prior art, do not receive or provide input to any draft(s), and do not control any aspect of any proceeding, and are not privy to or made aware of any settlement negotiations. Unified is also solely responsible for paying for the preparation, filing and prosecution of any post-grant proceeding, including any expenses associated with the proceeding.

**REQUEST NO. 4.**

**Documents sufficient to identify your members who have subscribed to each of the following zones: content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking.**

**RESPONSE:**

Unified objects to this Request to the extent it requests information that is irrelevant to the claims and defenses in this case and to the extent it seeks information that is not proportional to the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Unified also objects to the extent that this Request is overly broad and unduly burdensome, including, but not limited to the fact that the Request is unbounded in time. Unified further objects to the extent this Request seeks information that could be more readily obtained from the Defendants in the above-titled cases and/or the listed companies (to the extent that they have direct

business relationships with any of the Defendants). And, Unified objects to the extent that this Request seeks Unified's highly confidential business information.

Subject to and without waiving its general and specific objections, Unified responds as follows: Unified is not a party to the litigation. Further, such information, to the extent it exists, is irrelevant to any claims or defenses at issue in the instant litigations, and could be obtained from less burdensome means, including information that is available from parties to the litigations or other sources, information already in Textile's possession, and/or publicly available sources. Moreover, such information constitutes the confidential, proprietary, and trade secret information of Unified and/or its members. The details of Unified's relationships with its members, including the identity of members and non-members, as well as the terms of any membership agreements themselves constitute highly confidential information that Unified goes to great lengths to protect. Unified does not make this information publicly available. In fact, the membership agreements themselves contain confidentiality provisions and such confidentiality is very important to Unified's members as well as Unified's business.

Unified further states that it has already certified that Unified is the real-party-in-interest and has further certified that no other party exercised control or could have exercised control over Unified's participation in Case No. IPR2017-0029. Here, as with every IPR petition it files, Unified exercised its sole discretion and control in deciding to file the petitions, including paying for all fees and expenses. Further, Unified had no discussions with any Unified Member or any other non-member entity regarding whether regarding any such entity's desire for Unified to challenge U.S. 8,505,079. Unified did not have any communication with any Member or any Defendant identifying: (a) a patent or group of patents (including any other patents asserted by Textile in any district court litigation) to be considered for Case No. IPR2017-0029 or (b) any requests, instructions, preferences, suggestions, or desires regarding the selection of a patent or

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS   11**

group of patents for Case No. IPR2017-0029.

Unified has sole and absolute discretion over its decision to contest patents through the USPTO/PTAB's post-grant proceedings. Unified does not discuss the preparation of any patentability challenge with Members or non-member entities, including whether Unified will or will not file a petition or whether any Member or non-member entity desires that Unified file a petition. Unified does not send, solicit, or consider any communications with Members or non-member entities directing which patent or group of patents are to be considered for an IPR. Unified does not send, solicit, or consider any member's or non-member entity's preferences, suggestions, or desires as to the selection of a patent of group of patents for an IPR. Unified itself identifies potential patents to challenge based on publicly available information obtained solely through Unified's own independent search of publicly available legal databases and information. Further, after initiating a post-grant proceeding, Unified retains sole and absolute discretion and control over all strategy decisions, including any decision to continue or terminate Unified's participation, or any settlement agreement with the patent owner. Members and or non-member entities exercise no direction, provide no prior art, do not receive or provide input to any draft(s), and do not control any aspect of any proceeding, and are not privy to or made aware of any settlement negotiations. Unified is also solely responsible for paying for the preparation, filing and prosecution of any post-grant proceeding, including any expenses associated with the proceeding.

**REQUEST NO. 5.**

**Communications and other documents relating to Textile, Gopal Nandakumar, any patent or patent application owned by Textile or for which Mr. Nandakumar is a named inventor, or the inter partes review of U.S. Patent No. 8,505,079.**

**RESPONSE:**

Unified objects to this Request to the extent it requests information that is irrelevant to the claims and defenses in this case and to the extent it seeks information that is not proportional to

the needs of the case nor reasonably calculated to lead to the discovery of admissible evidence. Unified also objects to the extent that this Request is overly broad and unduly burdensome, including, but not limited to the fact that the Request is unbounded in time and context. Unified further objects to the extent this Request seeks information that could be more readily obtained from the Defendants in the above-titled cases and/or the listed companies (to the extent that they have direct business relationships with any of the Defendants). And, Unified objects to the extent that this Request seeks Unified's highly confidential business information. Unified further objects to the extent this Request seeks information protected by the attorney-client privilege, the work-product doctrine, and any other applicable privilege or immunity. Unified also objects to this Request as vague, overly broad, and unduly burdensome with respect to the use of the term "relating to."

