# EXHIBIT 7

Case 5:21-cv-00250-SVK   Document 518   Filed 10/10/22   Page 1 of 9

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

UNIFIED PATENTS INC.
Petitioner

v.

TEXTILE COMPUTER SYSTEMS, INC.
Patent Owner

IPR2017-00296
Patent 8,505,079

**PETITIONER'S VOLUNTARY INTERROGATORY RESPONSES**

IPR2017-00296 Voluntary Interrogatory Responses
U.S. Patent 8,505,079

Petitioner, Unified Patents Inc., provides the following voluntary interrogatory responses.

## DEFINITIONS

A.  '079 PATENT means U.S. Patent 8,505,079.

B.  COMMUNICATIONS means the transmission or receipt of information of any kind through any means (*e.g.*, e-mail, text message, voicemail, audio, computer readable media, or orally).

C.  MEMBER means any company that participates in UNIFIED's solution and MEMBERS means all such companies.

D.  IPR means *inter partes* review.

E.  THE INSTANT IPR means this proceeding.

F.  PETITION means the petition, including the exhibits thereto, for THE INSTANT IPR.

G.  UNIFIED means Unified Patents Inc. and includes any shareholder, officer, director, employee, agent, representative, privies, intermediaries, or other individual authorized to act on behalf of Unified Patents Inc.

H.  USPTO means the United States Patent and Trademark Office.

# RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify any COMMUNICATIONS between UNIFIED and any entity other than its counsel relating to the financing, preparation, editing, prior review, or approval of the PETITION.

**RESPONSE NO. 1:**

UNIFIED states that no such communications exist.

UNIFIED states that it was founded by intellectual property professionals over concerns with the increasing risk of non-practicing entities (NPEs) asserting patents of poor quality against strategic technologies and industries.  The founders thus created a first-of-its-kind company whose sole purpose is to deter NPE litigation by protecting technology sectors, like methods and apparatuses for encoding signals, the technology at issue in the '079 PATENT.  Companies in a technology sector subscribe to UNIFIED's technology-specific deterrence, and in turn, UNIFIED performs many NPE-deterrent activities, such as analyzing the technology sector and monitoring patent activity (including patent ownership and sales, NPE demand letters and litigation, and industry companies).  UNIFIED's monitoring activities allows it to identify patents, perform prior art research, analyze invalidity, and to sometimes file reexaminations or IPRs against some patents.

IPR2017-00296 Voluntary Interrogatory Responses
U.S. Patent 8,505,079

UNIFIED states that it has sole and absolute discretion over its decision to contest patents through the USPTO's post-grant proceedings. Based on its own analysis, UNIFIED determines which patents are worth pursuing in terms of searching for prior art or taking action, including filing an IPR. UNIFIED's decisions to file an IPR are made independently without the input, assistance, or approval of its MEMBERS. Should UNIFIED decide to challenge a patent in a post-grant proceeding, UNIFIED controls every aspect of such a challenge, including controlling which patent and claims to challenge, which prior art to apply and the grounds raised in the challenge, and when to bring any challenge.

MEMBERS receive no prior notice of UNIFIED's patent challenges. After filing a post-grant proceeding, UNIFIED retains sole and absolute discretion and control over all strategy decisions (including any decision to continue or terminate UNIFIED's participation). UNIFIED is also solely responsible for paying for the preparation, filing, and prosecution of any post-grant proceeding, including any expenses associated with the proceeding.

In THE INSTANT IPR, UNIFIED exercised its sole discretion and control in deciding to file this PETITION against the '079 PATENT, including paying for all fees and expenses. UNIFIED shall exercise sole and absolute control and discretion of the continued prosecution of THE INSTANT IPR (including any

3

decision to terminate UNIFIED's participation) and shall bear all subsequent costs related to THE INSTANT IPR.

**INTERROGATORY NO. 2:**

Identify any individuals acting for or on behalf of any entity other than UNIFIED's counsel that participated or assisted in any way with the financing, preparation, editing, prior review, approval, or filing of the PETITION.

**RESPONSE NO. 2:**

UNIFIED states that no such individuals exist. UNIFIED further states that no individuals other than UNIFIED's employees and its counsel had any prior knowledge of the filing of THE INSTANT IPR.

As stated in response to Interrogatory No. 1, in THE INSTANT IPR, UNIFIED exercised its sole discretion and control in deciding to file the PETITION against the '079 PATENT, including paying for all fees and expenses. UNIFIED shall exercise sole and absolute control and discretion of the continued prosecution of THE INSTANT IPR (including any decision to terminate UNIFIED's participation) and shall bear all subsequent costs related to THE INSTANT IPR.

UNIFIED further states that its MEMBERS do not get to participate in any way in UNIFIED's deterrent activities. UNIFIED does not receive input from its MEMBERS, and does not give them an opportunity to participate in or an

opportunity to even know that UNIFIED is contemplating filing an IPR before the IPR is filed. In THE INSTANT IPR, none of UNIFIED's MEMBERS had any prior knowledge of, or involvement in, the preparation and filing of THE PETITION or THE INSTANT IPR.

**INTERROGATORY NO. 3:**

Identify payments by any entity to UNIFIED relating to the financing of THE INSTANT IPR.

**RESPONSE NO. 3:**

UNIFIED states that no such payments exist.

UNIFIED states that its MEMBERS pay only a yearly subscription fee to a specific technology zone, and in return, UNIFIED performs its many NPE-deterrent activities. UNIFIED's MEMBERS do not pay any fees designated for IPRs, let alone for IPRs against specific patents. It is UNIFIED and UNIFIED alone that determines how to spend its money. UNIFIED independently selects which patents to target based on the perceived deterrent value to a technology zone. Based on its own analysis, UNIFIED determines which patents are worth pursuing in terms of filing an IPR or performing some other activity. UNIFIED's decisions to file an IPR are made independently without the input, assistance, or approval of its MEMBERS. UNIFIED states that there are no explicit or implicit

agreements with its MEMBERS about UNIFIED performing any particular deterrent strategy, including THE INSTANT IPR.

**Unified Patents Inc.**

By:   */s/ Jason R. Mudd*_____
      Jason R. Mudd, Reg. No. 57,700
      ERISE IP, P.A.
      6201 College Blvd., Suite 300
      Overland Park, KS 66201
      Tel: (931) 777-5600

IPR2017-00296 Voluntary Interrogatory Responses
U.S. Patent 8,505,079

## **VERIFICATION**

I, Kevin Jakel, state that I am CEO of Unified Patents Inc., and that I am authorized to make this verification for and on its behalf. I certify that I have read the foregoing Interrogatory responses, and that the responses are true and accurate to the best of my own knowledge, information, and belief. Further, I make this verification with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the results of these proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

By: *Kevin Jakel*
Kevin Jakel