# EXHIBIT 10

**From:** Matt Antonelli matt@ahtlawfirm.com
**Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)
**Date:** October 3, 2022 at 4:33 PM
**To:** Larry Sandell lsandell@meimark.com, P. Andrew Riley ariley@meimark.com
**Cc:** Ryan Pinckney ryan@ahtlawfirm.com, Zac Harrington zac@ahtlawfirm.com, Larry Thompson larry@ahtlawfirm.com, Stafford Davis sdavis@stafforddavisfirm.com, cbartles@stafforddavisfirm.com



Larry—

This responds to your email below.

Relevance

You argue that we should withdraw our subpoenas because they seek irrelevant information. But, as we have already explained, each of the actions for which we have served our subpoena involve the 079 Patent. Unified Patents chose to file an IPR against the 079 Patent. As you are aware, Unified's IPR was unsuccessful. That means IPR estoppel applies in our actions to the extent that any defendant was a Real Party in Interest for the 079 IPR, or a privy of a Real Party in Interest. *See* 35 USC § 315(e)(2). We contend that Unified's members (or at least its members of relevant zones) are the RPIs for the 079 IPR. We also contend that the defendants in our actions are either RPIs or privies of Unified. Our discovery is directly relevant to prove our contentions and is proportional to the needs of our case. *See, e.g., Fall Line Patents, LLC v. Unified Patents LLC*, Case No. 19-1956, Dkt. 92 at 8, n. 1 (Fed. Cir. July 28, 2020) (citing *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1352 (Fed. Cir. 2018) (explaining that it is "particularly important that the [fact finder] conduct a critical assessment of a party's assertions regarding the real party-in-interest issue" and that "[s]uch a critical assessment is especially warranted in a case in which a petitioner's entire business model is to challenge patents on behalf of others").

Confidentiality

You also argue that we should withdraw our subpoenas because they seek confidential information. We do not agree that any of the information sought by our subpoenas is "highly confidential" or would pose any risk to Unified. That Unified enters into confidentiality agreements with its members (by which it has tried to hide the true nature of its relationship with its members) is no reason to avoid the discovery sought by our subpoena. Moreover, in the past, despite vigorously pressing confidentiality objections, Unified, when tested, has ultimately abandoned its confidentiality objections. In any event, all of this can be put aside because Unified can designate materials (assuming it has a good faith basis to do so) under the protective order entered in our case, which we provided to Unified along with our subpoenas.

Privilege

Finally, you argue that we should withdraw our subpoenas because they seek "clearly privileged materials." But the first 4 of our 5 document requests are clearly directed to documents for which Unified cannot possibly claim privilege. They are directed to communications and documents exchanged with your members and documents sufficient to identify your members—members with whom Unified has no privileged relationship. Our 5th topic conceivably may involve some privileged

communications with the attorneys who represented Unified in the IPR. But if that is the case, Unified must claim the privilege and serve a privilege log establishing the basis for the claim.

In view of the above, we are not willing to withdraw our subpoenas. We can discuss this on our meet and confer scheduled for noon central on October 11th after we receive Unified's formal response to the subpoena. We'd be happy to also talk earlier if you would like, just let us know.

Best regards,

—Matt

Matthew Antonelli
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3005 (direct)
(646) 228-5996 (cell)
(713) 581-3020 (fax)
www.ahtlawfirm.com
matt@ahtlawfirm.com

---

**From:** Larry Sandell <lsandell@meimark.com>
**Date:** Monday, October 3, 2022 at 12:10 PM
**To:** Ryan Pinckney <ryan@ahtlawfirm.com>
**Cc:** "P. Andrew Riley" <ariley@meimark.com>, Matt Antonelli <matt@ahtlawfirm.com>
**Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

*External Sender*
Hi Ryan and Matt,

I write to followup on our call of September 21, 2022.

First, I would like to reiterate our request that the eight subpoenas be withdrawn. It is our position that these subpoenas seek information that his irrelevant to any claim or defense in the corresponding litigations and, further, seek highly confidential information and well as clearly privileged materials.

If Textile is not willing to withdraw the subpoenas, I reiterate my request for any authority you have to support your theory that IPR estoppel applies because some of the Defendants may have business relationships with firms that may be members of Unified.

I am available for an additional telephonic meet and confer if you think it may be fruitful.

Best,
Larry

Larry Sandell
Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
lsandell@meimark.com | www.meimark.com
Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
Mailing Address: P.O. Box 65981, Washington, DC 20035-5981

> On Sep 20, 2022, at 12:52 PM, Ryan Pinckney <ryan@ahtlawfirm.com> wrote:
>
> Thank you Larry. We will call you then.
>
> Best,
>
> Ryan
>
> ---
>
> **From:** Larry Sandell <lsandell@meimark.com>
> **Sent:** Tuesday, September 20, 2022 11:43 AM
> **To:** Ryan Pinckney <ryan@ahtlawfirm.com>
> **Cc:** P. Andrew Riley <ariley@meimark.com>; Matt Antonelli <matt@ahtlawfirm.com>
> **Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)
>
> *External Sender*
> Hi Ryan,
>
> You can call me tomorrow on my direct line at 12 PM CT/ 1 PM ET.
>
> Thank you for agreeing to the extension. I will plan to make myself available on October 11. Tentatively, I will reserve 12 PM CT/ 1 PM ET in my calendar to hold the time.
>
> Best,
> Larry
>
> Larry Sandell
> Attorney at Law
> Mei & Mark LLP
> 202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
> lsandell@meimark.com | www.meimark.com
> Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
> Mailing Address: P.O. Box 65981, Washington, DC 20035-5981

On Sep 20, 2022, at 12:33 PM, Ryan Pinckney <ryan@ahtlawfirm.com> wrote:

Hi Larry,

Thank you for your email.

For a call tomorrow, how does noon central time work? We can call you then on your direct number below if that works.

As for an extension, we are okay pushing out the date by two weeks to October 10th if you will agree that lead counsel will be available on October 11th to meet and confer with us concerning any objections you end up serving.

Thank you,

Ryan Pinckney

---

**From:** Larry Sandell <lsandell@meimark.com>
**Sent:** Tuesday, September 20, 2022 10:59 AM
**To:** Ryan Pinckney <ryan@ahtlawfirm.com>
**Cc:** P. Andrew Riley <ariley@meimark.com>
**Subject:** Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

*External Sender*
Hi Ryan,

I am counsel for United Patents and am in receipt of the set of subpoenas dated Sept 7, 2022.

First, please advise if you would be amenable to a two-week extension to respond.

Second, I'd like to schedule a time to discuss over the phone. Could you please provide a few times that you'd be available to meet and confer tomorrow, September 21? It is our hope that after discussing, Textile Computer Systems would withdraw the subpoenas and we can avoid unnecessary motion practice.

Thank you and I look forward to your prompt response.

Best,
Larry

Larry Sandell

Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
lsandell@meimark.com | www.meimark.com
Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
Mailing Address:  P.O. Box 65981, Washington, DC 20035-5981