# EXHIBIT 14

# NO. 2021-1635

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

### AMERICAN PATENTS LLC,
*Appellant*

v.

### UNIFIED PATENTS, LLC,
*Appellee*

---

### BRIEF OF APPELLEE

---

**From the United States Patent and Trademark Office, No. IPR2019-00482**
**Jameson Lee; David C. McKone; Juliet Mitchell Dirba,**
**Administrative Patent Judges, presiding**

---

### HAYNES AND BOONE, LLP

David L. McCombs
Debra J. McComas
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: (214) 651-5533
*David.McCombs@haynesboone.com*
*Debbie.McComas@haynesboone.com*

David W. O'Brien
Raghav Bajaj
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Phone: (512) 867-8457
*David.Obrien@haynesboone.com*
*Raghav.Bajaj@haynesboone.com*

Angela M. Oliver
800 17th Street NW, Suite 500
Washington, DC 20006
Phone: (202) 654-4552
*Angela.Oliver@haynesboone.com*

*ADDITIONAL COUNSEL LISTED ON INSIDE COVER*

**UNIFIED PATENTS, LLC**

Jonathan Stroud
Ashraf Fawzy
P.O. Box 53345
Washington, DC 20009
Phone: (202) 805-8931
*jonathan@unifiedpatents.com*
*afawzy@unifiedpatents.com*

***Attorneys for Appellee, Unified Patents, LLC***

**U.S. Patent No. 7,373,655 B1, Claims 5 – 7 (Appx189)**

5.      A method comprising:

arranging a network element in a network, the network element being preauthorized

to access a set of network resources;

receiving, at the network element, a request from a user to connect to the network

element;

determining whether the user is authorized to connect to the network element;

if so, allowing the user to assume the identity of the network element; and

accessing, by the user, one of the set of network resources that the network element

is pre-authorized to access, based on the user's assuming the identity of the

network element.

6.      The method of claim 5, wherein the network element is coupled to one

or more network servers providing the set of network resources.

7.      The method of claim 5, further comprising checking an identity

characteristic of the user to determine whether the user is authorized to connect to

the network element.

# CERTIFICATE OF INTEREST

| | |
|---|---|
| **Case Number** | 2021-1635 |
| **Short Case Caption** | American Patents LLC v. Unified Patents, LLC |
| **Filing Party/Entity** | Appellee / Unified Patents, LLC |

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box.** Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: <u>September 1, 2021</u>     Signature: <u>*/s/ David L. McCombs*</u>

Name: <u> David L. McCombs</u>

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| __ None/Not Applicable | _X_ None/Not Applicable | __ None/Not Applicable |
| Unified Patents, LLC | | Unified Patents Acquisition, LLC |
| | | Unified Patents Holdings, LLC |
| | | Unified Patents Management, LLC |
| | | UP HOLDCO INC. |

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

_X_ None/Not Applicable                                   __ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

 X  None/Not Applicable               __ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

X  None/Not Applicable               __ Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

U.S. Patent No. 7,373,655 B1, Claims 5 – 7 (Appx189) ............................................. i

CERTIFICATE OF INTEREST ............................................................................... ii

TABLE OF CONTENTS ........................................................................................... v

TABLE OF AUTHORITIES ................................................................................... vii

STATEMENT OF RELATED CASES .................................................................... 1

JURISDICTIONAL STATEMENT ........................................................................ 2

STATEMENT OF THE ISSUES ............................................................................. 3

PRELIMINARY STATEMENT .............................................................................. 4

STATEMENT OF THE CASE ................................................................................. 6

    A.    Unified files a petition for *inter partes* review of claims 5-7 of the '655 patent. ................................................................. 6

    B.    American Patents challenges the real-party-in-interest disclosure. ............................................................................ 7

    C.    The Board strikes new evidence related to real party in interest filed for the first time in sur-reply. ............................ 7

    D.    The Board seals Samsung's identity as a member of Unified. ....................................................................................... 9

SUMMARY OF THE ARGUMENT ...................................................................... 10

ARGUMENT ............................................................................................................ 13

I.    This appeal raises issues concerning the real-party-in-interest determination, which is not reviewable. ............................................ 13

II.    The Board did not abuse its discretion by expunging Exhibits 2035 and 2036. ........................................................................................ 14

III.    The Board did not abuse its discretion by striking Exhibits 2035 and 2036. ........................................................................................ 17

A.     The Board did not abuse its discretion in striking new evidence submitted in support of a sur-reply. ......................................17

B.     Striking Exhibits 2035 and 2036 was harmless. .................................21

IV.   Unified has agreed to lift the confidential designation of its member. ...........................................................................................24

CONCLUSION AND PRAYER ...........................................................................25

CERTIFICATE OF COMPLIANCE ....................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. GEP Power Prods., Inc.*,
   919 F.3d 1320 (Fed. Cir. 2020) .............................................................15, 16, 20

