**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, FISERV, INC., FISERV SOLUTIONS, LLC, U.S. BANCORP, AND U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIAL SERVICES,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-1050-ADA |

**<u>DEFENDANT FISERV, INC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(3)</u>**

## I. INTRODUCTION

Plaintiff Textile Computer Systems, Inc. ("Textile") improperly brings this action against Defendant Fiserv, Inc. in this district based on an incorrect allegation that Fiserv, Inc. has a regular and established place of business in Austin, Texas. But the alleged Austin location closed in March of 2021—and, in any event, was not leased by Fiserv, Inc., but by Fiserv Solutions, LLC, a different entity. Fiserv, Inc. does not lease, own, or occupy any real estate, or otherwise have a regular and established place of business in this district. Textile's incorrect allegation, which is controverted by the record evidence filed with this Motion, cannot give rise to venue in this district. Fiserv, Inc. respectfully requests that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue under 28 U.S.C. § 1400(b).

## II. STATEMENT OF FACTS

### a. Fiserv, Inc.

Fiserv, Inc. is a provider of core processing and complementary services, such as electronic funds transfer, payment processing, and loan processing, for U.S. banks and credit unions. Fiserv, Inc. is incorporated and headquartered at 255 Fiserv Dr, Brookfield, WI 53045. Ex. B; Ex. C.

### b. Textile's Allegations

On October 11, 2022, Textile filed its First Amended Complaint ("FAC") in this district alleging that Fiserv, Inc. infringes U.S. Patent Nos. 8,505,079, 8,533,802, 9,584,499, 10,148,659, and 10,560,454 (collectively, the "Asserted Patents").[1] Dkt. 81 ("FAC") ¶¶ 35, 44.

---

[1] Textile also brings this action against Fiserv Solutions, LLC. Fiserv Solutions, LLC has submitted an Answer to the Complaint.

> ### i. Textile Does Not Allege that Fiserv, Inc. Resides in this District

Textile pleads that Fiserv, Inc. is "a corporation organized and existing under the laws of Wisconsin." FAC ¶ 8. Textile does not plead that Fiserv, Inc. resides in this district.

> ### ii. Textile's Only Allegation that Fiserv, Inc. has a Place of Business in this District is Factually Incorrect

Textile pleads that "Fiserv has regular and established places of business in this district, including at least 8310 North Capital of Texas Hwy, Prominent Pointe, Bldg 2, Suite 250, Austin, Texas 78731." FAC ¶ 29.[2] However, the facility located at this address was closed in March of 2021, and even before it was closed, it was leased to Fiserv Solutions, LLC, not Fiserv, Inc. *See* Ex. A ¶¶ 7-8 (Declaration of Stephen Coogan); *see also* Ex. D (listing this address as "Office Property For Lease").

Textile does not—and cannot—allege that Fiserv, Inc. has any other place of business in this district. *See* FAC ¶ 29; Ex. A, Coogan Decl. ¶ 9. Nor does Textile allege that Fiserv, Inc. advertises in any manner particular to the Western District of Texas. *See* FAC ¶ 29; Ex. A, Coogan Decl. ¶¶ 10-11. Textile does not even allege that Fiserv, Inc. has signage on any facility or a phone number within the district that customers would call to be connected with Fiserv, Inc. *See* FAC ¶ 29.

---

[2] In its FAC, Textile includes images from Fiserv, Inc.'s August 1, 2022 Answer to Auth Token LLC's Amended Complaint, where Fiserv, Inc. "admits" that it "maintains a place of business at 8310 North Capital of Texas Hwy, Prominent Pointe, Bldg 2, Suite 250, Austin TX 78731." FAC ¶ 29. Fiserv, Inc.'s statement in that responsive pleading was in error. The 8310 North Capital of Texas Hwy location closed in March, 2021. *See* Ex. A, Coogan Decl. ¶¶ 7-8. Fiserv, Inc. apologizes for this error, which was uncovered during the investigation for this motion and after the other proceeding was closed.

### III. LEGAL STANDARD

Venue in patent cases is governed by 28 U.S.C. § 1400(b). *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017). A patent infringement action may only be brought in the district "where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

"[R]egular and established place of business" means "a physical place in the district." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017) (citation omitted). It cannot refer "merely to a virtual space or to electronic communications from one person to another." *Id.* Moreover, "regular" means that "sporadic activity" or "some special work or particular transaction" "cannot create venue." *Id.* (citation omitted). A place is not "established" if it "was just a location for a particular transaction." *Id.* at 1363 (citation omitted). And the place must be "*of the defendant*," not the defendant's employee. *Id.* (emphasis in original).

