**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1050-ADA |
|     Plaintiff, | |
| v. | **<u>JURY TRIAL DEMANDED</u>** |
| BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, ET AL., | |
|     Defendants. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1051-ADA |
|     Plaintiff, | |
| v. | **<u>JURY TRIAL DEMANDED</u>** |
| CHARLES SCHWAB BANK, | |
|     Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1052-ADA |
|     Plaintiff, | |
| v. | **<u>JURY TRIAL DEMANDED</u>** |
| COMERICA BANK, ET AL., | |
|     Defendants. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1053-ADA |
|     Plaintiff, | |
| v. | **<u>JURY TRIAL DEMANDED</u>** |
| FROST BANK, | |
|     Defendant. | |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> INDEPENDENT BANK, ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:21-cv-1054-ADA <br><br> **<u>JURY TRIAL DEMANDED</u>** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> SOUTHSIDE BANK, ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:21-cv-1056-ADA <br><br> **<u>JURY TRIAL DEMANDED</u>** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> TEXAS CAPITAL BANK, ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:21-cv-1057-ADA <br><br> **<u>JURY TRIAL DEMANDED</u>** |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br>     Plaintiff, <br><br> v. <br><br> VANTAGE BANK TEXAS, ET AL., <br><br>     Defendants. | CIVIL ACTION NO. 6:21-cv-1058-ADA <br><br> **<u>JURY TRIAL DEMANDED</u>** |

**<u>ORDER</u>**

Before the Court is the motion to quash subpoenas served by Plaintiff Textile Computer Systems, Inc. on non-party Unified Patents, LLC in each of the above captioned actions.  The Court having heard the motion **ORDERS** as follows:

## ISSUE NO. 1

Textile seeks the following documents from Unified:  "contracts and communications, if any, with Apple, Google, Samsung, Visa, Mastercard, American Express, Discover, Jack Henry, or Fiserv."

Textile's Position

***These documents are relevant.***  Unified was formed to file IPRs on behalf of its members.  Unified leverages its IPRs to seek patent licenses that protect its members (and their customers).

Unified filed an IPR on Textile's 079 Patent.  Unified was unsuccessful:  the 079 patent was confirmed in a final written decision.  So IPR estoppel applies.  And it applies not only to Unified, but also to the real parties in interest, and privies.  35 USC § 315(e)(2).

Textile accuses the defendant banks of infringing by using payment systems (such as Visa and Mastercard) to provide ApplePay, SamsungPay, and GooglePay services to their account holders through contracts with Apple, Samsung, Google, Mastercard, Visa, and others.  At least Mastercard, Apple, and Samsung have been publicly disclosed as Unified members.

Textile contends that Unified's members are the RPIs for the 079 IPR and that the defendant banks are privies of those RPIs and Unified.  The discovery Textile seeks will show that Unified acted on behalf of its members (and their customers) when it filed the 079 IPR.

***The requested discovery is not unduly burdensome.***  Because Unified claims that it does not act on behalf of its members, the requested documents should be limited.  But even discounting Unified's claim, this discovery is not unduly burdensome.  As the Federal Circuit has ruled—expressly about Unified—it is "particularly important that the [fact finder] conduct a critical assessment of a party's assertions regarding the real party-in-interest issue" and "[s]uch a critical assessment is especially warranted in a case in which a petitioner's entire business model is to challenge patents on behalf of others."  *Fall Line Patents, LLC v. Unified Patents LLC*, Case No. 19-1956, Dkt. 92 at 8, n.1 (Fed. Cir. July 28, 2020).

***Unified's frivolous motion in California is no bar to this Court ruling.***  One day before a scheduled meet and confer, Unified filed an anticipatory motion to quash in the Northern District of California.  That motion is frivolous:  because the subpoenas specify Waco as the place of compliance, this Court is the proper forum for a motion to quash.  *See* Fed. R. Civ. P. 45(d)(3) (allowing a motion to quash in the "court for the district where compliance is required"); *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) (holding that the "district where compliance is required" is the place for compliance specified by the subpoena).

***The subpoenas properly require compliance in Waco.***  Subpoenas for documents may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Unified has employees and regularly transacts business at locations that are within 100 miles of Waco.  *See,*

*e.g.,* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Custom source/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=294458 (identifying the "primary practice location" of Unified's Legal Head—NPE).  Unified does not dispute

this.  Indeed, Unified waived this issue when it filed its motion to quash in California by challenging Textile's subpoenas on multiple grounds, but not because they require an improper place of compliance.

<u>Unified's Position</u>

Unified's position is set forth in its Motion to Quash. In summary, Textile's request in No. 1 is overbroad, not properly limited in time or scope and not aimed at the discovery of admissible evidence concerning Unified's relationship with the named third-parties or defendants as it concerns the 079 Patent IPR. Further, Textile seeks the discovery of every communication (including emails) that this Court does not even allow among the parties directly involved in the litigation until and unless good cause is shown to the Court. Textile has not established good cause. This expansive request clearly exceeds the scope of any potential good cause and in turn is a true fishing expedition.

