**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, FISERV, INC., FISERV SOLUTIONS, LLC, U.S. BANCORP, AND U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIAL SERVICES, <br><br> Defendants. | CIVIL ACTION NO. 6:21-1050-ADA |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INDEPENDENT BANK, FISERV, INC., FISERV SOLUTIONS, LLC, U.S. BANCORP, AND U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIAL SERVICES, <br><br> Defendants. | CIVIL ACTION NO. 6:21-1054-ADA |
| TEXTILE COMPUTER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TEXAS CAPITAL BANK, FISERV, INC., FISERV SOLUTIONS, LLC, U.S. BANCORP, AND U.S. BANK NATIONAL ASSOCIATION D/B/A ELAN FINANCIAL SERVICES, <br><br> Defendants. | CIVIL ACTION NO. 6:21-1057-ADA |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | |
| Plaintiff, | CIVIL ACTION NO. 6:21-1058-ADA |
| v. | |
| VANTAGE BANK TEXAS, FISERV, INC., AND FISERV SOLUTIONS, LLC, | |
| Defendants. | |

**DEFENDANTS FISERV, INC. AND FISERV SOLUTIONS, LLC'S OPPOSED MOTION TO STAY FACT DISCOVERY PENDING RESOLUTION OF FISERV, INC.'S MOTION TO DISMISS FOR IMPROPER VENUE**

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 1 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 5 |
| | a. A temporary stay would not prejudice Textile | 5 |
| | b. Fiserv, Inc. would suffer hardship and inequity if discovery is not stayed | 7 |
| | c. Fiserv Solutions, LLC would suffer hardship and inequity if discovery is not stayed | 8 |
| | d. Granting a stay could conserve judicial resources | 8 |
| V. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*MSAA Holdings, LLC v. Heller, Draper, Patrick, Horn & Manthey, LLC*,
   No. 218CV02336JADGWF, 2019 WL 8129086 (D. Nev. Mar. 26, 2019)...............................5

*In re Ameritech Corp.*,
   188 F.R.D. 280 (N.D. Ill. 1999)..........................................................................................6

*B & D Produce Sales, LLC v. Packman1, Inc.*,
   No. SA-16-CV-99-XR, 2016 WL 4435275 (W.D. Tex. Aug. 19, 2016) ..................................4

*Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*,
   201 F.R.D. 1 (D.D.C. 2005)...................................................................................5, 7, 9

*Clinton v. Jones*,
   520 U.S. 681 (1997)..............................................................................................................3

*Conquest v. Camber Corp.*,
   No. 5:13-CV-1108-DAE, 2014 WL 172500 (W.D. Tex. Jan. 13, 2014)............................4, 10

*Doe v. City of Austin*,
   No. 1:22-CV-00299-RP, 2022 WL 4234954 (W.D. Tex. Sept. 14, 2022) ...............................4

*E-Watch, Inc. v. Lorex Canada, Inc.*,
   No. CIV.A. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013).................................6

*Kennedy v. Novartis Pharms. Corp.*,
   No. CIV.A. 02-2331, 2002 WL 31051601 (E.D. La. Sept. 12, 2002) .....................................6

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
   No. 6-20-CV-00200-ADA, 2021 WL 1298932 (W.D. Tex. Apr. 7, 2021)
   (Albright, J.)..........................................................................................................................9

*KTAQ of Dallas, LLC v. Simons*,
   No. 3:12-CV-4102-L, 2013 WL 5567146 (N.D. Tex. Oct. 8, 2013).......................................6

*Morrill v. Stefani*,
   No. 17-CV-00123-WJM-KMT, 2017 WL 1134767 (D. Colo. Mar. 13, 2017)....................7, 9

*Nankivil v. Lockheed Martin Corp.*,
   216 F.R.D. 689 (M.D. Fla.)....................................................................................................4

*Neodron Ltd. v. Dell Techs. Inc.*,
   No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019)
   (Albright, J.)..........................................................................................................................6

*Petrus v. Bowen*,
    833 F.2d 581 (5th Cir. 1987) ..................................................................................................3

*Pharmacists Mut. Ins. Co. v. Namic Ins. Co., Inc.*,
    No. 118CV00791MSKSKC, 2018 WL 11440885 (D. Colo. Sept. 24, 2018) ...........................5