Subject to and without waiving its general and specific objections, Unified responds as follows: Unified is not a party to the litigation. Further, such information, to the extent it exists, is irrelevant to any claims or defenses at issue in the instant litigations, and could be obtained from less burdensome means, including information that is available from parties to the litigations or other sources, information already in Textile's possession, and/or publicly available sources. Moreover, such information constitutes the confidential, proprietary, and trade secret information of Unified and/or its members. The details of Unified's relationships with its members, including the identity of members and non-members, as well as the terms of any membership agreements themselves constitute highly confidential information that Unified goes to great lengths to protect. Unified does not make this information publicly available. In fact, the membership agreements themselves contain confidentiality provisions and such confidentiality is very important to Unified's members as well as Unified's business. Such information also includes information covered by Unified's attorney-client and/or work product privileges. As publicly stated on the

**NON-PARTY UNIFIED PATENTS' RESPONSES AND OBJECTIONS TO TEXTILE'S SUBPOENAS     13**

Unified website (https://www.unifiedpatents.com/faq), Unified does not have attorney-client relationships with its members. Thus, Unified is not asserting the objection of attorney-client privilege with respect to communications with its members.

Unified further states that it has already certified that Unified is the real-party-in-interest and has further certified that no other party exercised control or could have exercised control over Unified's participation in Case No. IPR2017-0029. Here, as with every IPR petition it files, Unified exercised its sole discretion and control in deciding to file the petitions, including paying for all fees and expenses. Further, Unified had no discussions with any Unified Member or any other non-member entity regarding whether regarding any such entity's desire for Unified to challenge U.S. 8,505,079. Unified did not have any communication with any Member or any Defendant identifying: (a) a patent or group of patents (including any other patents asserted by Textile in any district court litigation) to be considered for Case No. IPR2017-0029 or (b) any requests, instructions, preferences, suggestions, or desires regarding the selection of a patent or group of patents for Case No. IPR2017-0029.

Unified has sole and absolute discretion over its decision to contest patents through the USPTO/PTAB's post-grant proceedings. Unified does not discuss the preparation of any patentability challenge with Members or non-member entities, including whether Unified will or will not file a petition or whether any Member or non-member entity desires that Unified file a petition. Unified does not send, solicit, or consider any communications with Members or non-member entities directing which patent or group of patents are to be considered for an IPR. Unified does not send, solicit, or consider any member's or non-member entity's preferences, suggestions, or desires as to the selection of a patent of group of patents for an IPR. Unified itself identifies potential patents to challenge based on publicly available information obtained solely through Unified's own independent search of publicly available legal databases and information. Further,

after initiating a post-grant proceeding, Unified retains sole and absolute discretion and control over all strategy decisions, including any decision to continue or terminate Unified's participation, or any settlement agreement with the patent owner. Members and or non-member entities exercise no direction, provide no prior art, do not receive or provide input to any draft(s), and do not control any aspect of any proceeding, and are not privy to or made aware of any settlement negotiations. Unified is also solely responsible for paying for the preparation, filing and prosecution of any post-grant proceeding, including any expenses associated with the proceeding.

Dated:  October 10, 2022

Respectfully submitted,

/s/ *Laurence M. Sandell*
Laurence M. Sandell (SBN 262186)
lsandell@meimark.com
Lei Mei (SBN 240104)
mei@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-1173

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
433 North Camden Drive, Suite 400
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

Attorneys for
UNIFIED PATENTS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel of record electronically via email Textile's counsel (Matt Antonelli <matt@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Zac Harrington <zac@ahtlawfirm.com>, Larry Thompson <larry@ahtlawfirm.com>, Stafford Davis <sdavis@stafforddavisfirm.com>, Catherine Bartles <cbartles@stafforddavisfirm.com>) on this 10th day of October, 2022.

/s/Laurence M. Sandell