*Belden Inc. v. Berk-Tek LLC*,
   805 F.3d 1064 (Fed. Cir. 2015) ..................................................................18, 20

*CyWee Group Ltd. v. Google LLC*,
   847 F. App'x 910 (Fed. Cir. 2021) .........................................................2, 10, 14

*ESIP Series 2, LLC v. Puzhen Life USA, LLC*,
   958 F.3d 1378 (Fed. Cir. 2020) .............................................................2, 10, 13

*Falana v. Kent State Univ.*,
   669 F.3d 1349 (Fed. Cir. 2012) ..................................................................17, 21

*IBG LLC v. Trading Techs. Int'l, Inc.*,
   CBM2016-00090, Paper 59 (P.T.A.B. Jan. 8, 2018).........................................15

*Merck Sharp & Dohme Corp. v. Mayne Pharma Int'l Pty Ltd.*,
   IPR2016-01186, Paper No. 75 (P.T.A.B. Feb. 8, 2018)....................................15

*Polycom, Inc. v. Fullview, Inc.*,
   767 F. App'x 970 (Fed. Cir. 2019) .........................................................22, 23

*Runway Safe Group AB v. Earthstone Int'l LLC*,
   IPR2019-01490, 2021 ......................................................................................19

*Thryv, Inc. v. Click-to-Call Techs., LP*,
   140 S. Ct. 1367 (2020).....................................................................................13

*Verify Smart Corp. v. Askeladden, L.L.C.*,
   824 F. App'x 1015 (Fed. Cir. 2020) .........................................................2, 11

*Verify Smart Corp. v. Askeladden, L.L.C.*,
   842 F. App'x 1015 (Fed. Cir. 2020) .................................................................13

**Statutes**

35 U.S.C. § 103(a) ...................................................................................3

**Other Authorities**

37 C.F.R. § 42.7 .............................................................................15, 16

37 C.F.R. § 42.8 ......................................................................................6

37 C.F.R. § 42.56 ..................................................................................15

37 C.F.R. § 42.71 ..................................................................................22

Fed. Cir. Rule 25.1 ...............................................................................25

## STATEMENT OF RELATED CASES

In accordance with Federal Circuit Rule 47.5, no other appeal in or from the same civil action or proceeding was previously before this or any other appellate court and counsel is not aware of any case pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

## JURISDICTIONAL STATEMENT

Appellee, Unified Patents, LLC ("Unified"), does not dispute American Patents, LLC's ("American Patents") statement that it timely filed a notice of appeal from the Board's denial of rehearing. *See* American Patents' Opening Brief ("AP Br.") at 4-5. But the issues American Patents raises on appeal relate to the Board's real-party-in-interest determination, which this Court has repeatedly found not to be reviewable. *See, e.g., ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020) (quoting *Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367, 1373-74 (2020)); *accord CyWee Group Ltd. v. Google LLC*, 847 F. App'x 910, 912 (Fed. Cir. 2021) (non-precedential); *Verify Smart Corp. v. Askeladden, L.L.C.*, 824 F. App'x 1015, 1024 (Fed. Cir. 2020) (non-precedential). Thus, while the appeal itself is timely, the Court lacks jurisdiction over the subject matter of the appeal.

## STATEMENT OF THE ISSUES

American Patents does not challenge the Board's substantive conclusion that claims 5-7 of the '655 patent are unpatentable under 35 U.S.C. § 103(a). Instead, American Patents focuses its appeal on evidentiary and procedural rulings related to the Board's unreviewable real-party-in-interest determination.

1.  As a threshold matter, may this Court review the Board's striking of evidence related to the real-party-in-interest determination despite established authority that the real-party-in-interest determination (and all evidentiary matters related to that determination) are not reviewable?

2.  If reviewable, did the Board act within its discretion in striking or expunging late-filed, irrelevant, and cumulative evidence related to the real-party-in-interest determination?

3.  If reviewable, did the Board act within its discretion in expunging improperly filed evidence? And even if it did, would any error be harmless given that the expunged exhibits are part of the record on appeal?

4.  Is American Patents' challenge to the confidential treatment of Unified's member rendered moot by Unified's agreement to lift the Protective Order with respect to that information?

## PRELIMINARY STATEMENT

In the words of William Shakespeare, this appeal is *much ado about nothing*. The Appellant, American Patents, does not appeal the Board's determination that the challenged claims are unpatentable. Instead, the appeal centers on the presumption that two late-filed, extraneous exhibits related to the real-party-in-interest determination should not have been stricken or expunged. The expunction argument—premised on the Court's inability to conduct full review absent these documents appearing in the record—is truly much ado about nothing because the two expunged exhibits are included in the record and are cited at length by American Patents.