In deciding Rule 12(b)(3) motions, this Court "accept[s] well-pleaded facts only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *6 (W.D. Tex. Apr. 26, 2022) (citation omitted). "The court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citation omitted); *Lighthouse MGA, L.L.C. v. First Premium Ins. Grp., Inc.*, 448 F. App'x 512, 514 (5th Cir. 2011) (same); *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) (same). This evidence can include "affidavits and other evidentiary materials." *DFW Aviation, LLC v. Mansfield Heliflight, Inc.*, No. 1:19-CV-481-LY, 2019 WL 5072883, at *3 (W.D. Tex. Oct. 9, 2019), report and recommendation adopted, No. 1:19-CV-481-LY, 2019 WL 9698523 (W.D. Tex. Oct. 31, 2019).

## IV. ARGUMENT

This case should be dismissed as to Fiserv, Inc. because Fiserv, Inc. does not reside in this district[3] and does not maintain a regular and established place of business in this district.

For venue to be proper in a judicial district where the Defendant does not reside, the Defendant must have a "regular and established place of business" in that district. 28 U.S.C. § 1400(b). For a defendant to have a "regular and established place of business" in a district, it must have (1) a physical place of business in the district; (2) that is regular and established; and (3) that is the Defendant's. *Cray*, 871 F.3d at 1360. Fiserv, Inc. fails the very first prong because it does not have a regular and established place of business in this district.

Fiserv, Inc. is incorporated and headquartered in Wisconsin. *See Statement of Facts, supra*. While there are other Fiserv, Inc. facilities in the United States, none are in the Western District of Texas. *See* Ex. A, Coogan Decl. ¶ 9. Indeed, Fiserv, Inc. does not own or lease *any* property in this district. *See* Ex. A, Coogan Decl. ¶¶ 5-6.

Textile's only allegation that Fiserv, Inc. has a regular and established place of business in this district is based on an inaccurate allegation. Specifically, Textile wrongly asserts in its FAC that Fiserv has a regular and established place of business in this district at 8310 North Capital of Texas Hwy, Prominent Pointe, Bldg 2, Suite 250, Austin, Texas 78732. FAC ¶ 29. This allegation is controverted both by the affidavit of Stephen Coogan, and general public records, which make clear that this facility was previously leased to Fiserv Solutions, LLC, and then closed in March, 2021. *See* Ex. A, Coogan Decl. ¶¶ 7-8; Ex. D. This Court need not accept Textile's allegations as true where, as here, Fiserv, Inc. has "offer[ed] a contradictory affidavit." *EMA*

---

[3] Textile's FAC acknowledges that Fiserv, Inc. is incorporated in Wisconsin. FAC ¶ 8. Fiserv, Inc. therefore does not "reside" in the Western District of Texas. *TC Heartland*, 137 S. Ct. at 1517.

4

*Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *7 (W.D. Tex. Apr. 26, 2022) (Albright, J.) ("[T]his Court will not accept [plaintiff's] allegations that [defendant] made, has made, used, imported, sold, and/or offered for sale the Accused Products in this District because [defendant] offers a contradictory affidavit."). While Textile asserts that Fiserv, Inc. has regular and established place<u>s</u> of business in this district, it provides no support for this assertion beyond its allegation as to the 8310 North Capital of Texas Hwy location, so this allegation, too, must be rejected in view of Fiserv, Inc.'s evidence to the contrary. *Id.*

Furthermore, Textile's allegation that Fiserv's customers' cardholders are in the district (FAC ¶ 29) would not give Fiserv, Inc. "a regular and established place of business" in the district, because § 1400(b) requires the defendant have "a ***physical place*** in the district." *Cray*, 871 F.3d at 1362 (emphasis added).

Nor does Textile allege that Fiserv, Inc. is liable for the actions of any subsidiaries in this district. Indeed, it is a "bedrock principle of corporate law" that a "parent corporation … is not liable for actions taken by its subsidiaries." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006) (citation omitted). Textile has not alleged any facts that would warrant an exception to that principle here.

## V.    CONCLUSION

For the above reasons, Fiserv, Inc. respectfully requests that the Court dismiss this case due to improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

Dated: November 3, 2022                               Respectfully submitted,

*/s/    J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6401
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

Greg H. Lantier (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Gregory.Lantier@wilmerhale.com

Sarah B. Petty (*pro hac vice forthcoming*)
Amy L. Mahan (*pro hac vice forthcoming*)
Jeannette P. Leopold
Jennifer L. Graber
WILMER CUTLER PICKERING HALE AND DOOR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Sarah.Petty@wilmerhale.com
Amy.Mahan@wilmerhale.com
Jeannette.Leopold@wilmerhale.com
Jennifer.Graber@wilmerhale.com

>Jason D. Kipnis (*pro hac vice forthcoming*)
>WILMER CUTLER PICKERING
> HALE AND DOOR LLP
>2600 El Camino Real
>Suite 400
>Palo Alto, CA 94306
>(650) 858-6000
>(650) 858-6100
>Jason.Kipnis@wilmerhale.com
>
>***Attorneys for Defendant Fiserv, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on November 3, 2022.

>*/s/   J. Stephen Ravel*_____
>J. Stephen Ravel