As detailed above, Textile's requested discovery is not relevant. Textile's theory of relevance is in direct conflict with the statute upon which it purports to rely. Textile seeks discovery to show that the defendants must be estopped from raising certain prior art invalidity defenses. The relevant statute, 35 U.S.C. 315(e)(2), estops: (1) the petitioner; (2) real parties-in-interest of the petitioner; or (3) privies of the petitioner, from raising in district court certain prior art invalidity defenses. It is undisputed that the defendants are not members of Unified Patents and thus do not have a relationship with Unified that would make the defendants real parties-in-interest or privies of Unified. Textile's theory is that the third parties it identifies may be real parties-in-interest to Unified, and that the defendants are allegedly in privity with those third parties. But even if Textile were to be able to prove these constituent portions of its theory, the ultimate estoppel conclusion cannot be proven, as the statute does not extend to apply estoppel to

privies of parties who are real parties-in-interest to a petitioner. Nor has Textile provided any authority to suggest estoppel should apply as theorized.

Textile's requested discovery is also unreasonably broad and burdensome for being unlimited in time, manner, and scope. A finding of real party-in-interest or privity turns on the facts of any specific matter, i.e., in this case, the IPR filed by Unified against Textile's '079 Patent. Thus, discovery before or after the relevant time period (e.g., the time period surrounding the pendency of the IPR) or unrelated to the IPR or '079 Patent is unreasonably broad. Although Unified contends the entire subpoena is improper, rather than quash it in its entirety, limiting the time and scope, although not making the production any more relevant, is a workable solution.

### Order

Unified must produce by November 16, 2022 any communications and any agreements with any named defendant in these actions and with American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung limited to the period from July 1, 2016 through July 20, 2018.

### ISSUE NO. 2

Textile seeks the following documents from Unified:  "documents sufficient to identify meetings, and the documents used or exchanged during meetings, between Unified Patents and Apple, Google, Samsung, Visa, Mastercard, American Express, Discover, Jack Henry, or Fiserv.

Textile's Position:

Textile contends that Unified regularly meets with its members.

For example, it has been publicly disclosed that Unified's CEO travels to Korea and meets with Samsung approximately three times a year.  During those meetings Unified always

talks to Samsung about why they should pay Unified to renew their membership.  Specifically, they review the IPRs they filed in the "zones" (which Unified used to call "Micro-Pools") for which Samsung previously paid, and they tell Samsung that "if you like the work we did on behalf of the zone, sign up again." Unified defines subject matter "zones" so that its members can make sure that their payments to Unified are used to file IPRs on patents relating to subject matters that they care about.

Documents sufficient to identify these meetings, and documents used or exchanged during these meetings, are directly relevant to IPR estoppel and should be produced for the reasons discussed above for issue no. 1.

Unified's Position

Unified's argument is more clearly detailed in its Motion to Quash. Further, for the same reasons as set forth above with respect to Issue No. 1, Textile's requested discovery is overbroad, not properly limited in time or scope, irrelevant, unduly burdensome, and not aimed at the discovery of admissible evidence concerning Unified's relationship with the named third-parties or defendants as it concerns the '079 Patent IPR. This expansive request clearly exceeds the scope of any potential good cause and in turn is a true fishing expedition. Although Unified contends the entire subpoena is improper, rather than quash it in its entirety, limiting the time and scope, although not making the production any more relevant, is a workable solution.

**Order**

Unified must produce by November 16, 2022, documents sufficient to identify meetings, and documents used or exchanged during meetings, with defendants(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung, limited to the period from July 1, 2016 through July 20, 2018.

## ISSUE NO. 3

Textile seeks the following documents from Unified:  "document sufficient to identify your members."

<u>Textile's Position</u>

Unified publicly discloses some of its members but keeps others secret.  Unified's member list is directly relevant so that Textile can identify the RPIs for the 079 IPR, including specifically members with whom the defendant banks are in privity.  It would be minimally burdensome for Unified to provide its member list.

***Unified's confidentiality concerns are bogus.***  Unified argues that the identify of its members is "highly confidential."  But many of its members are disclosed on Unified's own website.  Unified cannot reasonably articulate any reason why the mere identify of its members must be kept secret from the public.  Indeed, Unified Patents previously engaged in protracted litigation to protect the identity of a "highly confidential" member in the past—only to ultimately abandon its confidentiality claim when the issue was presented to the Federal Circuit.  In any event, even if there were any legitimate confidentiality concerns, the protective orders entered in these cases are more than adequate.

<u>Unified's Position</u>

Unified's argument is more clearly detailed in its Motion to Quash. In summary, Textile seeks discovery of the entire membership list of Unified for an indefinite time period and not simply the list as it relates to the named defendants and/or the named third parties made the focus of Textile's alleged estoppel arguments. Although Unified contends this request is not the "focused" request Textile claims it is making, if the Court limits the request to the relevant period concerning the '079 Patent IPR (July 1, 2016 – July 20, 2018) and provides the protection

of the Protective Order entered in this case and Unified may designate this and other information produced under that Order, Unified would withdraw its objection to production of the entirety of the membership lists for that specified period. Further, for the same reasons as set forth above with respect to Issue No. 1, Textile's requested discovery is irrelevant and unduly burdensome. Textile has already identified potential third parties which it believes are real parties-in-interest of Unified, and this requested discovery is therefore nothing more than a fishing expedition. Although Unified contends the entire subpoena is improper, rather than quash it in its entirety, limiting the time and scope, although not making the production any more relevant, is a workable solution.