*Sapp v. Mem. Hermann Healthcare Sys.*,
    406 F. App'x 866 (5th Cir.2010) ..............................................................................................4

*Schoen v. Underwood*,
    No. W-11-CA-00016, 2011 WL 13238322 (W.D. Tex. July 18, 2011) ...................................8

*Sparling v. Doyle*,
    No. EP-13-CV-00323-DCG, 2014 WL 12489985 (W.D. Tex. Mar. 3, 2014) ......................5, 6

*String Cheese Incident, LLC v. Stylus Shows, Inc.*,
    No. 1:02-CV-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) .............................7

*Thakkar v. ProctorU, Inc.*,
    No. 21-2051, 2021 WL 2589019 (C.D. Ill. May 24, 2021) ......................................................4

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*,
    200 F.3d 795 (Fed.Cir.1999) ....................................................................................................4

*Von Drake v. Nat'l Broad. Co., Inc.*,
    No. 3–04–CV–0652–R, 2004 WL 1144142 (N.D. Tex. May 20, 2004) ...............................5, 7

*YETI Coolers, LLC v. Home Depot U.S.A., Inc.*,
    No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ........................................4

**I.     INTRODUCTION**

On October 13, 2022, a year after filing initial complaints in the above-captioned matters, Plaintiff Textile Computer Systems, Inc. ("Textile") filed amended complaints, adding Fiserv, Inc. and Fiserv Solutions, LLC (collectively, "the Fiserv entities"). Fiserv, Inc. has no established place of business in this district, and timely filed a motion to dismiss for improper venue. The Fiserv entities now seek a temporary stay of non-venue-related discovery between themselves and Textile pending this Court's resolution of Fiserv, Inc.'s motion to dismiss. Courts routinely grant temporary stays of discovery pending resolution of dispositive motions because doing so has the potential to save significant time and expense for all involved, and a short stay generally does not unduly prejudice the plaintiff. Such is the case here.

**II.    STATEMENT OF FACTS**

Textile filed complaints against Broadway National Bank D/B/A Broadway Bank ("Broadway"), Independent Bank ("Independent"), Texas Capital Bank ("Texas Capital"), and Vantage Bank Texas ("Vantage Bank") (collectively, "initial defendants") over a year ago. *See* Dkt. 1[1] (filed Oct. 12, 2021) ("initial complaint"). The complaint alleged that the initial defendants infringed five Textile patents through a "card authentication system." Dkt. 1 at ¶¶ 14, 23. Textile went on to litigate with the initial defendants for a full year before serving in each case a First Amended Complaint ("amended complaint") that added Fiserv, Inc. and Fiserv Solutions, LLC, as well as U.S. Bancorp and U.S. Bank National Association D/B/A Elan Financial Services, as parties[2]. Dkt. 81 (filed Oct. 11, 2022)[3]. In its Amended Complaint, Textile alleged that "Fiserv

---

[1] The docket numbers cited in-text refer to the docket numbers in the -1050 case. Where the docket numbers for the other cases are different, they are noted in footnotes.
[2] The U.S. Bank entities were not added to the -1057 case.
[3] Dkt. 74 (-1054); Dkt. 73 (-1057); Dkt. 67 (-1058).

likewise provides services to banks (including, but not limited to, Broadway, Independent Bank, Texas Capital Bank, and Vantage Bank Texas) for the purposes of using the Accused Instrumentality card authentication system." Dkt. 81 at ¶ 44[4].

Textile served its amended complaint on the Fiserv entities on October 13, 2022. A week later, 14 days before the Fiserv entities' deadline for responding to the complaint, Textile purported to serve on the Fiserv entities a "First Set of Interrogatories" and a "First set of RFPs." Ex. A. There are 21 interrogatories and 42 requests for document production, some of which contain many sub-parts.

Textile knew or should have known at the time it filed its initial complaint that the Fiserv entities "provide[] services to banks." Dkt. 1 ¶ 23; Dkt. 81 ¶ 44.[5] For example, it was public knowledge, at least as of January 25, 2013, over eight years before Textile filed its initial complaint, that Broadway was using "an integrated technology suite from Fiserv that consists of solutions for payments, processing services, risk and compliance, business intelligence and customer and channel management," and that included, specifically, "ATM and Credit Processing." *See, e.g.*, Ex. B. It was public knowledge, at least as of April 29, 2013, over eight years before Textile filed its initial complaint, that Texas Capital was using Fiserv services. *See, e.g.*, Ex. C. It was public knowledge, at least as of December 9, 2021, that Vantage's mobile app

---

[4] Dkt. 74 ¶ 44 (-1054); Dkt. 73 ¶ 44 (-1057); Dkt. 67 ¶ 34 (-1058).
[5] Dkt. 1 ¶ 23, Dkt. 74 ¶ 44 (-1054); Dkt. 1 ¶ 23, Dkt. 73 ¶ 44 (-1057); Dkt. 1 ¶ 23, Dkt. 67 ¶ 34 (-1058).

was "powered by Fiserv." *See* Ex. D. Nevertheless, Textile waited a full year after filing suit against the initial defendants to add the Fiserv entities.

Over the course of the year that passed between Textile's filing of its initial complaint and its filing its amended complaint to add the US Bank and Fiserv entities, Textile and the initial defendants completed substantial and critical aspects of the case. *See* Dkt. 38 (case schedule)[6]. Textile served preliminary infringement contentions with respect to its allegations against the initial defendants. *Id.* The initial defendants served their preliminary invalidity contentions. *Id.* The then-named parties went through every step of the Markman process, including briefing and the Markman hearing. *See* Dkts. 44, 48, 49, 51, 52, 69, and 75[7]. Textile and the initial defendants also served initial disclosures and began fact discovery. *See* Dkt. 64 (amended case schedule)[8]. Before the Fiserv entities timely responded to the Amended Complaint, Textile and the initial defendants served final infringement and invalidity contentions with respect to Textile's allegations against the initial defendants. *Id.*[9]

On November 3, 2022, the Fiserv entities timely responded to the Amended Complaint. Fiserv Inc. filed a motion to dismiss for improper venue. Dkt. 93[10]. Fiserv Solutions, LLC filed an answer. Dkt. 94.[11] On November 9, 2022, Textile served venue discovery on the Fiserv entities.

## III. LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Moreover, "[a] trial court has

---

[6] Dkt. 32 (-1058).
[7] Dkts. 43, 48, 49, 51, 52, 53, 68, and 71 (-1054); Dkts. 43, 47, 48, 50, 51, 52, 67, and 70 (-1057); Dkts. 37, 41, 42, 44, 45, 46, 61, 64 (-1058).
[8] Dkt. 63 (-1054); Dkt. 62 (-1057); Dkt. 56 (-1058).
[9] All statements in the preceding paragraph are based on the Court's docket.
[10] Dkt. 87 (-1054); Dkt. 85 (-1057); Dkt. 79 (-1058).
[11] Dkt. 88 (-1054); Dkt. 86 (-1057); Dkt. 79 (-1058).

broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). It is proper for a court to stay discovery while deciding threshold issues that may be dispositive. *See id.* ("We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action."); *Sapp v. Mem. Hermann Healthcare Sys.*, 406 F. App'x 866, 871 (5th Cir.2010) (affirming district court's stay of discovery pending a dispositive motion); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed.Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Doe v. City of Austin*, No. 1:22-CV-00299-RP, 2022 WL 4234954, at *6 (W.D. Tex. Sept. 14, 2022) ("[I]t is proper to stay discovery pending resolution of threshold immunity and subject matter jurisdiction issues."); *Thakkar v. ProctorU, Inc.*, No. 21-2051, 2021 WL 2589019, at *1 (C.D. Ill. May 24, 2021) (granting Defendant's request for a stay pending resolution of motion to dismiss for lack of personal jurisdiction because the motion to dismiss "may be dispositive as it claims lack of personal jurisdiction"); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) ("[C]ourts have held good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of the entire action.") (citation omitted).

"To determine whether a stay is appropriate a district court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Conquest v. Camber Corp.*, No. 5:13-CV-1108-DAE, 2014 WL 172500, at *1 (W.D. Tex. Jan. 13, 2014) (citation omitted). In this district, courts apply a three-factor test to determine whether a stay is proper: "(1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3)

4

the judicial resources saved by avoiding duplicative litigation." *See B & D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016); *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018) (very similar); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *2 (W.D. Tex. Mar. 3, 2014) (very similar).

Courts have stayed discovery pending resolution of a motion to dismiss because "the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3–04–CV–0652–R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir.1990)).  "A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (ordering stay of discovery pending dispositive motions).

In particular, courts have stayed discovery pending motions to dismiss for improper jurisdiction or venue. *Pharmacists Mut. Ins. Co. v. Namic Ins. Co., Inc.*, No. 118CV00791MSKSKC, 2018 WL 11440885, at *3 (D. Colo. Sept. 24, 2018) (granting stay of discovery until the resolution of Defendant's motion to dismiss for lack of personal jurisdiction and venue). "Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues." *MSAA Holdings, LLC v. Heller, Draper, Patrick, Horn & Manthey, LLC*, No. 218CV02336JADGWF, 2019 WL 8129086, at *1 (D. Nev. Mar. 26, 2019) (granting stay).

**IV.   ARGUMENT**

    **a.   A temporary stay would not prejudice Textile**

5

A temporary stay of fact discovery for the Fiserv entities pending resolution of Fiserv, Inc.'s motion to dismiss for improper venue would not prejudice Textile.  A temporary stay of a short period of time is generally not prejudicial.  *See Sparling*, 2014 WL 12489985 at *3 (finding a "minimal likelihood of prejudice" in granting a stay based on the possibility of a two month delay).  *See also E-Watch, Inc. v. Lorex Canada, Inc.*, No. CIV.A. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) ("[T]he mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay.")

A stay in this case would be brief.  Fiserv, Inc.'s motion to dismiss could have been ripe for adjudication within a few weeks.  Based on this Court's venue discovery limits and local rules and the fact that Textile has already served venue-related written discovery and noticed venue-related depositions, any stay will be brief.  Such a short stay creates a minimal likelihood of prejudice.  *See Sparling*, 2014 WL 12489985 at *3; *Kennedy v. Novartis Pharms. Corp.*, No. CIV.A. 02-2331, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) (finding minimal prejudice from a 3-4 week delay).  *Cf Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *2 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (denying motion to stay where "the case would likely be stayed for a period of more than two years, which is one-tenth of a patent's term").

Moreover, Textile cannot be prejudiced because there would have been no need for a stay of fact discovery had Textile not waited until fact discovery against the initial defendants was underway before filing suit against the Fiserv entities.  Textile "does not argue that discovery led to previously unknown facts which altered the shape of the case." *In re Ameritech Corp.*, 188 F.R.D. 280, 286 (N.D. Ill. 1999).  At the time Textile filed its initial complaint, it knew or should have known that the Fiserv entities "provided services to" banks such as the initial defendants.  There is no good reason for Textile to have waited a full year to add the Fiserv entities to the case.

6

*KTAQ of Dallas, LLC v. Simons*, No. 3:12-CV-4102-L, 2013 WL 5567146, at *6 (N.D. Tex. Oct. 8, 2013) (finding party engaged in gamesmanship where it waited nine months after obtaining information to act on it). Textile should not be permitted to profit from this gamesmanship by claiming that a delay at this point would prejudice it.

      **b.**      **Fiserv, Inc. would suffer hardship and inequity if discovery is not stayed**

Fiserv, Inc. would suffer hardship and inequity if it were forced to engage substantively with this case, and then were dismissed from the case due to improper venue. A case should be stayed pending resolution of a dispositive motion because "the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense.'" *Von Drake*, 2004 WL 1144142, at *1 (granting a motion to stay discovery where plaintiff served defendant with interrogatories and requests for production along with the complaint) (quoting *Landry*, 901 F.2d at 436). *See also Morrill v. Stefani*, No. 17-CV-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (granting motion to stay pending ruling on motion to dismiss for lack of personal jurisdiction and improper venue in part to prevent "burden or expense" on defendant); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted"); *Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned.").

While the time and expense of responding to interrogatories and requests for production is enough to satisfy the hardship and inequity burden, *see Von Drake*, 2004 WL 1144142, at *1, Fiserv, Inc. faces more than that. Setting aside the months of potentially unnecessary discovery, this is a patent infringement lawsuit, which means it is by nature complex. In order to proceed

7

substantively in the case, Fiserv, Inc. will need to develop its defenses to five lengthy patents for which it has not even received preliminary infringement contentions from Textile. The five patents have two different specifications, and three of them are over 150 pages long.[12] Proceeding substantively in a patent case such as this one is a heavy burden, the time and expense of which Fiserv, Inc. should not be forced to undertake when it has no established place of business in this district.

### c. Fiserv Solutions, LLC would suffer hardship and inequity if discovery is not stayed

While Fiserv Solutions, LLC is not a party to Fiserv, Inc.'s motion to dismiss for improper venue, any stay this Court issues should also apply to it. If the Court stays discovery as to Fiserv, Inc. only, and then denies Fiserv, Inc.'s motion to dismiss, the case will need to proceed on different schedules for Fiserv, Inc. and Fiserv Solutions, LLC. This would be difficult, confusing, and inefficient for all involved—as evidenced by the confusion resulting from Textile's late addition of the US Bank and Fiserv entities to the case and the resultant different schedules for the various parties. The Fiserv entities therefore request that if the Court grants the motion to stay as to Fiserv, Inc., it grant the motion to stay as to Fiserv Solutions, LLC as well.

### d. Granting a stay could conserve judicial resources

A stay of discovery for the Fiserv defendants would conserve judicial resources. Where there is a "not unfounded" pending motion to dismiss, "postponement of discovery is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources." *Schoen v. Underwood*, No. W-11-CA-00016, 2011 WL 13238322, at *1 (W.D. Tex. July 18, 2011) (citation omitted) (granting a temporary stay of discovery). *See also Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive

---

[12] U.S. Patent Nos. 10,560,454; 10,148,659; and 9,584,499.

8

motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources."); *Morrill*, 2017 WL 1134767, at *2 ("[T]he court finds its own convenience also favors a stay; any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction.").

While this Court has no doubt "expended considerable time and effort" on this case as it relates to Textile and the initial defendants, it presumably has not yet expended much time or effort as it relates to the Fiserv entities, who were only added four weeks ago. *Cf Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6-20-CV-00200-ADA, 2021 WL 1298932, at *3 (W.D. Tex. Apr. 7, 2021) (Albright, J.) (denying motion to stay where "this Court has expended considerable time and effort to get this case resolved"). If discovery were allowed to proceed while Fiserv, Inc.'s motion is pending, the parties could end up taxing limited Court resources with disputes about Textile's discovery and other related issues that may end up being mooted by the Court's ruling on the motion to dismiss.

## V.  CONCLUSION

A temporary stay of non-venue-related discovery for the Fiserv entities pending this Court's resolution of Fiserv, Inc.'s motion to dismiss would be fair for the Fiserv entities, efficient for the Court, and not unduly prejudicial for Textile. Courts in this district have found a temporary stay to be appropriate "[w]hen balancing the meager harm produced by such a temporary stay at the outset of this case against the possibility that Defendant's Motion to Dismiss will be granted and entirely eliminate the need for… discovery." *Conquest*, 2014 WL 172500, at *1. The Fiserv entities respectfully request that the Court reach the same result here.

9

Dated: November 11, 2022                Respectfully submitted,

/s/    *J. Stephen Ravel*_____
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6401
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

Greg H. Lantier (*pro hac vice forthcoming*)
Gregory Israelsen (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING
 HALE AND DOOR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Gregory.Lantier@wilmerhale.com
Greg.Israelsen@wilmerhale.com

Sarah B. Petty (*pro hac vice forthcoming*)
Amy L. Mahan (*pro hac vice forthcoming*)
Jeannette P. Leopold (*pro hac vice forthcoming*)
Jennifer L. Graber (*pro hac vice forthcoming*)
WILMER CUTLER PICKERING
HALE AND DOOR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Sarah.Petty@wilmerhale.com
Amy.Mahan@wilmerhale.com
Jeannette.Leopold@wilmerhale.com
Jennifer.Graber@wilmerhale.com

*Attorneys for Defendants Fiserv, Inc. and Fiserv Solutions, LLC*

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Plaintiff, and Plaintiff is opposed to the relief requested herein.

/s/ J. Stephen Ravel
J. Stephen Ravel

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on November 11, 2022.

/s/ J. Stephen Ravel
J. Stephen Ravel