Nor was it an abuse of discretion to restrict new evidence on sur-reply, a known standard under the only authority allowing for a sur-reply. And even a cursory review of those two exhibits leaves one wondering why they were introduced in the first place. The Board's real-party-in-interest determination could not turn on either document, the first being a short, pro-forma invitation by Unified to discuss settlement and the second, a chart summarizing public information and data from other exhibits. Not all evidentiary errors (not that there was one here) require reversal and absent any indication that these two extraneous exhibits would have materially impacted the outcome of the case, there is no reason to undo the Board's decision and start over.

This, of course, assumes that American Patents' complaint is reviewable at all. It is not. The two challenged exhibits relate solely to the real-party-in-interest determination, which this Court has repeatedly held to be unreviewable.

In any event, even if these two insignificant and cumulative pieces of evidence had been material <u>and</u> the Board abused its discretion in striking the evidence <u>and</u> the issue was reviewable by this Court, the failure to name all real-parties-in-interest would not have been fatal to the outcome of the *inter partes* review. There was no issue of time bar and the Board was at liberty to allow a correction to the disclosures without any impact on its jurisdiction. Appx169.

The Board did not abuse its discretion in striking or expunging the two late-filed and menial exhibits. But even if it had, review of such a mistake here would change nothing, rendering this appeal to be *much ado about nothing*.

The only other issue raised by American Patents relates to the sealing of the name of a Unified member. Because there is no longer a need to keep that member's identity private, Unified and American Patents have jointly applied to the Board to lift the protective order for that limited purpose, thereby rendering the issue moot.

The first issue being unreviewable, meritless, and, in any event, harmless and the second rendered moot, there is nothing left to review. The Final Written Decision should be affirmed.

## STATEMENT OF THE CASE

The Final Written Decision determines that claims 5-7 of U.S. Patent No. 7,373,655 (the '655 patent) are unpatentable. Appx82. American Patents does not challenge that ruling on appeal. Instead, the challenges on appeal are procedural and relate specifically to the Board's refusal to consider two pieces of evidence in concluding that a certain member of Unified was not a real party in interest. As a result, this Statement of the Case focuses on the narrow procedural issue raised on appeal rather than the patent itself.

### A. Unified files a petition for *inter partes* review of claims 5-7 of the '655 patent.

Unified filed a petition for *inter partes* review challenging claims 5-7 of the '655 patent. Appx296-355. In compliance with 37 C.F.R. § 42.8(b)(1), Unified identified itself as the real party in interest. Appx300. At the time the petition was filed, Unified identified 11 patent infringement lawsuits filed by American Patents related to the challenged patent claims. Appx300-301, *see also* Appx363. Samsung Electronics Co., Ltd. ("Samsung"), a Unified member, happened to be a party to one of those lawsuits. Appx301. A settlement between Samsung and American Patents was reached in principle before institution of *inter partes* review. Appx46 (citing Appx2906-2909), Appx49.

**B. American Patents challenges the real-party-in-interest disclosure.**

From the very beginning, American Patents cared less about defending its invalid patent than it did about attacking Unified. Indeed, in its Patent Owner's Preliminary Response (POPR), American Patents made no effort to challenge the merits of Unified's petition. Instead, it dedicated the entire pleading to arguing that Unified should have to disclose Samsung as a real party in interest. *See* Appx374-388. With authorization from the Board, Unified filed a reply to the POPR (*see* Appx397-413) to address the real-party-in-interest issue, and American Patents filed a sur-reply (*see* Appx491-508). After considering the pre-institution arguments and evidence, the Board found no fault with Unified's real-party-in-interest identification and instituted *inter partes* review of the challenged claims of the '655 patent. Appx628-674. Undeterred, American Patents largely ignored the merits after institution as well; the Patent Owner Response (POR) continued this theme adding only a footnote to address the merits of Unified's obviousness challenge and otherwise dedicating its entire pleading to the real-party-in-interest determination. *See* Appx914-956.

**C. The Board strikes new evidence related to real party in interest filed for the first time in sur-reply.**

In its pre-institution sur-reply to the petition for *inter partes* review, American Patents did not reference the two exhibits it now complains of on appeal. Appx491-508. Those two exhibits came much later, in a post-institution sur-reply filed well

7

after the Board decided the RPI issue and instituted *inter partes* review. Appx1138, Appx1146. Indeed, after institution, American Patents requested additional discovery on the real-party-in-interest question. In response, the Board suggested, and the parties agreed to, limited document discovery. Appx836-844. American Patents then filed its POR on October 21, 2019, which again focused almost exclusively on the real-party-in-interest determination. Appx914-956.

In reply, Unified responded to the arguments and evidence asserted by American Patents, correcting American Patents' misstatement of law and reinforcing its initial pre-institution pleadings with the agreed-to discovery. Appx1051-1081.

American Patents never mentioned the two exhibits it raises on appeal (Exhibits 2035 and 2036) until its sur-reply in support of the POR (after it had filed three other briefs focused almost exclusively on real party in interest). Appx1138, Appx1146. Specifically, in its post-institution sur-reply American Patents attempted to introduce two documents that the Board ultimately struck: (1) an email from Unified inquiring whether American Patents would be interested in discussing settlement (Appx1138 (citing Appx3813)) and (2) a table titled Rebuttal Table Identifying Content Zone Matters and Corresponding Patents (Appx1146) (citing Appx3814-3816)). The former is an innocuous communication that does nothing more than suggest the routine possibility of discussing settlement. The email is dated September 4, 2019, almost six weeks *before* American Patents filed its POR.

Although there is nothing authenticating the source of the latter document, it appears to be a compilation of information from case reporting sites such as DocketNavigator and/or other evidence previously introduced. *See* Appx3814-3816. All of the cases cited in the chart are dated prior to the day American Patents filed its POR. *See* Appx3814-3816.

Unified moved to strike the new evidence and arguments made for the first time in the sur-reply. Appx1189-1194. The Board granted Unified' s motion in part, striking and expunging Exhibits 2035 and 2036. Appx1246. Notably, the Board declined to strike American Patents' sur-reply arguments. Instead, the Board expressly granted the parties permission to "address the arguments presented in the Reply and Sur-Reply during the upcoming oral hearing." Appx1243 n.2. And American Patents does not complain on appeal that it was prohibited from making any such argument to the Board.

### D. The Board seals Samsung's identity as a member of Unified.

Unified moved to seal the real-party-interest briefing and supporting evidence seeking to protect certain confidential information, including the identity of Samsung as a member of Unified. Appx431-438, Appx509-516, Appx538-545, Appx580-587. Unified moved at the same time for entry of an agreed protective order. Appx439-462. American Patents opposed the sealing, arguing, *inter alia*, that the identity of Samsung as a member of Unified had already been disclosed in a

separate proceeding and the public has a strong interest in knowing that Samsung is a member of Unified. Appx546-565, Appx608-627. Unified responded that disclosure of the member's identity in a separate proceeding had been inadvertent and was rectified through a subsequent sealing order in the separate proceeding. Appx434-436. The Board ultimately entered a protective order as agreed by the parties and sealed the identity of Samsung as a Unified member. Appx875-889.

Circumstances have since led to allow the public disclosure of Samsung as a member of Unified. Accordingly, pursuant to Fed. Cir. R. 25.1(c), Unified and American Patents have agreed to modify the Protective Order below to lift the sealing of references to Samsung as a member of Unified. Appx3843.

## SUMMARY OF THE ARGUMENT

American Patents does not challenge the Board's determination that claims 5-7 of the '655 patent are unpatentable as obvious. Instead, this appeal centers on the Board's decision to strike and expunge two pieces of evidence (Exhibits 2035 and 2036) introduced in American Patents' sur-reply. The challenged evidence relates solely to the real-party-in-interest determination and is, therefore, not reviewable as a matter of law. *See, e.g., ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020) (quoting *Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367, 1373-74 (2020)); *accord CyWee Group Ltd. v. Google LLC*, 847 F. App'x

910, 912 (Fed. Cir. 2021) (non-precedential); *Verify Smart Corp. v. Askeladden, L.L.C.*, 824 F. App'x 1015, 1024 (Fed. Cir. 2020) (non-precedential).

In any event, the Board did not abuse its discretion in striking or expunging the evidence. Under the Administrative Procedures Act, the Board has broad authority to manage its proceedings. That authority includes the expunction of improperly introduced evidence. But even if the Board had abused its discretion, the harm urged by American Patents from the expunction—the purported inability of this Court fully to review the impact of the expunged evidence on the Board's determination—simply does not exist both because the underlying real-party-in-interest issue is not reviewable and because the expunged exhibits are in the record and cited by the parties.

The Board also did not abuse its discretion in striking Exhibit 2035 and 2036. The Board has discretion to determine when to strike new evidence submitted for the first time in a sur-reply. Following the guidelines established in the Trial Practice Guide is not an abuse of discretion. American Patents provides no reason to deviate from that standard in this case, much less to show that it would be an abuse of discretion not to do so. But the Court should never reach this issue because, as noted above, the real-party-in-interest determination is not reviewable, the evidence is cumulative and immaterial, and any failure to introduce the evidence would be harmless. Indeed, the Board thoroughly analyzed the real-party-in-interest

determination and American Patents fails to point to any portion of that analysis that would be materially impacted by Exhibits 2035 and 2036.

Finally, as the Board noted in denying American Patents' petition for rehearing, there is no time bar issue here. American Patents settled in principle with the one entity it now claims as a real party in interest. To the extent that entity should have been designated a real party in interest, the Board may, in its discretion allow the petition to be amended to reflect that fact.

Accordingly, the evidentiary issue raised by American Patents in this appeal is not reviewable as a matter of law. Even if it were, the Board did not abuse its discretion in striking and expunging Exhibits 2035 and 2036, evidence that would not have a material impact on the outcome of the case so that any improper striking would be harmless in any event.

That leaves only American Patents' complaint regarding the permanent sealing of Samsung as a member of Unified. As noted above, changed circumstances have led Unified and American Patents to agree to modify the protective order in this case so that Samsung's membership may be publicly referenced. As a result, this issue is now rendered moot.

## ARGUMENT

### I.   This appeal raises issues concerning the real-party-in-interest determination, which is not reviewable.

American Patents wants to unwind the institution decision. That was the sole basis of its arguments against unpatentability below and it is the sole relief sought in this appeal. Specifically, American Patents asks this Court in its conclusion to "reverse the Board's decision to strike Exhibits 2035 and 2036" and order the Board to "consider Exhibits 2035 and 2036 in assessing Samsung's interest in this proceeding" for purposes of the real-party-in-interest determination under § 312(a)(2). AP Br. at 53-54. This Court lacks authority to grant the requested relief. Indeed, in *Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367, 1373-74 (2020), the Supreme Court held that § 314(d) precludes appellate review of "an ordinary dispute about the application of" an institution-related statute such as application of the one-year time bar in § 315(b). Following *Thryv*, this Court has repeatedly held that a "challenge to the Board's 'real parties in interest' determination 'raises an ordinary dispute about the application of an institution-related statute' and that § 314(d) precludes our review of that determination." *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378, 1386 (Fed. Cir. 2020) (quoting *Click-to-Call*, 140 S. Ct. at 1373-74); *Verify Smart Corp. v. Askeladden, L.L.C.*, 842 F. App'x 1015, 1024 (Fed. Cir. 2020).

This bar on appellate review is not limited to direct challenges to the merit of the institution decision itself but extends to evidentiary considerations related to the institution decision. *See, e.g., CyWee Group Ltd. v. Google LLC*, 847 F. App'x 910, 912-913 (Fed. Cir. 2021). The *CyWee* decision is on point. There, the patent owner's challenge on appeal centered on the Board's refusal to consider newly discovered evidence impacting the real-party-in-interest determination and its alleged failure to allow additional discovery. *Id.* The Court held that the reconsideration based on newly discovered evidence was "nothing more than a request for the Board to reconsider its institution decision," which was final and non-appealable under § 314(d). *Id.* at 912. The discovery complaint was determined to be a "subcomponent of its broader challenge to the Board's § 312(a)(2) determination and is similarly unreviewable." *Id.* at 912-13. Like the patent owner in *CyWee*, American Patents' evidentiary arguments in this appeal are a subcomponent of the broader challenge to the Board's § 312(a)(2) determination and are similarly unreviewable.

For this reason alone, the Final Written Decision should be affirmed without reaching American Patents' arguments.

## II. The Board did not abuse its discretion by expunging Exhibits 2035 and 2036.

Even if the Board's treatment of Exhibits 2035 and 2036 were reviewable, American Patents' arguments fail on their merit. Indeed, the Board has discretion to expunge "any paper directed to a proceeding or filed *while an application or patent*

*is under the jurisdiction of the Board* that is not authorized under this part or in a Board order or that is filed contrary to a Board order." 37 C.F.R. § 42.7. The regulation does not require that the Board wait until a ruling is final to expunge the document. On the contrary, this Court has held that the Board does not abuse its discretion in expunging improperly filed documents during *inter partes* review. *See, e.g., Arctic Cat Inc. v. GEP Power Prods., Inc.*, 919 F.3d 1320, 1326-1327 (Fed. Cir. 2020) (finding Board did not abuse its discretion in expunging late-filed deposition transcript).

It appears that American Patents may confuse expunction of *confidential* information, governed by 37 C.F.R. § 42.56, with the Board's broader authority to expunge improperly filed documents under 37 C.F.R. § 42.7. The former rule provides for expunction *of confidential information* "after a final judgment" to permanently protect that material from disclosure. 37 C.F.R. § 42.56. The authorities cited by American Patents all relate to the protection of confidential information once the proceedings in the patent office are complete. *See, e.g., Merck Sharp & Dohme Corp. v. Mayne Pharma Int'l Pty Ltd.*, IPR2016-01186, Paper No. 75 at 3 (P.T.A.B. Feb. 8, 2018); *IBG LLC v. Trading Techs. Int'l, Inc.*, CBM2016-00090, Paper 59 at 4 (P.T.A.B. Jan. 8, 2018); Consolidated Trial Practice Guide at 21-22 (Nov. 2019).

But that rule does not apply here. Here, Unified urged the Board to strike and expunge Exhibits 2035 and 2036 under 37 C.F.R. § 42.7 because the evidence was submitted in "clear violation of the [Trial Practice Guide]" requirements. Appx1190. The Board struck and expunged both exhibits because they were improperly filed, not because someone sought to protect their confidentiality post-judgment. Appx1241-1243, Appx1246. Having found Exhibits 2035 and 2036 to be beyond the allowed scope of the sur-reply, the Board acted within its discretion under 37 C.F.R. § 42.7 to expunge the exhibits prior to issuing its final written decision. *Arctic Cat*, 919 F.3d at 1326.

Even if the Board should not have expunged the exhibits, however, any error would be harmless. Indeed, American Patents argues that the expunction was harmful because it "will frustrate meaningful appellate review." AP Br. at 19. This is simply not the case. The parties compiled the record on appeal. American Patents has included Exhibits 2035 and 2036 in the Joint Appendix and both parties have cited readily to those documents. *See, e.g.,* AP Br. at 8, 9, 23, 24. Thus, the sole basis American Patents claims harm from the expunction—an impairment to this Court's review—does not exist. For these reasons, the Board's expunction order should be affirmed.

16

## III. The Board did not abuse its discretion by striking Exhibits 2035 and 2036.

The Board acted within its discretion in striking Exhibits 2035 and 2036 as improper sur-reply evidence. But the Board's real-party-in-interest determination would not turn on either document in any event, the first being a short invitation by Unified to discuss settlement and the second, a chart summarizing public information and data from other exhibits. Not all evidentiary errors (not that there was one here) require reversal and absent any indication that these two extraneous exhibits would have materially impacted the outcome of the case, there is no reason to undo the Board's decision and start over. *See Falana v. Kent State Univ.*, 669 F.3d 1349, 1356 (Fed. Cir. 2012). As a result, even if the Board had abused its discretion in striking Exhibits 2035 and 2036 (which it did not), any abuse would be harmless. For these reasons, the Final Written Decision should be affirmed.

### A. The Board did not abuse its discretion in striking new evidence submitted in support of a sur-reply.

Neither the Administrative Procedures Act nor principles of due process obligate an administrative agency to allow countless layers of briefing containing new evidence. There is a limit on briefing for a reason and that reason applies here.

American Patents submitted the improper new evidence in a sur-reply. As the Board emphasized in its order striking Exhibits 2035 and 2036, "[a] reply is already, by definition, limited to rebuttal arguments." Appx1242-1243 (citing 37 C.F.R. § 42.23(b); 2018 Trial Practice Guide 14). There is no rule establishing a right to

sur-reply.[1] Appx1241. Rather, the Scheduling Order authorized the sur-reply consistent with the 2018 Trial Practice Guide's (TPG) guidance. Appx682, Appx1242 (citing 2018 TPG 14) (explaining that a sur-reply will normally "be authorized by the scheduling order entered at institution"). The August 2018 update to the TPG changed the Board's procedures from authorizing observations on cross-examination testimony to authorizing a sur-reply to a petitioner's reply. *See* 2018 Revised TPG at 14; see also Consolidated TPG (Nov. 2019) at 73–74. This was accompanied by a clear instruction: "[t]he sur-reply may not be accompanied by new evidence other than deposition transcripts of the cross-examination of any reply witness." *Id.* (emphasis added).

While the Board recognized that the TPG is a guideline rather than a rule, the guideline nonetheless put American Patents on notice that new evidence would not be permitted absent leave, which American Patents never sought. Appx1243. As the Board noted below, it is disingenuous for American Patents to claim the benefit of a sur-reply—something granted only under the TPG guidelines—while ignoring the

---

[1] American Patents cites *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1081-82 (Fed. Cir. 2015) for the proposition that the Board could have remedied the issue by allowing Unified a sur-sur-reply. *See* AP Br. at 24. But *Belden* is addressing limited opportunities for reply and explains such an opportunity should be allowed only in limited circumstances where specifically justified. *See Belden*, 805 F.3d at 1082. American Patents cites no authority (and Unified has found none) that would require the Board to allow further briefing beyond the sur-reply.

limitations to that briefing set by those same guidelines.[2] *See* Appx1243 (citing *Unified Patents, LLC v. Carrum Tech., LLC*, IPR2019-00481, Paper 26 (PTAB Apr. 1, 2020) (granting motion to strike new exhibits submitted with sur-reply); *33Across, Inc. v. LeftsnRights, Inc.*, IPR2018-01480, Paper 36 at 2–3 (PTAB Oct. 1, 2019) (noting that 2018 TPG prohibits new evidence)).

In response to the Board's holding, and as it similarly argued to the Board, American Patents characterizes Exhibits 2035 and 2036 as "rebuttal evidence" and cites to authorities providing that due process requires that a party have an opportunity to rebut evidence. *See* AP Br. at 20-22. In making this argument, American Patents analogizes to rules permitting rebuttal evidence in response to expert witness testimony. *See* AP Br. at 21-22 & n.2 (citing Fed. R. Civ. P. 26(a)(2)(D)(ii) and cases citing Rule 26); *see also* AP Br. at 27. But American Patents had its chance to submit such rebuttal evidence in its Patent Owner Response.[3] None of the cases cited by American Patents even discusses a sur-reply,

---

[2] American Patents cites *Runway Safe Group AB v. Earthstone Int'l LLC*, IPR2019-01490, 2021 Pat. App. LEXIS 915 at *79-81 (P.T.A.B. Feb. 17, 2021) for the proposition that the Board could have, in its discretion, chosen to carry the exhibits with the case and simply give them little or no weight in the final decision. AP Br. at 29-30. But nothing in *Runway* obligates the Board to take that approach. The Board chose, in its discretion, to strike the improper evidence, which it was entitled to do.

[3] American Patents suggests that under the TPG, Unified's reply should have been limited to an expert declaration. *See* AP Br. at 27-28. But American Patents never

much less holds that new evidence would be permissible in a sur-reply. On the contrary, consistent with TPG guidelines limiting the scope of the sur-reply, in *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1081-82 (Fed. Cir. 2015), this Court recognized that while "[r]ebuttal evidence is supposed to be limited to that which is responsive to the adversary's evidence," surrebuttal evidence should be permitted only after a "proffer of specifics" is made that justifies "the additional round of evidentiary submissions." *Id.* Moreover, as the Board noted, interpreting "new exhibits" to mean "new exhibits *that are not rebuttal exhibits*" would render meaningless the prohibition in the Trial Practice Guide against new exhibits. *See* Appx1242.

Thus, whether the new evidence was offered in rebuttal or was simply new evidence, the Board did not abuse its discretion in finding that it was improper new evidence in the sur-reply that should be stricken. *See, e.g., Arctic Cat Inc. v. GEP Power Prods., Inc.*, 919 F.3d 1320, 1326-1327 (Fed. Cir. 2020) (finding Board did not abuse its discretion in expunging deposition transcript filed outside the requirements of the Board's scheduling order).

---

moved to strike Unified's reply evidence on this ground before the Board and should not be permitted to do so here for the first time.

## B. Striking Exhibits 2035 and 2036 was harmless.

For the reasons stated in part A above, the Board did not abuse its discretion by striking Exhibit 2035 and 2036. But even if it had, any error would have been harmless. Indeed, not every evidentiary error justifies the unwinding of a lower tribunal's decision. Rather, remand based on evidentiary error is appropriate only where necessary to avoid substantial injustice. *See Falana v. Kent State Univ.*, 669 F.3d 1349, 1356 (Fed. Cir. 2012). Striking evidence that is cumulative or would not otherwise have a material impact on the outcome of the proceedings is harmless and will not warrant unwinding the decision below. *Id.*

Here, striking of Exhibits 2035 and 2036 had no material impact on the Board's decision. Notably, the Board did not, as American Patents argues here, strike American Patents arguments. It struck only Exhibits 2035 and 2036 themselves and references to those exhibits. Appx1246. With respect to the arguments these exhibits supported, the Board recognized that it was considering American Patents' Sur-Reply in its entirety, which necessarily included the arguments American Patents submitted Exhibits 2035 and 2036 to support. Appx34-35 (citing generally to PO Sur-Reply and acknowledging review of the complete record in reaching its decision).

Moreover, while American Patents was not obligated to seek rehearing to preserve its arguments for appeal, it chose to do so in this case. Appx1970-1987.

Once it sought rehearing, it was required to "specifically identify *all* matters the party believes the Board misapprehended or overlooked, and the place where each matter was previously addressed in a motion, an opposition, a reply, or a sur-reply." 37 C.F.R. § 42.71 (emphasis added). Matters not specifically raised in the petition for rehearing are waived on appeal. *See Polycom, Inc. v. Fullview, Inc.*, 767 F. App'x 970, 979-80 (Fed. Cir. 2019). In the rehearing petition, American Patents criticized the Board's real-party-in-interest determination, but did not cite Exhibits 2035 or 2036, or argue that the failure to consider the impact of those exhibits affected the Board's determination.

The closest American Patents came to raising the significance of these stricken exhibits is a block reference to a span of pages in the sur-reply, which happens to encompass the arguments Exhibits 2035 and 2036 were cited to support. Specifically, American Patents states:

> The Board also declines to determine whether there is a tacit agreement that Unified will file IPRs that benefit Member, even though this was treated as a major issue in the Institution Decision and in both parties' briefing. ID at 17-19; Response at 18-21; Reply at 12-16; Sur-Reply at 14-17. The Board excuses this by claiming that "Patent Owner identifies (and we perceive) no support for concluding that Member would be an RPI in this IPR by virtue of such an agreement."

Appx1978. This argument does not address any omission or misapprehension in the Board's decision to strike the two exhibits. American Patents has, therefore, waived

and should be barred from arguing on appeal, the argument it now raises before this Court. *Polycom,* 767 F. App'x at 979-80.

American Patents' rehearing argument does recognize, however, that any error in striking Exhibits 2035 and 2036 would have been harmless because the Board did, in fact, consider and reject the argument Exhibits 2035 and 2036 were intended to support. Indeed, Exhibit 2035 is an email from Unified inquiring as to American Patents' interest in settlement. Appx3813. In its sur-reply, American Patents suggests that because this email comes after the settlement with Samsung, it proves that Unified only brought the *inter partes* review to protect Samsung's interests. Appx1138. But while the Board suggested in its Final Written Decision that Unified's patent challenges can provide residual benefits to its members, (Appx47), the Board weighed this evidence against the evidence showing that Unified operates independently of its members and does not discuss settlement or litigation strategies with its members. Appx41-42, Appx46-48. In fact, the evidence reflects that Unified did not even know that Samsung had settled its lawsuit with American Patents until the decision was public. Appx3536-3537.

Exhibit 2036 is more of a demonstrative. The exhibit is a chart that appears to summarize public filings and other evidence already in the record. Appx3814-3816. American Patents submitted this chart identifying unrelated patents and proceedings in an attempt to contradict Unified's statement that it does not target patents asserted

23

against its members. AP Br. at 22-23. But American Patents also explained in detail in its sur-reply (and again in its opening brief here) that it was responding "*on the current record alone. . . .*" AP Br. at 22-23 (emphasis added). The Board considered that "current record" in its Final Written Decision and simply rejected American Patents' interpretation of that record. *See, e.g.,* Appx43-44.

The cumulative nature and insignificant impact of Exhibits 2035 and 2036 alone renders any error in their striking harmless. But here there is an independent reason to find the striking harmless. As the Board noted in its Final Written Decision (and American Patents has not challenged on appeal), the failure to name all real parties in interest would not have been fatal to the outcome of the *inter partes* review. There was no issue of time bar and the Board was at liberty to allow a correction to the disclosures without any impact on its jurisdiction. Appx169. American Patents did not challenge this finding on appeal. Accordingly, even if these two insignificant and cumulative pieces of evidence had been material <u>and</u> the Board abused its discretion in striking the evidence <u>and</u> the issue were reviewable by this Court, any error in striking the exhibits would be harmless.

For these reasons, the Court should affirm the Final Written Decision.

## IV.   Unified has agreed to lift the confidential designation of its member.

Espousing the right of the public to know the members of Unified, American Patents also argues on appeal for the lifting of the confidential designation of

Samsung as a member of Unified. Unified believes that its members have a right to maintain their membership in confidence, particularly where such a right is expressly granted by contract. Yet, a change in circumstances has led Unified to agree *solely with respect to Samsung* and its identity as a member of Unified to lift the confidential designation. Thus, consistent with the Fed. Cir. Rule 25.1, Unified and American Patents have notified the Board of its request to modify the Protective Order below and lift the confidential reference to Samsung as a member of Unified. Appx3843. Under these circumstances, American Patents' second issue is moot.

## CONCLUSION AND PRAYER

For the foregoing reasons, Unified asks the Court to affirm the Final Written Decision and grant it such additional relief to which it may be entitled.

Dated: September 1, 2021

Respectfully Submitted,

*/s/ David L. McCombs*

**HAYNES AND BOONE, LLP**
David L. McCombs
Debra J. McComas
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Phone: (214) 651-5533
*David.McCombs@haynesboone.com*
*Debbie.McComas@haynesboone.com*

David W. O'Brien
Raghav Bajaj
600 Congress Avenue, Suite 1300
Austin, Texas 78701
Phone: (512) 867-8457
*David.Obrien@haynesboone.com*
*Raghav.Bajaj@haynesboone.com*

Angela M. Oliver
800 17th Street, NW, Suite 500
Washington, DC 20006
Phone: (202) 654-4552
*Angela.Oliver@haynesboone.com*

**UNIFIED PATENTS, LLC**
Jonathan Stroud
Ashraf Fawzy
P.O. Box 53345
Washington, DC 20009
Phone: (202) 805-8931
*Jonathan@unifiedpatents.com*
*AFawzy@unifiedpatents.com*

**Attorneys for Appellee, Unified Patents, LLC**

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of FED. CIR. R. 32(b)(1) because:

■      this brief contains **5,369** words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and FED. CIR. R. 32(b)(2).

2.      This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because:

■      this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

*/s/ David L. McCombs*
David L. McCombs