**<u>Order</u>**

Unified must produce by November 16, 2022 a list of all Unified members with membership agreements active between July 1, 2016 and July 20, 2018. "Active" is understood to mean that any provision of the agreement is in force.

### <u>ISSUE NO. 4</u>

Textile seeks the following documents from Unified: "documents sufficient to identify its members who subscribed to each of the following Unified 'zones': content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking."

<u>Textile's Position</u>

Textile has identified certain Unified "zones" from those listed on Unified website that relate to the technology described and claimed in the 079 Patent and that are likely to have relevant members. Documents sufficient to identify the members in these "zones" are directly relevant and should be produced for the same reasons set forth for issue 3 above.

<u>Unified's Position</u>

Unified's argument is more clearly detailed in its Motion to Quash. In summary, Textile seeks discovery of the entire membership list of Unified and not simply the list as it relates to the named defendants and/or the nine third party entities made the focus of Textile's alleged estoppel arguments. Although Unified contends this request is not the "focused" request Textile claims it is making, if the Court limits the request to the relevant period concerning the 079 Patent IPR (July 1, 2016 – July 20, 2018) and provides the protection of the Protective Order entered in this case and Unified may designate this and other information produced under that Order, Unified would withdraw its objection to production of the entirety of the membership lists for that specified period. Further, for the same reasons as set forth above with respect to Issue No. 1, Textile's requested discovery is irrelevant and unduly burdensome. Textile has already identified potential third parties which it believes are real parties-in-interest of Unified, and this requested discovery is therefore nothing more than a fishing expedition. Although Unified contends the entire subpoena is improper, rather than quash it in its entirety, limiting the time and scope, although not making the production any more relevant, is a workable solution.

**Order**

Unified must produce by November 16, 2022 a list of Unified members in each of the content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking zones with membership agreements active between July 1, 2016 and July 20, 2018.  "Active" is understood to mean that any provision of the agreement is in force.

## ISSUE NO. 5

Textile seeks the following documents from Unified:  "communications and other documents relating to Textile, Gopal Nandakumar, any patent or patent application owned by

Textile or for which Mr. Nandakumar is a named inventor, or the inter partes review of U.S.

Patent No. 8,505,079."

Textile's Position

These documents are relevant to show what considerations led to Unified Patents filing

the 079 IPR.  They are thus directly relevant to whether Unified's members (and their privies)

are subject to IPR estoppel and should be produced for the same reasons set forth for issue 1

above.

***Unified's privilege objections***:  Unified objects to this category for seeking privileged

information.  But Unified can assert any privilege by serving an appropriate privilege log.  But

non-privileged responsive documents should be produced.

Unified's Position

Unified's argument is more clearly detailed in its Motion to Quash. Textile's request in

No. 5 is overbroad, not properly limited in time or scope and not aimed at the discovery of

admissible evidence concerning Unified's relationship with the named third-parties or defendants

as it concerns the 079 Patent IPR. Textile's request in No. 5 also would include clearly privileged

information (e.g., communications with counsel that represented Unified in the 079 Patent IPR

and regarding this subpoena), irrelevant information (such as the subpoenas themselves,

databases Unified maintains as part of its publicly available portal offering docket data for all

patent district court litigation, all US patents, and many US post-issuance proceedings like IPRs

and ex parte reexams), and information already in Textile's possession (e.g., Textile's patents,

and the IPR records themselves). Further, Textile seeks the discovery of every communication

(including emails) that this Court does not even allow among the parties directly involved in the

litigation until and unless good cause is shown to the Court. Textile has not established good

cause. Further, for the same reasons as set forth above with respect to Issue No. 1, Textile's requested discovery is irrelevant and unduly burdensome. Finally, as indicated by Textile's argument during the hearing, this requested discovery is a fishing expedition and clearly exceeds the scope of any potential good cause, as Textile seeks discovery solely to uncover additional alleged third parties and further burden Unified or other third parties in pursuit of its incorrect estoppel theory. Although Unified contends the entire subpoena is improper, rather than quash it in its entirety, limiting the time and scope, although not making the production any more relevant, is a workable solution.

**Order**

Unified must produce by November 16, 2022 external communications and external documents that mention or relate to Textile, Gopal Nandakumar, any related patent or patent application owned by Textile or for which Mr. Nandakumar is a named inventor, or the inter partes review of U.S. Patent No. 8,505,079, limited to the period from July 1, 2016 through July 20, 2018.  "Related" is understood to mean related to the 079 patent by a claim of priority or a chain of priority claims.

**IT IS SO ORDERED.**

**SIGNED** this 9th day of November, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE